IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SBI CRYPTO CO., LTD., | § | |
|     PLAINTIFF(S) | § | |
| v. | § | CIVIL ACTION NO. 6:23-CV-252-ADA-JCM |
| WHINSTONE US, INC., | § | |
|     DEFENDANT(S) | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **Plaintiff**: Plaintiff, SBI Crypto Co. Ltd. ("SBI"), has alleged the following causes of action: (1) Breach of Contract; (2) Fraud/Fraudulent Inducement; and (3) Fraud by Nondisclosure and Concealment.

   **Defendant**: As of this time, Whinstone has not asserted any counterclaims or defenses in this case, including because it has a pending motion to dismiss. If that motion to dismiss is denied, in whole or in part, Whinstone will assert applicable defenses and counterclaims when answering SBI's Amended Complaint.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

   a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   Yes.

   b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether

1

diversity exists?

Not applicable.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

The parties are not aware of any unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

- Whinstone and SBI entered into the Agreement on or around October 24, 2019.

- The parties also anticipate that, after discovery, they will be in a position to stipulate as to dates of meetings between the parties, dates when equipment was delivered, dates and the amount of payments made, as well as to photos and other documentary evidence regarding conditions of equipment at times of mutual inspection.

- Once the motion to dismiss the Amended Complaint is resolved, the parties anticipate further discussion regarding potential stipulations on the certain elements of the remaining causes of action (if necessary).

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

    **Plaintiff**: Not at this time.

    **Defendant**: Whinstone's motion to dismiss the Amended Complaint addresses some of these issues. If not resolved by motion to dismiss, Whinstone anticipates filing summary judgment on issues ripe for resolution as a matter of law. Among these, Whinstone contends that the economic loss rule bars SBI's fraud and fraud by nondisclosure claim, that the Agreement's entire agreement clause bars SBI's fraudulent inducement claim, and that SBI's failure to adhere to certain conditions precedent regarding notice may bar contract claims. In addition, Whinstone contends that certain SBI claims are barred or limited by enforceable contractual damages limitations.

6. Are there any issues about preservation of discoverable information?

    The parties discussed the types of information that SBI seeks to have Whinstone produce in discovery. Whinstone is currently investigating to see what (if any) of the requested information exists within its custody, possession, and control.

7. Are there any issues about disclosure or discovery of electronically stored information?

    In what forms should electronically-stored information be produced and will production

include metadata?

The parties anticipate submitting an agreed proposed e-discovery order to the Court for approval that would govern these issues. The parties anticipate submitting such an order prior to initial disclosures.

8. What are the subjects on which discovery may be needed?

    **Plaintiff**: SBI expects that the following information are among the topics for which discovery might be needed:

    - Historical data recording the performance and usages of SBI equipment at Whinstone's Rockdale facility;

    - Data and information related to environmental conditions at Whinstone's Rockdale facility, including but not limited to data related temperature, water usage, and dust levels.

    - Data and information related to energy usage at Whinstone's Rockdale facility;

    - Internal communications between Whinstone personnel;

    - Communications between the parties;

    - Communications between Whinstone and certain third parties, including but not limited to governmental and regulatory entities, customers, and third-party vendors;

    - Bitcoin mining industry standards;

    - Financials related to Whinstone's Rockdale facility, including but limited to financial related to construction, build-out, and operation of the facility;

    - Marketing documents related to Whinstone's Rockdale facility;

    - Maintenance and repair records related to Whinstone's Rockdale facility;

    - Contemporaneous blueprints, maps, and rack configurations related to Whinstone's Rockdale facility.

    **Defendant**: Among the topics that Whinstone would expect to seek recovery regarding:

    - The negotiation, execution, performance, and termination of the Agreement;

    - SBI's Bitcoin mining activities;

    - The physical condition of SBI's mining equipment;

    - SBI's purchase, utilization, maintenance, and attempts to resell its mining equipment;

- SBI's Bitcoin mining profits;

- Bitcoin mining industry standards;

- SBI's communications with third parties regarding Whinstone, the Rockdale facility, its Bitcoin mining equipment and power usage, and Bitcoin mining efforts; and

- SBI's communications with Whinstone regarding the Agreement, notice of any alleged breaches thereof, SBI's mining equipment and power usage, and Bitcoin mining efforts.

The parties retain the right, within the Federal Rules of Civil Procedure, to conduct discovery beyond the categories listed above.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

The parties have agreed to exchange Initial Disclosures on August 21, 2023. The parties do not anticipate any need to modify the timing, form or requirement with regard to initial disclosures required by the local rules and Federal Rules of Civil Procedure.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

Discovery has not yet commenced, but the parties agree that discovery under the Federal Rules of Civil Procedure and local rules can commence once the initial disclosures are exchanged. All phases of discovery need to be completed. The parties believe that all discovery should be conducted collectively, and that it should not be conducted in phases.

11. What, if any, discovery disputes exist?

None known at this time. The parties agree to negotiate in good faith to establish the time and location of depositions, including with regard to party and non-party depositions that may be required of international residents.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

The parties will jointly work to include such language in a confidentiality and protective order that they intend to submit for approval to the Court.

13. Have the parties discussed early mediation?

The parties are open to mediation at some point in the future. However, they do not

believe it to be beneficial to conduct mediation at this stage of the proceeding.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

    The parties anticipate submitting a proposed agreed confidentiality and protective order to the Court for approval.

*/s/Joshua M. Sandler*  7/24/23
Counsel for Plaintiff(s)  Date


*/s/ Robert T. Slovak*  7/24/23
Counsel for Defendant(s)  Date