IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SBI CRYPTO CO., LTD.,

        Plaintiff,

v.

WHINSTONE US, INC.,

        Defendant.

Civil Action No. 6:23-cv-252

## DEFENDANT WHINSTONE US, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF SBI CRYPTO CO., LTD'S AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Whinstone files this reply in support of its motion to dismiss ("Motion to Dismiss") (ECF No. 12) SBI's Amended Complaint (ECF No. 11) in its entirety with prejudice.

## I.  SUMMARY OF ARGUMENT

SBI[1] continues to ask this Court to do what it cannot:  transform an ordinary breach of contract claim into one of fraud.  SBI's argument is inconsistent and contradictory. SBI admits, on the one hand, that its "fraudulent inducement claim plainly relies on representations 'expressly set out in the agreement.'" Resp. Mot. Dismiss (Apr. 4, 2023) at 6 (ECF No. 14).  Of course, this admission clearly bars the claim under the economic loss rule.  However, SBI later claims, on the other hand, that fraud and fraud by nondisclosure claims are extra-contractual, *see id.* at 12, which would require this Court to ignore that SBI expressly disclaimed reliance on the same:

> "[SBI] has not relied on any statement, representation, warranty, understanding, undertaking, promise or assurance (whether negligently or innocently made) of any

---

[1] Capitalized words not otherwise defined herein have the same meaning as the term in the Motion to Dismiss.

person (whether party to this Agreement or not) other than as expressly set out in the Agreement. Each party irrevocably and unconditionally waives all claims, rights and remedies which but for this clause it might otherwise have had in relation to any of the foregoing."

Mot. Dismiss (Jun 15, 2023) Ex. 1 § 17.3 (ECF No. 10). These admissions and inherent contradictions mandate dismissal.

And, nowhere in the Amended Complaint does SBI factually allege that Whinstone did not intend to perform the Agreement—let alone satisfy Rule 9(b) regarding fraud. *See generally* Am. Compl. (Jul. 7, 2023). ***Instead, SBI's fraudulent inducement claim concerns the*** <u>***extent***</u> ***of Whinstone's contractual performance under the Agreement.*** *Id*. In fact, SBI's purported damages is that it lost profits <u>*under*</u> the Agreement due to Whinstone's performance. *Id.* ¶ 74. This is a textbook breach of contract claim that precludes pursuit of each fraud claim.

While SBI could (and did) bring a breach of contract claim, it refused to cure the deficiencies raised in Whinstone's first motion to dismiss (ECF No. 9). The reason is simple: SBI cannot factually allege in good faith that it performed the Agreement and that its breach of contract claim is not barred. Mot. Dismiss (Jun. 15, 2023) at Part IV.A.1-2; Mot. Dismiss (Jul. 21, 2023) at Part IV.A.1-2. Indeed, SBI judicially admits the Notices were untimely and seeks to recover damages that violate the Agreement's limitations of liability provisions. *Id.* Proceeding with the breach of contract claim is a waste of judicial economy and resources as SBI—when given the opportunity to cure—could not even factually allege a breach of contract occurring under the Agreement. The case should be dismissed with prejudice in its entirety.

## II. ARGUMENTS & AUTHORITIES

### 1. SBI asks this Court to throw out the economic loss rule and rewrite Texas Supreme Court precedent.

The Texas Supreme Court has repeatedly made clear that fraud claims based on a breach of contract avoid the economic loss rule only in circumstances where one party ***enters a contract***

***with no intent of performing***:

> "This Court has also repeatedly recognized that a fraud claim can be based on a ***promise made with no intention of performing,*** irrespective of whether the promise is later subsumed within a contract. For example, in *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992), we noted: '***As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort.*** However, ***when one party enters into a contract with no intention of performing***, that misrepresentation may give rise to an action in fraud.'"

*Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998) (emphasis added). Nowhere in the Amended Complaint does SBI ***factually allege*** that Whinstone made a promise with ***no intention of performing the Agreement***. *See generally* Am. Compl. (Jul. 7, 2023). Nor could it as SBI judicially admits Whinstone performed the Agreement through termination (including by providing power, facilities, and the ability to mine cryptocurrency).[2] *Id.* Further, the economic loss rule bars fraud claims brought after contract formation. *W. Loop Hosp., LLC v. Houston Galleria Lodging Associates, LLC*, 649 S.W.3d 461, 488 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (citing Texas case law and holding economic loss rule precluded claims for fraud based on alleged misrepresentations occurring after contract formation), *reh'g denied* (May 19, 2022). At its core, SBI simply complains that, had it known in advance that Whinstone would not perform the Agreement up to SBI's alleged expectations, then it never would have entered into the Agreement. *Id.* That is not fraud:

