N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,** <br><br> *Plaintiff,* <br><br> v. <br><br> **WHINSTONE US, INC.,** <br><br> *Defendant.* | Civil Action No.: 6:23-cv-252-ADA-JCM |

## AGREED PROTECTIVE ORDER

Came before the Court to be considered the parties Joint Motion to Enter Agreed Protective Order (ECF No. 20). After considering the Motion, the Court finds that it should be **GRANTED.**

WHEREAS, Plaintiff and Defendant, with Plaintiff and Defendant together referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of any sensitive, confidential, or proprietary information;

WHEREAS, for the purposes of this Protective Order, "Producing Party" refers to any Plaintiff, Defendant, or third party, individually, and "Producing Parties" refers to all Parties and third parties, collectively, that produce or disclose to any Party physical or electronic documents, data, oral and written testimony, and responses to discovery;

WHEREAS, for the purposes of this Protective Order, "Receiving Party" refers to any Party that receives physical or electronic documents, data, oral and written testimony, and responses to discovery; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c), and have stipulated to the language of this Agreed

4895-2475-7878.1                                     1

Protective Order;

**IT IS THEREFORE ORDERED THAT:**

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery, deposition testimony and exhibits, and information derived directly therefrom, shall be subject to this Order concerning Confidential Information and Attorney's Eyes Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information that the Producing Party contends contains sensitive, confidential, or proprietary information. Information that is available to the public may not be designated as Confidential Information.

3. **Attorneys' Eyes Only Information**. As used in this order, "Attorneys' Eyes Only Information" means information that a Producing Party contends believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party be of such a sensitive nature or is of such a competitive concern that its disclosure (except as provided in this Protective Order) could be reasonably expected to subject the Producing Party to a risk of significant injury which outweighs the Receiving Party's interest in the information. For example only, documents designated Attorney's Eyes Only may include (but only to the extent the above-described criteria apply) but are not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production,

output, sales, marketing, or distribution practices; (c) research and development information; (d) information that reveals trade secrets; (e) manufacturing know-how or technology; (f) board of directors materials and presentations; (g) customer information including lists; (h) negotiation strategies; (i) proprietary software, systems, or processes; (j) margin, cost, and pricing information; or (k) intellectual property.

4. **Designation.** A party may designate any document as Confidential Information or Attorneys' Eyes Only for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," respectively, on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Attorneys' Eyes Only Information. Applying a confidentiality marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a confidentiality status shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential Information or Attorneys' Eyes Only Information are not required to be marked.

5. **Depositions**.

In the case of depositions, if counsel for any of the Parties, or any third party, believes that testimony of a witness constitutes Attorneys' Eyes Only Information subject to this Protective Order, counsel shall so state on the record, or shall so designate within thirty (30) days of receipt of the transcript, and in such case the reporter shall be instructed to include on the cover page of each seal portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Attorneys' Eyes Only.

6. **Protection of Confidential Material**.

(a) **General Protections.** Confidential and Attorneys' Eyes Only Information shall not be used or disclosed by the parties, their counsel, or any other persons identified in subparagraphs (b) or (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Disclosures: Confidential Information.** The Parties, any third party, and their counsel shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs 6(b)(1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the Parties and any Producing Party responding to discovery herein and employees of counsel who have responsibility for the action, including in-house counsel as well as contract attorneys hired for review purposes;

(2) **Parties.** The Parties, and any Producing Party responding to discovery herein, and employees of a Party or third party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court, any mediators, and their staff and personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the Parties or their counsel to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment

of Understanding and Agreement to Be Bound;

(7) **Witnesses**. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) **Authors or recipients**. The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation);

(9) **Identified Persons.** Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; and

(10) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Disclosures: Attorneys' Eyes Only Information.** Only the following categories of persons may be allowed to review Attorney's Eyes Only Information:

(1) **Counsel.** Only outside counsel for the Parties, employees of such counsel who have responsibility for the action, contractors hired for review purposes, and certain in-house counsel of the Receiving Parties and who have responsibility for the action ("Designated In-House Counsel") may be allowed to review materials designated Attorneys' Eyes Only.

(2) **The Court, any mediators, and their staff and personnel**;

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or

processing documents, including outside vendors hired to process electronically stored documents;

**(5)** **Consultants and Experts**. Consultants, investigators, or experts employed by the Parties or their counsel to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A;

**(6)** **Witnesses**. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Attorneys' Eyes Only Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

**(7)** **Authors or recipients**. The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation);

**(8)** **Identified Persons**. Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Attorneys' Eyes Only Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, ; and

**(9)** **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(d) **Acknowledgment.** Any person identified in subsections 6(b)(6, 10) and 6(c)(5, 9) shall execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A.

