# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,** *Plaintiff,* v. **WHINSTONE US, INC.,** *Defendant.* | Civil Action No.: 6:23-cv-252-ADA-JCM |

## AGREED E-DISCOVERY ORDER

Came before the Court to be considered the parties' Joint Motion to Enter Agreed E-Discovery Order (ECF No. 21). After considering the Motion, the Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. To the extent that third parties may produce documents in this case, the Parties agree to request that such third parties adopt this Agreement.

2. This order may be modified in the court's discretion or by agreement of the Parties. If the Parties cannot agree on any proposed modification, the Parties shall submit their competing proposals and a summary of their dispute to the Court.

3. Absent agreement of the Parties or further order of this court, the following parameters shall apply to ESI production:

    A. **De-duplication**. The Parties shall use commercially acceptable methods (e.g., MD5 or SHA-1 hash values) to identify duplicate ESI and globally de-

duplicate ESI. The metadata provided by the Parties for the produced version of each document shall include the duplicate custodians as described in Appendix 2.

B. **Redactions.** To the extent that a document is produced in redacted form (to account for privilege and sensitive and personal information), any redactions shall be clearly indicated on the face of the document. Where a responsive document contains both redacted and non-redacted content, the producing Party shall produce the remainder of the non-redacted portions of the document. Documents that are to be produced in Native Format, but that require redactions may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the producing party may produce a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark.

C. **Database Load Files.** Documents shall be provided with: (a) a delimited data file (.dat, .csv or .txt) [Unicode]; and (b) an image load file (.lfp, .opt or .dii), as detailed in Appendix 1.

D. **Metadata Fields and Processing.** Each of the metadata and coding fields set forth in Appendix 2 that exist and can be extracted automatically by commercial data processing tools without additional manual steps shall be produced for that document.

E. **General Document Image Format.** Each electronic document shall be produced in single-page Group IV Tagged Image File Format ("TIFF") format with image resolution of at least 300 DPI, and in black and white, and the

parties can request color images if necessary to understand the meaning of a document. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. If an electronic document cannot be produced accurately in the TIFF image format (e.g. excel, audio, movie, or binary files), a TIFF slip sheet will be produced for each document.

F. **Text-Searchable Documents.** Each Parties' production should be text searchable. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party. For each document, a single ASCII text file will be provided along with the image files and metadata. The text file name will be the same as the page Bates/control number of the first page of the document. File names will not have any special characters or embedded spaces. Electronic text will be extracted from the native electronic file to the extent reasonably available unless the document is an image file or contains redactions. In these instances, a text file created using OCR after the redactions have been applied will be produced in lieu of extracted text.

G. **Footer.** Each document image shall contain a footer that has: 1) a

sequentially ascending production number; 2) unique across the entire document production; and 3) a constant length (zero/0-padded) across the entire production. In addition, in either the Footer or somewhere else visible on the face of the document, the producing party shall designate whether such document is designated as "Confidential" or "Attorneys' Eyes Only" under the terms of the Protective Order to be entered by this court.

H.  **Native Files.** Spreadsheets, Access Databases, delimited text files, audio files, and video files shall be produced as native files. Additionally, file types that are unable to be produced in accessible TIFF image format should also be produced as native files. Natively produced documents should include a Bates-numbered TIFF image placeholder stating that the document has been produced in native format. A Party that receives a document not produced in a native format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

I.  **Structured Data.** Structured data ESI shall be produced in a reasonably useable format.

J.  **File Size Limitation/Non-Standard Files**. The format of production of unusually large files or large oversized documents (e.g., blueprints), etc., will be discussed before production to determine a reasonable optimal production format.

K.  **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup

tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    L. **Attachments – Parent-Child Relationships**. Parent-child relationships (the association between an attachment and its parent document) shall be maintained.

4. **Review for Responsiveness and/or Privilege**. The fact that one or more search terms are found in a file, document, or other ESI does not establish relevance, responsiveness, or discoverability. The producing party may, at its election, review ESI for responsiveness, privilege, confidentiality, etc. prior to producing documents to another Party.

