IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SBI CRYPTO CO., LTD., | § § § § | |
| Plaintiff, | | |
| v. | § § § | CASE NO. 6:23-CV-00252-ADA-JCM |
| WHINSTONE US, INC. | § § § | |
| Defendant. | § § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Whinstone US, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) and the attendant response and reply thereto. For the reasons described below, the Court **RECOMMENDS** the Defendant's Motion be **DENIED**.

## I. BACKGROUND

Plaintiff is a cryptocurrency mining company that contracted by mutual agreement with Defendant, who operates a cryptocurrency mining facility and data center, to conduct operations at Defendant's facility in Rockdale, Texas. Pl.'s Am Compl. (ECF No. 11) at 2. Plaintiff's employees reported unsatisfactory conditions in violation of certain contractual environmental warranties and representations after visiting the facility. *Id.* at 11.

1

Plaintiff sued Defendant for breach of contract, fraud/fraudulent inducement, and fraud by nondisclosure and concealment. Pl.'s Am Compl. at 16–17, 19. Plaintiff seeks economic damages for lost profits and damaged equipment, exemplary damages, attorneys' fees, and prejudgment and post-judgment interest. *Id.* at 20–21.

Defendant filed this Motion to Dismiss, arguing that Plaintiff's claim should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. at 3–4. Defendant argues that Plaintiff's failure to provide timely notice of a claim under the parties' agreement, failure to plead sufficient facts surrounding Plaintiff's own performance, and failure to plead sufficient facts of Plaintiff's damages sustained by the breach bars Plaintiff's breach of contract claim. *Id.* at 5, 7. Defendant also argues that Plaintiff's fraud/fraudulent inducement and fraud by nondisclosure and concealment claims are barred by Texas's economic loss rule and the contract's integration clauses. *Id.* at 8.

## II. LEGAL STANDARD

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a plaintiff must plead enough facts to state a plausible claim to relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded facts as true and will view them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based on the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court,

however, need not blindly accept each allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions masquerading as factual conclusions. *Taylor v. Books A Million, In*c., 296 F.3d 376, 378 (5th Cir. 2002); see *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 at 678. The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.* A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

### III.     ANALYSIS

**A. Defendant's Motion to Dismiss Plaintiff's breach of contract claim should be denied.**

**1. Rule 9(c)**

Defendant argues that Plaintiff's breach of contract claim should be dismissed under Rule 9(c) because Plaintiff failed to satisfy the condition precedent requiring a party claiming breach to provide timely written notice within twelve months after learning of the circumstances giving rise to the breach. Def.'s Mot. Dismiss at 5. Defendant alleges that the supposed misrepresentations, omissions, and breaches occurred between June 2020 through April 2021. *Id*. at 5–6. Plaintiff alleges that it gave written notice to Defendant of these incidents on May 27, 2022, and June 3, 2022. Pl.'s Am. Compl. at 14. Thus, because Plaintiff notified Defendant more than one year after the incidents occurred, Defendant argues that Plaintiff's complaint should be barred because it failed to satisfy the required condition precedent. Def.'s Mot. Dismiss at 6.

The Fifth Circuit has not addressed whether it is necessary to allege performance or occurrence of conditions precedent to survive a motion to dismiss. *See Naranjo v. Nick's Mgmt., Inc.*, No. 3:21-CV-2883-B, 2023 WL 416313, at *6 (N.D. Tex. Jan. 25, 2023). Trial courts in the Fifth Circuit have generally declined to require plaintiffs to explicitly plead conditions precedent to survive a motion to dismiss. *See id.* (collecting citations). However, a plaintiff must plead the occurrence of a condition precedent if it is an element of the claim. *Id.* Defendant does not argue that the performance of a condition precedent is an element of a breach of contract claim. Additionally, courts in the Fifth Circuit applying Texas law do not list existence of conditions precedent as an element to a breach of contract claim. *See Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (omitting conditions precedent as an element to a breach of contract claim under Texas law). Accordingly, Plaintiff is not required to plead the performance of conditions precedent to state its breach of contract claim.

2. **Rule 12(b)(6)**

Defendant also contends that Plaintiff's breach of contract claim should be dismissed because Plaintiff has failed to properly allege the requisite elements of its claim. Def.'s Mot. Dismiss at 7. The elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc.*, 490 F.3d at 387. Defendant argues that Plaintiff failed to sufficiently plead both the second and fourth elements. Def.'s Mot. Dismiss at 7.

The Fifth Circuit has held that a plaintiff may sufficiently plead performance by identifying its contractual obligations and detailing how it fulfilled those obligations. *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 615 Fed. Appx. 731, 739 (5th Cir. 2015).

