# EXHIBIT 1

# Durham, Tanya C.

| | |
|---|---|
| **From:** | Marx, Brandon C |
| **Sent:** | Tuesday, May 28, 2024 4:54 PM |
| **To:** | Johnson, Cory |
| **Cc:** | Slovak, Rob; Sandler, Joshua; Hines, Matt; Robertson, Julie |
| **Subject:** | RE: SBI |
| **Attachments:** | RE: SBI |

Cory,

I'm disappointed by your response below. SBI clearly has not complied with its discovery obligations. For example, Whinstone asked for documentation supporting SBI's claimed damages—which SBI has repeatedly asserted a specific amount of lost profits. Either those calculations and supporting documentation exists (including financial statements)—or SBI has not made those allegations in good faith. Nor will SBI be forthcoming about to whom alleged misrepresentations were made. Unfortunately, it looks like we will need to take several of these issues up with the Court. Also, we are still waiting to hear back from you on the attached.  Please advise immediately so that we can plan accordingly.

As for your requests, I will take a look to see what other documents we need to collect, but your below bullets are not helpful in identifying what exactly still exists that we need to produce. Additionally, we will be standing on our objections on scope. Further still, we do not represent Aroosh—he works for Northern Data (located in Germany). Finally, we are available next week to discuss, but we will not be providing deposition dates until the date/location issues regarding Carson Smith and Jonathan Tanemori are resolved.

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP | Dallas, TX**
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



**From:** Johnson, Cory <cjohnson@winstead.com>
**Sent:** Tuesday, May 28, 2024 4:35 PM
**To:** Marx, Brandon C <bmarx@foley.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>; Robertson, Julie <jrobertson@winstead.com>
**Subject:** RE: SBI

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Brandon,

Below please find a SBIC's response to you requests for supplemental discovery responses.  Also, please see SBIC's requests for Whinstone to supplement certain discovery requests from SBIC.

**ROGS 2–5**: SBIC has not refused to answer ROGS 2–5. The phrase "first became aware of the circumstances giving rise" has a particular meaning under the Parties' Agreement. Subject to SBIC's construction of that phrase, and subject to the various specific and general objections which SBIC continues to assert, SBIC provided straightforward answers to ROGs 2–5.

**ROG 6**: Your request for detailed calculations is premature. Consistent with its answer to ROG 6, SBIC will produce the necessary information to support its damages calculation by the deadline for producing such information. Specifically, SBIC expects its damages calculation to be produced in forthcoming expert reports.

**ROG 8**: SBIC stands by its objections and response.

**ROG 9**: SBIC stands by its objection that ROG 9 is premature because discovery is ongoing.

**ROG 10**: SBIC stands by its objections and response.

**ROG 12**: SBIC stands by its objection that ROG 12 is an attempt to require SBIC to marshal all of its evidence. Subject to its general and specific objections, SBIC fully answered ROG 12. Whinstone requested—and SBIC provided—the identities of the persons *making* the misrepresentations at issue.

**ROG 13**: SBIC stands by its objection that ROG 13 is an attempt to require SBIC to marshal all of its evidence. Subject to its general and specific objections, SBIC fully answered ROG 13.

**ROG 14**: SBIC stands by its objection that ROG 14 is an attempt to require SBIC to marshal all of its evidence. Subject to its general and specific objections, SBIC fully answered ROG 14. Whinstone requested—and SBIC provided—the identities of the persons *making* the misrepresentations at issue.

**ROG 18**: SBIC stands by its objection that ROG 18 is an attempt to require SBIC to marshal all of its evidence. Subject to its general and specific objections, SBIC fully answered ROG 18. Canaan wanted to access the Rockdale Facility; representatives from Canaan had discussions with Ashton Harris; and Whinstone ultimately did not grant Canaan access to the Rockdale Facility. Those facts support SBIC's contention. Additionally, discovery remains on going and SBIC expects to learn more about this interaction.

**ROG 20**: SBIC stands by its objection that ROG 20 is an attempt to require SBIC to marshal all of its evidence. Subject to its general and specific objections, SBIC fully answered ROG 20. Whinstone requested—and SBIC provided—the identities of the persons *making* the misrepresentations at issue.

