# EXHIBIT 2

**Durham, Tanya C.**

| | |
|---|---|
| **From:** | Slovak, Rob |
| **Sent:** | Monday, May 20, 2024 9:08 AM |
| **To:** | Johnson, Cory; Marx, Brandon C |
| **Cc:** | Sandler, Joshua; Hines, Matt |
| **Subject:** | RE: SBI |

Coury:

My understanding is that you intend to bring these witnesses live at trial. So, we would like to take their depositions live. In that regard, we are willing to travel to them if you are not willing to bring them here. Please vet dates and locations.

**Rob Slovak**
Partner

**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600, Dallas, TX 75201-3340
Phone 214.999.4334 | Cell 214.507.6830
View My Bio | Visit Foley.com



---

**From:** Johnson, Cory <cjohnson@winstead.com>
**Sent:** Tuesday, May 14, 2024 4:11 PM
**To:** Marx, Brandon C <bmarx@foley.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>
**Subject:** RE: SBI

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Hi Brandon-

I can confirm that SBIC will coordinate dates for the depositions of J. Tanemori and C. Smith. However, those depositions will likely need to be conducted remotely (i.e. via Zoom). Mr. Tanemori is in Tokyo and Mr. Smith currently works in Dubai. The remote depositions will also need to occur in mid- to late July at the earliest. If you would like to provide potential dates, I will coordinate with them.

Yes, we agree that current deadlines need to be extended. I think a four to five month extension of all deadlines (including discovery and trial) is appropriate.

We will be sending our responses to your correspondence this week, along with SBIC's own discovery deficiency correspondence. Unfortunately, both Josh and I are in trial next week and will not be able to confer until the following week of May 27.

Feel free to give me a call if you have any questions.

Thanks,

**Cory Johnson,** Of Counsel
214.745.5209

---

**From:** Marx, Brandon C <bmarx@foley.com>
**Sent:** Tuesday, May 14, 2024 1:16 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; Sandler, Joshua <jsandler@winstead.com>; Hines, Matt <mhines@winstead.com>
**Subject:** RE: SBI

Cory,

As recently discussed, you are in receipt of our request for SBI to amend its discovery responses. It was my understanding that you were also attempting to identify dates and preferred location for J. Tanemori and C. Smith's depositions. Any updates? Also, during the call you raised the issue of extending case deadlines. We are generally not opposed to this idea, but believe we need to do ask for permission to do so quickly, as our experience with this judge suggests it might not be a foregone conclusion. Can you please provide proposed dates?

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP | Dallas, TX**
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



---

**From:** Marx, Brandon C
**Sent:** Monday, April 29, 2024 1:12 PM
**To:** Johnson, Cory <cjohnson@winstead.com>
**Cc:** Slovak, Rob <rslovak@foley.com>; jsandler@winstead.com; Hines, Matt <mhines@winstead.com>
**Subject:** SBI

Cory,

As discussed on Thursday, April 25, 2024, we write to request that SBI amend their discovery responses and collect/produce the following documents (which violate both the Federal Rules of Procedure and Local Rule CV-26):

- ROG Nos. 2, 4: Please identify the date you first became aware of the circumstances giving rise to each ***alleged breach***. SBI's answer refuses to do so.
- ROG Nos. 3, 5: Please identify the date you first became aware of the circumstances giving rise to each ***alleged act of fraud***. SBI's answer refuses to do so.
- ROG No. 6: Please provide the calculation of each alleged category of damages. SBI only identifies dollar figures.
- ROG No. 8: Please identify the actual amount of power that you contend Whinstone was obligated to provide you under the October Hosting Agreement. While SBI cites to provisions in the contract, SBI does not identify the amount of the "one (1) gigawatt of aggregated electricity . . . of which a portion of that may be incrementally offered" to SBI.
- ROG No. 9: Please identify the actual certifications and inspections that SBI contends were required. SBI's answer fails to identify a single certification or inspection.

- ROG No. 10: Please answer the interrogatory completely, including by identifying the date of each attempt, the manner of each communication, the price, and the response.
- ROG No. 12: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the interrogatory and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 13: Please identify each alleged act of reliance for each alleged misrepresentation. SBI's answer fails to completely answer the interrogatory.
- ROG No. 14: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 18: Please identify the facts, including the identity of the "Representatives of Canaan," what was said during "verbal discussions," and what Canaan actually requested. SBI's answer simply regurgitates SBI's allegations.
- ROG No. 20: Please answer the interrogatory completely, including by identifying the date of each alleged misrepresentation, the manner of each alleged misrepresentation, where the alleged misrepresentation occurred, and the person making the alleged misrepresentation. SBI only generally answers the question and simply says the alleged misrepresentations were made to unidentified "representatives of SBIC."
- ROG No. 21: Please answer the interrogatory completely, including by identifying the date Nick Foster visited the facility and what Nick Foster's opinion were that provided SBI the factual basis to make the allegations contained in paragraph 49(10) of the Complaint.
- RFP Nos. 116-117: Please produce information supporting SBI's alleged damages, including, but not limited to, SBI's financial statements, general ledgers, and mining performance data.
- RFP No. 20: Please withdraw your objections and produce SBI's communications regarding maintenance at other SBI cryptocurrency mining locations. SBI cannot withhold this information and make Whinstone analyze SBI's allegations in a vacuum.

Additionally, please provide deposition dates and location for Carson Smith and Jonathan Tanemori. It is our understanding that these two individuals are not employed with SBI anymore, but that you still intend to have them testify at trial (meaning, these individuals are within SBI's control).

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP**
2021 McKinney Ave, Suite 1600, Dallas, TX 75201
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

---

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.