# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> WHINSTONE US, INC., <br><br> Defendant. | Civil Action No. 6:23-cv-252-ADA-JCM |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF SBIT CRYPTO CO., LTD.**

TO:    Plaintiff SBI Crypto Co., LTD ("SBI"), by and through its attorney of record, Joshua M. Sandler, Winstead PC, 2728 N. Harwood Street, Suite 500, Dallas, Texas 75201, jsandler@winstead.com.

Pursuant to Federal Rule of Civil Procedure 33, Defendant Whinstone US, Inc. ("Whinstone") serves its First Set of Interrogatories ("Interrogatories") upon SBI.

Your answers to these Interrogatories, sworn and under oath, shall be served to Foley & Lardner, LLP, Attn: Robert T. Slovak, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201, within 30 days from the date of these Interrogatories.

DATED: August 22, 2023                    Respectfully submitted by:

                                          _/s/Robert T. Slovak_____
                                          Robert T. Slovak
                                          Texas Bar No. 24013523
                                          rslovak@foley.com
                                          Brandon C. Marx
                                          Texas Bar No. 24098046
                                          bmarx@foley.com
                                          FOLEY & LARDNER LLP
                                          2021 McKinney Avenue, Suite 1600
                                          Dallas, Texas 75201
                                          Telephone: (214) 999-3000
                                          Facsimile: (214) 999-4667

                                          **ATTORNEYS FOR DEFENDANT**
                                          **WHINSTONE US, INC.**


## CERTIFICATE OF SERVICE

I certify that, on August 22, 2023, a true and correct copy of the foregoing was served via electronic mail to all counsel of record.

                                          _/s/ Brandon C. Marx_____
                                          Brandon C. Marx

## DEFINITIONS AND INSTRUCTIONS

1. Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

3. The terms "refer," "referring to," "relate," "regarding," or "relating to" mean, without limitation, having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the Request.

4. The term "identify", when referring to any documents, is intended to request that the answer provide a general identification or description of the document, including the date of the document, the author and/or signatories to the document, the addressee or recipient (if appropriate), the Bates number, and any other reasonable means of identifying the document.

5. The term "identify", when referring to any person/entity, is intended to request that the answer provide the full name of such person/entity, the present or last-known business and residential addresses, and that person's/entities' present or last known business and residential telephone number.

6. "PERSON(S)," as used herein, means all individuals and entities, and shall be deemed to include natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, and/or any other entities.

7. "SBI" means SBI Crypto Co., Ltd.

8. "WHINSTONE" means Whinstone US, Inc.

9. "JULY HOSTING AGREEMENT" means the Hosting Service Agreement dated July 5, 2019 between SBI and WHINSTONE.

10. "OCTOBER HOSTING AGREEMENT" means the Hosting Service Agreement dated October 14, 2019 between SBI and WHINSTONE.

11. "HOSTING AGREEMENTS" means the JULY and OCTOBER HOSTING AGREEMENTS, collectively.

12. "COMPLAINT" means SBI's Amended Complaint filed on July 6, 2023 in the above-captioned lawsuit against WHINSTONE, and all amendments or supplements thereto.

13. "DEMAND LETTER" means the letter dated June 3, 2022 that YOU sent to WHINSTONE demanding over $61 million in damages.

14. "THILLAINATHAN" means Aroosh Thillainathan.

15. "HARRIS" means Chad Harris.

16. "A. HARRIS" means Ashton Harris.

17. "CANAAN" means Canaan Inc.

18. "FACILITY" means WHINSTONE's data center facility in Rockdale, Texas.

19. "YOU" and "YOUR" means SBI.

20. These requests are continuing. If, after producing INFORMATION in response to these requests, you obtain or become aware of any further INFORMATION responsive to these requests, you are required to produce such additional INFORMATION.

21. Unless otherwise indicated herein, the relevant timeframe of each request is January 1, 2019 to the present.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each PERSON that was involved in the negotiation of the HOSTING AGREEMENTS.

**ANSWER:**

**INTERROGATORY NO. 2:** For each breach of contract that YOU allege in the DEMAND LETTER, identify the date YOU first became aware of the circumstances giving rise to each breach.

**ANSWER:**

**INTERROGATORY NO. 3:** For each act of fraud that YOU allege in the DEMAND LETTER, identify the date YOU first became aware of the circumstances giving rise to each act.