> "In their fraud claims, the sellers alleged that the developers promised that they would perform their obligations, 'do the Galleria deal on the terms agreed to,' and close if they obtained additional time. These are representations that the developers would perform their contractual obligations under the Purchase Agreement. ***These***

---

[2] SBI omits that Whinstone only represented and warranted it had secured "for commercial access up to one (1) gigawatt of aggregated electricity that can be delivered to the [Facility], ***of which a portion of that may be incrementally offered to the Customer***." Mot. Dismiss (Jun 15, 2023) Ex. 1 § 8.13 (emphasis added). There is no misrepresentation as SBI admits Whinstone provided power to SBI to mine Bitcoin.

*representations thus arise under the Purchase Agreement itself and are not independent of that contract*.  The trial court properly dismissed the fraud claims."

*W. Loop Hosp.*, 649 S.W.3d at 488 (emphasis added).

SBI's argument that Whinstone has not conclusively established that the economic loss rule applies is unsupportable.  Resp. Mot. Dismiss (Apr. 4, 2023) at 9-10.  The economic loss rule may only be avoided if SBI alleges damage to property not covered by the subject matter of the Agreement.  *Gehan Homes, Ltd. v. NIBCO Inc.*, No. 5:19-CV-1478-JKP, 2020 WL 5110707, at *7 (W.D. Tex. Aug. 31, 2020).  SBI makes no such allegations here.  *See generally* Am. Compl. (Jul. 7, 2023).  Instead, SBI seeks to recover the *same* damages for both fraud and breach of contract—*i.e.*, its purported lost profits that it would have been recovered under the Agreement for Bitcoin mining and equipment resale.  *Id*. ¶¶ 59-60.  Whinstone has met its burden.

## 2.  SBI asks this Court to ignore SBI's express agreement and rewrite the Agreement.

In response ("Response") to the Motion to Dismiss, SBI admits that integration clauses are enforced in Texas.  Resp. Mot. Dismiss (Apr. 4, 2023) at 4-5 (ECF No. 14).  SBI instead argues that the integration clause does not represent a clear and unequivocal intent to disclaim reliance or waive claims for fraudulent inducement.  *Id.* at 5-6.  However, SBI has failed to even allege factual allegations supporting this theory.  Namely, SBI has not alleged or argued the integration clause— which expressly disclaims reliance—is unenforceable because the clause was boilerplate, counsel did not represent the parties, the parties were unsophisticated, and the transaction was not arms-length.  *Int'l Bus. Machines Corp. v. Lufkin Indus.*, LLC, 573 S.W.3d 224, 229 (Tex. 2019) (identifying factors to be considered when relieving an unsophisticated party enforcing an integration clause).  As a sophisticated entity, SBI cannot credibly claim the integration clause is unenforceable.  *Id*. (holding similar integration clause similar was enforceable); *see also Carnegie Techs., LLC v. Triller, Inc.*, No. SA-20-CV-00271-FB, 2021 WL 1822954, at *4 (W.D. Tex. Mar.

31, 2021) (examining contract to determine that fraudulent inducement claim had no merit based on the parties' clear intent as expressed by the contract's integration clause).

SBI next argues that the integration clause's inclusion of "other than expressly set out in the Agreement" and the Agreement's express inclusion of liability for fraud or fraudulent misrepresentation permit the fraudulent inducement claim to be brought. Resp. Mot. Dismiss (Apr. 4, 2023) at 5-6. The argument is specious. First, the "other than expressly set out in the Agreement" language is simply ***superfluous*** language that highlights that the Agreement's contractual provisions represent the parties' agreement—*i.e.*, the parties are not relying on any prior ***extra-contractual*** representations. Second, it is true that fraud and fraudulent inducement claims may still be brought in limited circumstances under Texas law, notwithstanding the inclusion of an integration clause, if there are factual allegations that a party had no intention of performing the contract. But, as detailed above, no such circumstances exist here. The Agreement is congruent with Texas law, and the integration clause bars the fraudulent inducement claim. *W. Loop*, 649 S.W.3d at 489 (affirming trial court's holding that integration clause barred fraudulent inducement claim.).