(e) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Attorneys' Eyes Only Information.

7. **Inadvertent Failure to Designate**. An inadvertent failure to designate a

document as Confidential or Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely notice of designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for that deposition testimony. If a Producing Party designates a document as Confidential or Attorneys' Eyes Only Information, or changes a designation (e.g., from Confidential to Attorneys' Eyes Only) after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with its new designation and the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Attorneys' Eyes Only, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Attorneys' Eyes Only Information.

8. **Increasing the Designation of a Party's Materials Produced by Another Party or Non-Party**. A Party or any third party responding to discovery may increase the confidentiality designation (i.e., change the designation of any discovery material without any designation to a designation of "Confidential," or change material with a designation of "Confidential" to "Attorneys' Eyes Only") of protected material produced, provided that (a) said material contains the Confidential Information or Attorneys' Eyes Only Information of the Party seeking to increase the confidentiality designation; and (b) the Producing Party was not authorized to receive that information, or received it in a commercial relationship or other circumstances where it had an obligation to protect its confidentiality, including but not limited to obligations imposed by a protective order. Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation. Increasing

a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the material whose designation is to be increased. Promptly after providing such notice, the Party or third party seeking to increase the confidentiality designation shall provide re-labeled copies of the material to each other Party, reflecting the change in designation. All Parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated material. Any Party may object to the increased designation pursuant to the procedures set forth in Paragraph 13 regarding challenging designations.

9. **Unauthorized Disclosure or Use**. If a Party learns that it or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential or Attorneys' Eyes Only Information in any circumstance not authorized under this Order, that Party must within two (2) business days of learning of such disclosure: (a) notify the designating Party of the disclosure and all pertinent facts relating thereto; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the protected materials disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Attachment A to this Order.

10. **Filing of Confidential or Attorneys' Eyes Only Information.** This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential or Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR CV-5.2 or, with the consent of the other Party, file a redacted copy of the information.

11. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on

the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

12. **Third Parties.** The Parties conducting discovery from any third party shall attach this Order to a copy of any subpoena or discovery request. Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

13. **Challenges by a Party to Designation as Confidential or Attorneys' Eyes Only Information.** The designation of any material or document as Confidential or Attorneys' Eyes Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A Party challenging the designation of Confidential or Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential or Attorneys' Eyes

Only Information under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Attorneys' Eyes Only Information.

14. **Action by the Court.** As described in this Protective Order, applications to the Court for an order relating to materials or documents designated Confidential or Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15. **Use of Confidential or Attorneys' Eyes Only Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential or Attorneys' Eyes Only information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Attorneys' Eyes Only Information to categories of persons not identified in Section 6 of this Order. The Court may thereafter make such orders as are necessary to govern the use of such information at trial.

16. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation or Investigation.**

    **(a)** If a receiving Party is served with (1) a subpoena or a court order issued in other litigation, or (2) a formal written request made pursuant to state or federal law or other statutory authority by a state or federal law enforcement or regulatory entity, like a Civil Investigative Demand or its equivalent (a "Government Request"), that would compel disclosure of any material or document designated in this action as Confidential Information or Attorneys' Eyes Only Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the

subpoena, court order, or Government Request. Such notification must include a copy of the subpoena, court order, or Government Request.

**(b)** The receiving party also must immediately inform in writing the Party who caused the subpoena, court order, or Government Request to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the person or entity that caused the subpoena, court order, or Government Request to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information or Attorneys' Eyes Only Information by seeking the assistance of this Court and/or the court from which the subpoena or order issued or as part of any governmental investigation. The designating Party shall bear the burden and its expense of seeking protection from this Court or any other court or government authority for its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court or a Government Request. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information or Attorneys' Eyes Only Information designated by another Party to this case.

**17. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**18. Obligations on Conclusion of Litigation**.

**(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal and upon receipt of written request from the Producing Party, all Confidential Information and Attorneys' Eyes Only Information under this Order, including copies as defined in ¶ 4, shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Attorneys' Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Attorneys' Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential or Attorneys' Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Attorneys' Eyes Only Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

18. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

19. **No Prior Judicial Determination.** This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Attorneys' Eyes Only Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of August 2023.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**WHINSTONE US, INC.,**<br><br>*Defendant.* | Civil Action No.: 6:23-cv-252-ADA-JCM |

## ACKNOWLEDGEMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Texas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Attorneys' Eyes Only Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                            _____

                            _____

Date: _____     _____
                                        Signature