5. **Standard for Addressing Privilege.** Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or ESI that is protected from disclosure pursuant to a claim of privilege and/or work product shall not be deemed a waiver or forfeiture of such claim of privilege or work product protection that the producing Party would otherwise be entitled to assert with respect to the inadvertent production and its subject matter in the pending case or in any other federal or state proceeding. Within 5 business days of receiving written notice of any such inadvertent production, the receiving Party shall provide a certification of counsel to the producing Party that all copies of the produced documents have been returned or destroyed. Within fourteen (14) business days of receipt of the notification that the inadvertently produced information has been returned or destroyed, the producing Party must produce a privilege log with respect to the inadvertently produced information. Nothing in this Order shall relieve counsel for any receiving Party of any existing duty or obligation, whether established by case

law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the producing Party to do so. In the event a receiving Party becomes aware that it is in possession of what appears to be privileged documents or materials, then its counsel shall immediately: (i) cease any further review or use of that document or material, and (ii) notify the producing Party of the apparent production of privileged information, and request whether the producing party intends to claim privilege over such documents or materials. In the event the producing Party confirms the documents or material are privileged information, the receiving Party shall: (i) promptly return or destroy all copies of the privileged information in its possession, and (ii) take reasonable steps to retrieve all copies of the privileged information distributed to other counsel or non-parties. In the event that any privilege log is requested to be produced, the Parties are not required to include any privilege and/or work product information generated after the filing of the Complaint in this lawsuit.

6. **Rules Govern**. Except as expressly stated, nothing in this order affects the Parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 22nd day of August 2023**.

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX 1

# PRODUCTION MEDIA AND LOAD FILE FORMATS

**I.**     Production Media

- The producing party shall produce documents on readily accessible, computer or electronic media including CD-ROM, DVD, external hard drive (with standard PC compatible interface), or via secure FTP site. Each piece of production media shall be assigned a unique identifying label corresponding to the date of the production of documents on the production media. The producing party shall accompany all document productions with a transmittal cover letter identifying by Bates Number the documents produced.

**II.**     Image Load Files

- Production image load files shall have all corresponding images logically grouped together
- Production volumes should only include one image load file per production volume
- The name of the image load file shall mirror the name of the delivery volume, and should have an .lfp, .opt or .dii[1] extension (*e.g.*, ABC001.lfp)
- The volume names shall be consecutive (*i.e.*, ABC001, ABC002, *et seq.*)
- The load file shall contain one row per TIFF or JPG image
- Every image in the delivery volume shall be contained in the image load file
- The image key shall be named the same as the Bates number of the page
- Load files shall ***not*** span across media (*e.g.*, CDs, DVDs, hard drives, etc.).

---

[1] If a .dii file is produced, the accompanying metadata load file shall be separate from the .dii file and not contained within the .dii file itself.

In other words, a separate volume shall be created for each piece of media delivered.

III. Metadata Load Files

- The metadata load file shall use the following Concordance Standard delimiters:
    - Column Delimiter: Comma(ASCII 020);
    - Text Qualifier: Quote – (ASCII 254);
    - New line: Registered sign - ® (ASCII 174)

| Description | Symbol | ASCII Character |
|---|---|---|
| FIELD SEPARATOR | | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ; | 59 |
| New line | ® | 174 |

- Data for documents shall be produced in only one data load file throughout the productions, unless that document is clearly noted as being a replacement document
- The first line shall contain the field names in the order of the data set forth in Appendix 2
- Metadata fields that are not applicable to a document shall still be populated in the data load file with Empty Quotes. For example, þ þþ þ
- There will be two separate fields for "mm/dd/yyyy and hh:mm:ss" format
- A carriage-return or New line-feed shall be used to indicate the start of the next record
- Load files shall *not* span across media (*e.g.*, CDs, DVDs, hard drives, etc.); a separate volume shall be created for each piece of media delivered

- The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .dat, .csv or .txt extension (*i.e.*, ABC001.dat)
- The volume names shall be consecutive (*i.e.*, ABC001, ABC002, *et seq.*).