Defendant argues that Plaintiff "fails to plead any facts surrounding its own performance of the Agreement, such as when (if ever) and how much (if any) it paid under the Agreement." Def.'s Mot. Dismiss at 7. This is incorrect. Plaintiff pleads that it delivered 20,000 A10-model mining machines, $3.4 million in power supply units, and prepaid $9,685,000 for power and fees as required by the agreement. Pl.'s Am. Compl. at ¶ 21. Clearly, Plaintiff has adequately alleged that it performed under the contract.

Defendant also argues that Plaintiff "fails to plead the fourth element of breach of contract by failing to account for the clear contractual limitation of liability clause in the Agreement." Def.'s Mot. Dismiss at 7. The parties agreed that other than claims for fraud and fraudulent misrepresentation:

> claims for outstanding payment, the aggregate liability of each party to the other in contract, tort (including negligence), for breach of statutory duty or otherwise arising under or in connection with this Agreement or its subject matter shall be limited to a sum equal to the greater of: (i) the aggregate Charges payable by the Customer to Whinstone in the twelve-month period immediately prior to the date on which the cause of action first arose or, if the Agreement had been in force for less than twelve (12) months at that date, the annualized amount of charges payable by that date; and (ii) United States dollars two hundred fifty thousand only (US$250,000).

*Id.* at 8.

Defendant argues more specifically that a "motion to dismiss breach of contract claims may be granted when the at-issue contract contains a limitation of liability clause." *Id.* at 7, citing *Moon Soo Kim v. Stanley Convergent Sec. Sols., Inc.*, No. 3:12-CV-4445-M, 2013 WL 1715789, at *3 (N.D. Tex. Apr. 19, 2013). This case is distinguishable from that one in one critical way. In *Moon Soo Kim*, the plaintiff only sued under a breach of contract theory. *Id.* at *1. Here, Plaintiff has raised claims not subject to the contract's liquidated damages clause. Pl.'s Am. Compl. at 17, 19. It would, therefore, be inappropriate to grant Defendant's motion to dismiss. Additionally,

Plaintiff may argue at an appropriate time that the clause is unenforceable for some reason. The motion to dismiss stage is simply premature to dismiss part of Plaintiff's claimed damages.

Defendant also argues that Plaintiff "fails to plead how much it paid in the twelve months immediately preceding each of its claims." Def.'s Mot. at 8. Plaintiff alleges that it timely paid all requisite costs and fees as required by the contract, including at least $9,685,000 to complete the final build-out of the Rockdale facility. Pl.'s Am. Compl. at 4, 15. While Plaintiff does not include the exact amount of charges payable to Defendant in the twelve-month period immediately prior to the date the claim accrued, Plaintiff need not plead this exact amount. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff need only plead a plausible claim that it is entitled to damages for a breach of contract which Plaintiff unquestionably did. Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claims should be denied.

**B. Plaintiff pleaded sufficient facts to support its fraud claims.**

Defendant argues that Plaintiff's fraud claims should be dismissed because of a failure to satisfy Rule 9(b)'s heightened pleading requirement. Def. Mot. at 8–9. In Texas, fraud requires (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of the truth; (5) the defendant made the representation with the intent that the plaintiff acted on it; (6) the plaintiff acted on it; and (7) the representation caused the plaintiff injury. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) citing *Shandong Yinguang Chem. Indus. Joint Stock Co., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010). "To satisfy Rule 9(b), a plaintiff must (1) provide the specific statements it contends to be fraudulent, (2) identify the speaker, (3) disclose

when and where the statements were made, and (4) explain why the statements were fraudulent."
*Id.* citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Despite these heightened standards, Plaintiff alleges sufficient facts to raise a reasonable expectation that discovery will reveal evidence to support those allegations. *Twombly*, 550 U.S. at 556. First, Plaintiff alleges that the parties originally entered into an agreement in July 2019 for Defendant to host cryptocurrency miners in Pyote, Texas. Pl.'s Am. Compl. at 3. This agreement fell through, in part, because of the Defendant's failure to secure sufficient electrical power for the proposed Pyote facility. *Id.* at 3, 4. Defendant also represented that it had "secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility. *Id.* at 4. Because of the prior failure to secure sufficient electricity for the Pyote facility, this specific representation was added to the Agreement for the Rockdale facility and was allegedly affirmed by Defendant as fact both in writing and orally. *Id.*

Similarly, Defendant falsely represented "that building or other permits, city inspection, or certification is not required with regard to providing services under the agreement" which Plaintiff further alleges induced it to enter into the subsequent host-servicing agreement (the Agreement) for the Rockdale facility. *Id.* at 3–4, 17. Plaintiff also alleged that Defendant knew these representations were false at the time they were made on October 24, 2019—the execution date of the Agreement. *Id.* Because Plaintiff alleged that Defendant knew these statements were false when the Agreement was executed, Plaintiff has adequately pled a claim.