**ROG 21**: Will amend to identify June 22, 2022, but SBIC otherwise stands on its objections. To the extent that Whinstone requires SBIC to provide answers that are contained within documents produced to Whinstone, SBIC will object that the documents speak for themselves. SBIC produced a summary of Nick Foster's visit, which occurred on June 22, 2022, and is bates labeled SBIC0003777–3779.

**RFP 116–117**: SBIC has produced several documents responsive to RFP Nos. 116 and 117. SBIC's financial statements and general ledgers were not requested in RFP nos. 116 and 117 and such information is not responsive to the requests as written. For example, SBIC0003267 is SBIC's invoice from Caanan for the total miners purchased; SBIC0003127 contains a summary of the money SBIC spent on miners at the Rockdale Facility; etc. From what I understand, we also produced mining data.

**RFP 20**: SBIC stands by its objections to RFP No. 20. Communications related to how other facilities have handled the maintenance of SBIC's mining equipment are not relevant to any claim or defense in this lawsuit.

As noted above, SBIC requests that Whinstone supplement and amend its discovery responses under the Federal Rules and Local Rules. First, and generally, SBIC requests that Whinstone confirm that it is not withholding any documents, other than those withheld pursuant to a claim of privilege. Next, Whinstone indicated that they were producing documents on a rolling basis. Please confirm if Whinstone plans to produce any additional documents and whether Whinstone has produced all documents responsive to the following Requests for Production:

- RFP 4
- RFP 6
- RFP 7
- RFP 15
- RFP 23
- RFP 25
- RFP 26
- RFP 27
- RFP 31
- RFP 33

- RFP 47
- RFP 48
- RFP 49
- RFP 59
- RFP 61
- RFP 62
- RFP 64
- RFP 76
- RFP 77
- RFP 88
- RFP 89
- RFP 90
- RFP 91
- RFP 92
- RFP 93
- RFP 94
- RFP 95
- ROG 6 (work logs)
- ROG 7 (maintenance records).

Next, SBIC disagrees with several of Whinstone's objections and efforts to limit the scope of SBIC's Requests and Interrogatories to either the building where SBIC's equipment was housed or to SBIC's equipment in particular. Because the power availability and environmental conditions for the entire Rockdale Facility are relevant to SBIC's claims, Whinstone has not raised legitimate objections. For that reason, SBIC would like to confer as to the following Requests and Interrogatories:

- RFP 19 (limited to amount of power provided to SBIC)
- RFP 21 (limited to amount of power provided to SBIC)
- RFP 22 (limited to amount of power provided to SBIC)
- RFP 28 (power provided to other Customers not relevant)
- RFP 29 (power provided to other Customers not relevant)
- RFP 36 (limited to amount of power provided to SBIC)
- RFP 37 (limited to SBIC's building)
- RFP 38 (limited to SBIC's building)
- RFP 39 (limited to amount of power provided to SBIC)
- RFP 40 (limited to SBIC's building)
- RFP 41 (limited to SBIC's building)
- RFP 42 (limited to SBIC's building)
- RFP 44 (limited to SBIC's building)
- RFP 45 (limited to SBIC's building)
- RFP 46 (limited to SBIC's building)
- RFP 51 (limited to SBIC's equipment)
- RFP 52 (limited to amount of power provided to SBIC)
- RFP 53 (limited to SBIC's equipment)
- RFP 54 (limited to SBIC's equipment)
- RFP 55 (limited to SBIC's equipment)
- RFP 57 (limited to SBIC's equipment)
- RFP 58 (limited to SBIC's equipment)

3

- RFP 63 (limited to SBIC's building)
- RFP 72 (limited to SBIC's building)
- RFP 74 (limited to SBIC's building)
- RFP 78 (limited to SBIC's building)
- RFP 79 (limited to SBIC's building)
- RFP 81 (limited to SBIC's equipment)
- RFP 82 (limited to SBIC's equipment)
- ROG 3 (limited to amount of power provided to SBIC)
- ROG 4 (limited to amount of power provided to SBIC)
- ROG 6 (limited to SBIC's building).

Last, SBIC would also like to begin discussions on scheduling depositions for the following individuals:
- Chad Harris
- Ashton Harris
- David Schatz
- Heath Davidson
- Arrosh Thillainathan.

Can we please confer no later than the week of June 3rd on these topics? Please provide available dates and times.