**ANSWER:**

**INTERROGATORY NO. 4:** For each breach of contract that YOU allege in the COMPLAINT, identify the date YOU first became aware of the circumstances giving rise to each breach.

**ANSWER:**

**INTERROGATORY NO. 5:** For each act of fraud that YOU allege in the COMPLAINT, identify the date YOU first became aware of the circumstances giving rise to each act.

**ANSWER:**

**INTERROGATORY NO. 6:** For each claim YOU assert in the COMPLAINT, identify the amount of damages that YOU seek to recover and include the calculation thereof.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each PERSON at WHINSTONE with whom YOU communicated regarding YOUR mining equipment at the FACILITY.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify the amount of power that YOU contend WHINSTONE was obligated to provide to YOU under the OCTOBER HOSTING AGREEMENT.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify the certifications and inspections that YOU allege in the COMPLAINT that WHINSTONE was required to obtain.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each attempt YOU made to resell YOUR mining equipment used at the FACILITY, including by listing the party to who resale was offered, the manner of each communication offering to the resale, the price for each offer of resale, and the response to each offer of resale.

**ANSWER:**

**INTERROGATORY NO. 11:**  Describe the factual bases for why YOU contend that WHINSTONE's payments to YOU of approximately $7 million in July 2021 and $237 thousand in February 2022 did not settle all claims concerning the HOSTING AGREEMENTS.

**ANSWER:**

**INTERROGATORY NO. 12:**  As alleged in paragraph 12 of the COMPLAINT, identify each alleged misrepresentation YOU contend Whinstone made, including by listing the date the misrepresentation was made, the method of communication, where the misrepresentation occurred, and the identity of the person making the misrepresentation.

**ANSWER:**

**INTERROGATORY NO. 13:**  For each alleged misrepresentation identified in response to Interrogatory No. 13, identify each act that YOU contend constitutes reliance upon the same.

**ANSWER:**

**INTERROGATORY NO. 14:**  As alleged in paragraph 22 of the COMPLAINT, identify each alleged misrepresentation YOU contend Whinstone made, including by listing the date the misrepresentation was made, the method of communication, where the misrepresentation occurred, and the identity of the person making the misrepresentation.

**ANSWER:**

**INTERROGATORY NO. 15:**  As alleged in paragraph 28 of the COMPLAINT, identify each alleged misrepresentation YOU contend Whinstone made, including by listing the date the misrepresentation was made, the method of communication, where the misrepresentation occurred, and the identity of the person making the misrepresentation.

**ANSWER:**

**INTERROGATORY NO. 16:**  As alleged in paragraph 33 of the COMPLAINT, identify all YOUR attempts "to open communication channels" between WHINSTONE and CANAAN.

**ANSWER:**

**INTERROGATORY NO. 17:**  As alleged in paragraph 33 of the COMPLAINT, identify all YOUR attempts "to open communication channels" between WHINSTONE and CANAAN.

**ANSWER:**

**INTERROGATORY NO. 18:**  As alleged in paragraph 34 of the COMPLAINT, identify all facts to support YOUR contention that WHINSTONE refused CANAAN's request for physical access to the FACILITY.

**ANSWER:**

**INTERROGATORY NO. 19:**  As alleged in paragraph 47 of the COMPLAINT, identify all facts to support YOUR contention that YOU spent months looking to reuse YOUR equipment at another facility.

**ANSWER:**

**INTERROGATORY NO. 20:**  As alleged in paragraph 48 of the COMPLAINT, identify each alleged misrepresentation and/or omission YOU contend Whinstone made, including by listing the date the misrepresentation and/or omission was made, the method of communication, where the misrepresentation and/or omission occurred, and the identity of the person making the misrepresentation and/or omission.

**ANSWER:**

**INTERROGATORY NO. 21:**  As alleged in paragraph 49(10) of the COMPLAINT, identify each "industry expert[] [that] observed Whinstone's datacenter" that will "attest that Whinstone has a poor datacenter design and poor management of dirt and airflow inside the datacenter," including by listing the identity of the expert, the date the expert observed the Facility, and the nature of the expert's opinion.

**ANSWER:**

**INTERROGATORY NO. 22:**  As alleged in paragraph 35 of the COMPLAINT, identify each "Covid travel restriction[]" between "approximately February 2020 to the first half of 2021" that prevented "SBIC's employees" from "freely travel[ing] to and from Japan."

**ANSWER:**