### 3. SBI asks this Court to ignore Rule 9(b).

SBI had the chance to include factual allegations showing the "who, what, when, and where" of the fraud, but it chose not to do so. Indeed, in the Response, SBI only identifies a single statement of an ***opinion*** (*i.e.*, not a statement of material fact) regarding the performance of SBI's mining equipment that occurred well after the Agreement was executed.[3] Resp. Mot. Dismiss

---

[3] Moreover, the statement is not actionable because SBI had an equal opportunity to discover for itself the condition of the Facility. *WC 1899 McKinney Ave., LLC v. STK Dallas, LLC*, 380 F. Supp. 3d 595, 607 (W.D. Tex. 2019). While Whinstone disputes SBI's allegations, SBI did not choose to visit the site until June 10, 2021. Am. Compl. (Jul. 7, 2023) ¶ 41. SBI tries to blame COVID for its failure to do so, but SBI makes no allegations that COVID prevented SBI from

(Aug. 4, 2023) at 13-14.  No purported extra-contractual statements of material fact are identified. *Id.* All fraud claims must be dismissed under Fifth Circuit law due to SBI's failure to specifically plead factual allegations in support of the same. *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). Rather, to proceed to discovery, plaintiffs 'must set forth *specific facts* supporting an inference of fraud.'") (internal citations omitted) (emphasis in original).

### 4.    SBI cannot escape its own failure to cure its breach of contract claim deficiencies.

SBI admits that when satisfaction of a condition precedent is a required element of a claim it must be supported by specific factual allegations.  Resp. Mot. Dismiss (Aug. 4, 2023) at 14.  But SBI then claims the Agreement's notice provision is somehow not a condition precedent.  *Id*. at 14-15.  SBI is mistaken.  It is clear that *stating* a claim for breach of contract requires the following essential elements to be pleaded:  SBI's *performance* of the Agreement, Whinstone's breach of the Agreement, and damages arising from such breach.  *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).  SBI cannot successfully state a claim against Whinstone for breach of the *Agreement* if SBI does not plead that SBI itself *performed* the Agreement.  SBI did not plead it timely provided notice of each of its claims, which is required to prove it performed the Agreement, because it did not provide such notice.  Mot. Dismiss (Jul. 21, 2023) at 8.  Thus, SBI conveniently ignores the condition precedent because the *Agreement* expressly *bars* any claim that is not timely noticed.  Mot. Dismiss (Jun. 15, 2023) Ex. 1 § 8.11.  SBI fails to state an actionable claim for breach of contract.  *Cf., Cole v. C.R. Bard, Inc.*, No. 4:20-CV-01630, 2021 WL 784661, at *5 (S.D. Tex. Feb. 11, 2021) (dismissing breach of warranty claim for failure to

---

hiring an agent to visit the Facility at any time prior (or simply doing anything to check on its mining equipment at the Facility).  *See generally id.*  Again, SBI could have done so, but, in a consistent theme throughout this case, chose not to do so.

allege pre-suit notice was provided), *R. & R. adopted*, No. 4:20-CV-01630, 2021 WL 784136 (S.D. Tex. Feb. 26, 2021).

In its Response, SBI tries to discredit former Northern District of Texas Chief Justice Lynn's grant of a motion to dismiss in *Moon Soo Kim v. Stanley Convergent Sec. Sols., Inc.*, No. 3:12-CV-4445-M, 2013 WL 1715789 (N.D. Tex. Apr. 19, 2013). There, Judge Lynn dismissed the plaintiff's breach of contract claim to the extent it exceeded the at-issue contract's damages cap. *Id*. at *3. The reason she did so is simple: a plaintiff must ***state*** a valid claim for breach of an agreement. *See id*. at *2-3. If SBI had its way, this Court and others would be clogged with frivolous and invalid claims that are barred by a contract's express terms.

SBI had the chance to cure its breach of contract claim, but it chose not to do so. SBI did not cure because it cannot allege in good faith it timely performed the Agreement nor paid more than $30 million in the twelve months immediately preceding each claim. The Court should dismiss the claim with prejudice in its entirety or, alternatively, dismiss with prejudice any breach of contract claim that seeks more than $250,000 in damages.

## III. CONCLUSION

For these reasons, Whinstone requests the Court dismiss the Complaint in its entirety or, alternatively, dismiss with prejudice all fraud claims and any breach of contract claim exceeding more than $250,000. In either case, Whinstone asks the Court to also award Whinstone all such other relief to which it is entitled.

Respectfully Submitted,

FOLEY & LARDNER LLP

By:  /s/ Robert T. Slovak
      Robert T. Slovak
      Texas Bar No. 24013523
      rslovak@foley.com
      Brandon C. Marx
      Texas Bar No. 24098046
      bmarx@foley.com
      2021 McKinney Avenue, Suite 1600
      Dallas, Texas 75201
      Telephone: (214) 999-3000
      Facsimile: (214) 999-4667

      **ATTORNEYS FOR DEFENDANT**
      **WHINSTONE US, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

      /s/ Brandon C. Marx
      Brandon C. Marx