# APPENDIX 2

# ESI METADATA AND CODING FIELDS

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| ProdBeg | Production Bates Number of the first page of the document. | All | Prefix-0000000001 |
| ProdEnd | Production Bates Number for the last page of the document. | All | Prefix-0000000002 |
| ProdBegAttach | First production Bates Number of the first document in the attachment family. | All | Prefix-0000000001 |
| ProdEndAttach | Last production Bates Number of the last document in the attachment family. | All | Prefix-0000000005 |
| **Custodian** | Individual in possession of the document or Mailbox (Lastname, Firstname). | **ALL** | **Smith, Jane** |
| AllCustodians | List of all custodians of a document in **Lastname, Firstname** format that is kept consistent throughout the productions. Similar names should be distinguished by a unique initial or other unique identifier. For instance: Smith, John A. and Smith, John B. | All | Smith, Jane; Smith, John A.; Smith, John B.; Taylor, Michael |

| | | | |
|---|---|---|---|
| DocumentType | Descriptor for the type of document: "**E-document**" for electronic documents not attached to emails; "**Email**" for all emails; "**E-attachment**" for files that were attachments to emails; and "**Paper**" for hard copy physical documents that have been scanned and converted to an electronic image. | All | Email |
| FileName | File name of the E-document, Email, or E- attachment including the native file extension. | Email, E-documents, E-attachments | Text of the subject line.htm |
| DocExt | The file extension of the document is defined as the substring of the file name which follows but does not include the last occurrence of the dot character. | Email, E-documents, E-attachments | Htm |
| NativeFilePath | Relative path to native files in the production. | E-documents, E-attachments | .\natives\001\ Prefix-0000000001 |
| TextFilePath | Relative path to text files in the production. | All | .\text\001\ Prefix-0000000001 |
| EmailSubject | Subject line of an email. | Email | Text of the subject line |
| To | All SMTP addresses of all recipients that were included on the "To" line of the email. Multiple recipients should be delimited by the semicolon character. | Email | |

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| From | The name and email address of the sender of the email. | Email | |
| CC | All recipients that were included on the "CC" line of the email. | Email | |
| BCC | All recipients that were included on the "BCC" line of the email. | Email | |
| DateSent | Date email was sent | Email | mm/dd/yyyy |
| TimeSent | Time email was sent; time zone is eastern time. | Email | 10:50:45 -0400 |
| DateRcvd | Date email was received. | Email | mm/dd/yyyy |
| TimeRcvd | Time email was received; time zone is eastern time | Email | 10:50:45 -0400 |
| ParentDate | Date of parent file. | Native / Email, E-documents, E-attachments | mm/dd/yyyy |
| DateCreated | Date document was created. | Email, E-documents, E-attachments | mm/dd/yyyy |
| TimeCreated | Time the document was created (eastern time zone). | Email, E-documents, E-attachments | 10:50:45 -0400 , 10:08:31 PM |
| Title | Any value populated in the Title field of the document properties. | E-documents, E-attachments | Title |
| Subject | Any value populated in the Subject field of the document properties. | E-documents, E-attachments | Subject |

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| Author | Any value populated in the Author field of the document properties. | E-documents, E-attachments | Author |
| DateLastMod | Date a file was last modified | E-documents, E-attachments | mm/dd/yyyy |
| TimeLastMod | Time a document was last modified (eastern time zone). | E-documents, E-attachments | 10:50:45 -0500 , 10:08:31 PM |
| Importance | Priority. | Email | Flag |
| MD5Hash | Checksum for a file, a 128-bit value. | Email, E-documents, E-attachments | e4d909c290d0fb1ca 068ff addf22cbd0 |
| Redacted | Descriptor for documents that have been redacted. "Yes" for redacted documents; "No" for documents without redactions. | All | Yes |
| AttachmentCount | For parent documents only, the total number of attachments including any attachments that were not processed and the contents of additional attached containers. A value of zero (0) should be returned for any files/documents without attachments. | All | 3 |

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| PgCount | Number of printed pages in the document. | All | 2 |
| Size | Size (in bytes) of the original file. | Email, E-documents, E-attachments | 1408 |