**C. Plaintiff's fraud claims are not barred by the Agreement's merger clause.**

Defendant argues that all of Plaintiff's fraud claims should be dismissed because those claims are barred by the Agreement's merger clause. Def. Mot. Dismiss at 11. Defendant

contends that Plaintiff, in agreeing to this merger clause, expressly disclaimed any reliance on misrepresentations outside the Agreement itself. *Id*.

The Agreement's merger clause expressly states the contract represents the "entire understanding" between the parties and that all "prior agreements and understandings" were terminated. Pl.'s Resp. to Mot. Dismiss at 5. The provision also includes an acknowledgment that each party, in entering the Agreement, has not relied on any other statement or assurance "other than expressly set out in the Agreement." *Id*.

In Texas, a merger clause must be accompanied by a clause that clearly and unequivocally expresses a party's intent to disclaim reliance on the specific misrepresentations at issue to preclude fraudulent inducement claims. *Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 229 (Tex. 2019) citing *Italian Cowboy Partners, Ltd v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 327–334 (Tex. 2011). In *Lufkin,* the Texas Supreme Court held a merger clause that disclaims reliance on outside representations to be a sufficient bar to liability against fraud claims when the issue at hand is either specifically listed as a representation that is purposefully not specified in the written agreement or can be reasonably construed to not be included by similar examples in the contract itself. *Lufkin Indus., LLC*, 573 S.W.3d at 231.

The Court does not find that the merger clause or reliance disclaimer in the Agreement contains specific language adequate to meet this high standard. In fact, it appears to be the opposite, as Plaintiff has alleged that Defendant fraudulently concealed or failed to disclose material conditions that were either explicitly detailed as being included under the scope of the Agreement or flowed naturally from those explicit provisions before, during, and after the ratification of the contract. Pl's Am. Compl. at 18–19. From this Court's understanding, the Agreement contained no specific language purposefully disclaiming reliance on any of the

8

subjects at issue. Thus, Plaintiff's fraud claims are not barred because of the Agreement's merger clause.

### D. Plaintiff's fraud claims are not barred by the economic loss rule.

Finally, Defendant argues that Plaintiff's fraud claims should be dismissed because they represent "contract claims in disguise," violating the economic loss rule. Def. Mot. at 9. The economic loss rule applies in a breach of contract when a non-breaching party suffers only economic losses subject to the contract itself which are "unaccompanied by injury to the plaintiff or his property." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 420 (Tex. 2011). To avoid the economic loss rule, a party must plead (1) a source of duty arising independently from the Agreement, and (2) harm other than economic loss of a contractual benefit. *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

However, Texas law maintains an exception to the economic loss rule when a party can provide sufficient evidence of fraud. *Sharyland Water Supply Corp.*, 354 S.W.3d at 420. Texas has long recognized a legal duty to refrain from fraudulently inducing a party to enter a contract. *Id*. Subsequent courts in Texas have since extended that duty to avoiding fraud of all kinds, including fraudulent omission. *Experian Info. Solutions, Inc. v. Lexington Allen L.P.*, 4:10-CV-144, 2011 WL 1627115, at *12 (E.D. Tex. Apr. 7, 2011). The Supreme Court of Texas held that if a party can provide sufficient evidence of fraud, then that party is not required to claim damages outside of the economic loss of a contractual benefit. *Sharyland Water Supply Corp.*, 354 S.W.3d at 420. Simply put, a defendant cannot affirmatively plead the economic loss rule when a plaintiff can provide a plausible basis for claims of fraud. *Id*.

Here, Plaintiff has pled facts to support several viable claims of fraud. Pl.'s Am. Compl. at 17–20. For instance, Plaintiff contends that Defendant represented both orally and in the Agreement that it had "secured for commercial access up to one (1) gigawatt of aggregated electricity" for the Rockdale facility. Pl.'s Am. Compl. at 4. Plaintiff argues, however, that Defendant was aware this claim was not true when the Agreement was executed. *Id.* Similarly, Plaintiff alleges that Defendant represented that the Rockdale facility did not require any permits, city inspections, or certifications, which Defendant knew was false at the time of ratification. *Id.* at 3. As detailed above, Plaintiff has pleaded adequate facts supporting its fraud claims to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

## IV. CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) be **DENIED**.

## V. OBJECTIONS

The parties may wish to object to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 25th day of October 2023.**

**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**