Thanks,


**Cory Johnson,** Of Counsel
214.745.5209

---

**From:** Marx, Brandon C <bmarx@foley.com>
**Sent:** Tuesday, May 14, 2024 1:16 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>
**Subject:** RE: SBI

Cory,

As recently discussed, you are in receipt of our request for SBI to amend its discovery responses. It was my understanding that you were also attempting to identify dates and preferred location for J. Tanemori and C. Smith's depositions. Any updates? Also, during the call you raised the issue of extending case deadlines. We are generally not opposed to this idea, but believe we need to do ask for permission to do so quickly, as our experience with this judge suggests it might not be a foregone conclusion. Can you please provide proposed dates?


**Brandon C Marx**
*Associate*

**Foley & Lardner LLP | Dallas, TX**
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



**From:** Marx, Brandon C
**Sent:** Monday, April 29, 2024 1:12 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; jsandler@winstead.com; Hines, Matt <mhines@winstead.com>
**Subject:** SBI

Cory,

As discussed on Thursday, April 25, 2024, we write to request that SBI amend their discovery responses and collect/produce the following documents (which violate both the Federal Rules of Procedure and Local Rule CV-26):

- ROG Nos. 2, 4: Please identify the date you first became aware of the circumstances giving rise to each ***alleged breach***. SBI's answer refuses to do so.
- ROG Nos. 3, 5: Please identify the date you first became aware of the circumstances giving rise to each ***alleged act of fraud***. SBI's answer refuses to do so.
- ROG No. 6: Please provide the calculation of each alleged category of damages. SBI only identifies dollar figures.
- ROG No. 8: Please identify the actual amount of power that you contend Whinstone was obligated to provide you under the October Hosting Agreement. While SBI cites to provisions in the contract, SBI does not identify the amount of the "one (1) gigawatt of aggregated electricity . . . of which a portion of that may be incrementally offered" to SBI.
- ROG No. 9: Please identify the actual certifications and inspections that SBI contends were required. SBI's answer fails to identify a single certification or inspection.
- ROG No. 10: Please answer the interrogatory completely, including by identifying the date of each attempt, the manner of each communication, the price, and the response.
- ROG No. 12: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the interrogatory and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 13: Please identify each alleged act of reliance for each alleged misrepresentation. SBI's answer fails to completely answer the interrogatory.
- ROG No. 14: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 18: Please identify the facts, including the identity of the "Representatives of Canaan," what was said during "verbal discussions," and what Canaan actually requested. SBI's answer simply regurgitates SBI's allegations.
- ROG No. 20: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 21: Please answer the interrogatory completely, including by identifying the date Nick Foster visited the facility and what Nick Foster's opinion were that provided SBI the factual basis to make the allegations contained in paragraph 49(10) of the Complaint.
- RFP Nos. 116-117: Please produce information supporting SBI's alleged damages, including, but not limited to, SBI's financial statements, general ledgers, and mining performance data.
- RFP No. 20: Please withdraw your objections and produce SBI's communications regarding maintenance at other SBI cryptocurrency mining locations. SBI cannot withhold this information and make Whinstone analyze SBI's allegations in a vacuum.

Additionally, please provide deposition dates and location for Carson Smith and Jonathan Tanemori. It is our understanding that these two individuals are not employed with SBI anymore, but that you still intend to have them testify at trial (meaning, these individuals are within SBI's control).

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP**
2021 McKinney Ave, Suite 1600, Dallas, TX 75201
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

# Durham, Tanya C.

| | |
|---|---|
| **From:** | Slovak, Rob |
| **Sent:** | Monday, May 20, 2024 9:08 AM |
| **To:** | Johnson, Cory; Marx, Brandon C |
| **Cc:** | Sandler, Joshua; Hines, Matt |
| **Subject:** | RE: SBI |

Coury:

My understanding is that you intend to bring these witnesses live at trial. So, we would like to take their depositions live. In that regard, we are willing to travel to them if you are not willing to bring them here. Please vet dates and locations.


**Rob Slovak**
Partner

**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600, Dallas, TX 75201-3340
Phone 214.999.4334 | Cell 214.507.6830
View My Bio | Visit Foley.com



---

**From:** Johnson, Cory <cjohnson@winstead.com>
**Sent:** Tuesday, May 14, 2024 4:11 PM
**To:** Marx, Brandon C <bmarx@foley.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>
**Subject:** RE: SBI

**** EXTERNAL EMAIL MESSAGE ****

Hi Brandon-

I can confirm that SBIC will coordinate dates for the depositions of J. Tanemori and C. Smith. However, those depositions will likely need to be conducted remotely (i.e. via Zoom). Mr. Tanemori is in Tokyo and Mr. Smith currently works in Dubai. The remote depositions will also need to occur in mid- to late July at the earliest. If you would like to provide potential dates, I will coordinate with them.

Yes, we agree that current deadlines need to be extended. I think a four to five month extension of all deadlines (including discovery and trial) is appropriate.

We will be sending our responses to your correspondence this week, along with SBIC's own discovery deficiency correspondence. Unfortunately, both Josh and I are in trial next week and will not be able to confer until the following week of May 27.

Feel free to give me a call if you have any questions.

Thanks,

**Cory Johnson,** Of Counsel
214.745.5209

---

**From:** Marx, Brandon C <bmarx@foley.com>
**Sent:** Tuesday, May 14, 2024 1:16 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>
**Subject:** RE: SBI

Cory,

As recently discussed, you are in receipt of our request for SBI to amend its discovery responses. It was my understanding that you were also attempting to identify dates and preferred location for J. Tanemori and C. Smith's depositions. Any updates? Also, during the call you raised the issue of extending case deadlines. We are generally not opposed to this idea, but believe we need to do ask for permission to do so quickly, as our experience with this judge suggests it might not be a foregone conclusion. Can you please provide proposed dates?

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP | Dallas, TX**
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



---

**From:** Marx, Brandon C
**Sent:** Monday, April 29, 2024 1:12 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; jsandler@winstead.com; Hines, Matt <mhines@winstead.com>
**Subject:** SBI

Cory,

As discussed on Thursday, April 25, 2024, we write to request that SBI amend their discovery responses and collect/produce the following documents (which violate both the Federal Rules of Procedure and Local Rule CV-26):

- <u>ROG Nos. 2, 4</u>: Please identify the date you first became aware of the circumstances giving rise to each ***alleged breach***. SBI's answer refuses to do so.
- <u>ROG Nos. 3, 5</u>: Please identify the date you first became aware of the circumstances giving rise to each ***alleged act of fraud***. SBI's answer refuses to do so.
- <u>ROG No. 6</u>: Please provide the calculation of each alleged category of damages. SBI only identifies dollar figures.
- <u>ROG No. 8</u>: Please identify the actual amount of power that you contend Whinstone was obligated to provide you under the October Hosting Agreement. While SBI cites to provisions in the contract, SBI does not identify the amount of the "one (1) gigawatt of aggregated electricity . . . of which a portion of that may be incrementally offered" to SBI.
- <u>ROG No. 9</u>: Please identify the actual certifications and inspections that SBI contends were required. SBI's answer fails to identify a single certification or inspection.

- <u>ROG No. 10</u>: Please answer the interrogatory completely, including by identifying the date of each attempt, the manner of each communication, the price, and the response.
- <u>ROG No. 12</u>: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the interrogatory and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- <u>ROG No. 13</u>: Please identify each alleged act of reliance for each alleged misrepresentation. SBI's answer fails to completely answer the interrogatory.
- <u>ROG No. 14</u>: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- <u>ROG No. 18</u>: Please identify the facts, including the identity of the "Representatives of Canaan," what was said during "verbal discussions," and what Canaan actually requested. SBI's answer simply regurgitates SBI's allegations.
- <u>ROG No. 20</u>: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- <u>ROG No. 21</u>: Please answer the interrogatory completely, including by identifying the date Nick Foster visited the facility and what Nick Foster's opinion were that provided SBI the factual basis to make the allegations contained in paragraph 49(10) of the Complaint.
- <u>RFP Nos. 116-117</u>: Please produce information supporting SBI's alleged damages, including, but not limited to, SBI's financial statements, general ledgers, and mining performance data.
- <u>RFP No. 20</u>: Please withdraw your objections and produce SBI's communications regarding maintenance at other SBI cryptocurrency mining locations. SBI cannot withhold this information and make Whinstone analyze SBI's allegations in a vacuum.

Additionally, please provide deposition dates and location for Carson Smith and Jonathan Tanemori. It is our understanding that these two individuals are not employed with SBI anymore, but that you still intend to have them testify at trial (meaning, these individuals are within SBI's control).

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP**
2021 McKinney Ave, Suite 1600, Dallas, TX 75201
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

---

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.