# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WHINSTONE US, INC.,**<br><br>*Defendant*. | Civil Action No.: 6:23-cv-252-ADA-JCM |

**PLAINTIFF SBI CRYPTO CO., LTD.'S OBJECTIONS AND**
**RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR**
**PRODUCTION**

To:    Defendant Whinstone US, Inc., by and through its attorneys, Robert T. Slovak and Brandon C. Marx, GIBSON, FOLEY & LARDNER LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201.

Plaintiff SBI Crypto Co., Ltd. ("SBIC") serves these Objections and Responses to Defendant's First Set of Requests for Production on Defendant Whinstone US, Inc. ("Whinstone") pursuant to Federal Rule of Civil Procedure 34.

**I.**
**GENERAL OBJECTIONS**

The following objections shall apply to all of the Requests:

1.    SBIC objects to the definitions and instructions portions of Defendant's First Set of Requests for Production to the extent that they purport to impose obligations on SBIC that are not required by the Federal Rules of Civil Procedure.

2.    SBIC objects to producing documents at a time or place or in a manner other than as mutually agreed upon by counsel for the parties.

3.    SBIC objects to the Requests to the extent that they purport to require SBIC to produce original documents or authenticated copies. Instead, SBIC will produce copies of documents as kept in the usual course of business and consistent with the Federal Rule of Civil Procedure 34.

4.  SBIC objects to the Requests to the extent they purport to require SBIC to search for and produce documents that may be in the possession of persons other than current representatives, agents, or employees of SBIC, on the grounds that such documents are not within SBIC's custody or control and that searching for documents that may be in the possession of former representatives, agents, and employees would be unreasonably burdensome, time-consuming, and expensive and would not be reasonably calculated to lead to discovery of admissible evidence.

5.  SBIC objects to the Requests insofar as they seek to impose upon SBIC any duty of supplementation beyond that imposed by Federal Rule of Civil Procedure 26(e).

6.  SBIC objects to the Requests insofar as they may be construed as calling for documents or information subject to a claim of privilege, including, without limitation, the attorney work product doctrine set forth in Federal Rule of Civil Procedure 26(b)(3).

7.  SBIC objects to the Requests insofar as they might be construed as calling for production of documents relating to experts beyond the scope of discovery provided for Federal Rule of Civil Procedure 26(b)(4).

8.  SBIC objects to the Requests insofar as they might be construed as calling for production of witness statements beyond the scope of discovery provided for by Federal Rule of Civil Procedure 26(b)(3).

9.  SBIC objects to the Requests insofar as they may be construed as calling for documents or information subject to the attorney-client privilege.

10. SBIC objects to producing partial documents as to which objections have been lodged because such partial production would invade the attorney work product and/or attorney-client privilege.

11. SBIC objects to the Requests to the extent they are over broad, vague, ambiguous, unduly burdensome, or fail to clearly specify the information sought.

12. SBIC objects to the Requests to the extent they seek documents that are not relevant to the subject matter of the pending action or are not reasonably calculated to lead to the discovery of admissible evidence in this case.

13. SBIC objects to the Requests to the extent that they can be interpreted to seek documents from SBIC's agents, representatives, or employees on the ground that such information is not relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in this case.

14. SBIC has made reasonable efforts to locate and produce documents responsive to the Requests as SBIC understands and interprets them. If Plaintiff subsequently asserts an interpretation which differs from that of SBIC, SBIC reserves the right to supplement its responses and objections accordingly.

15.    SBIC objects to the Requests to the extent that they might be interpreted as requiring SBIC to conceded the relevance, materiality or admissibility of the documents sought by the Requests. The responses set forth below are subject to, without waiving and they are not intended to waive:

   a.    All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents referred to or responses given herein, or the subject matter thereof, in any subsequent proceeding or trial in this or any other action;
   b.    The right to object to other discovery proceedings involving or related to the subject matter of the Request to which these responses are directed; and
   c.    The right at any time to revise, correct, add to or clarify any of the responses, or any of them, all of which are given subject to correction of any such omissions or errors.

16.    SBIC objects to the Requests to the extent that they are cumulative or duplicative of other Requests and because such cumulative or duplicative Requests are propounded solely for the purpose of harassment.

17.    SBIC objects to the instructions and definitions of the Requests to the extent that they conflict with the terms of the parties' Agreed E-Discovery Order.

18.    SBIC objects to the definition of HOSTING AGREEMENTS because it is vague and ambiguous. To the extent that information, documents, and communications related to the HOSTING AGREEMENTS means information, documents, and communications related to either the Pyote Hosting Services Agreement or Rockdale Hosting Services

19.    A response that SBIC will produce responsive documents should not be construed as an admission that any responsive documents actually exist, but only that, if any responsive documents exist, they will be produced.

20.    These objections applicable to all requests are incorporated by reference in each of the responses made below, as though fully set forth therein, which responses are made without waiver of any of the foregoing objections applicable to all requests.

## II.
### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** YOUR COMMUNICATIONS regarding the negotiation of the HOSTING AGREEMENTS.

   **RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "negotiation" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 2:** YOUR COMMUNICATIONS regarding the drafting of the HOSTING AGREEMENTS.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "drafting" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3:** YOUR COMMUNICATIONS regarding the execution of the HOSTING AGREEMENTS.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "execution" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4:** YOUR COMMUNICATIONS regarding the performance of the HOSTING AGREEMENTS.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "performance" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 5:** YOUR COMMUNICATIONS regarding any breach of the HOSTING AGREEMENTS.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because it requires SBIC to make a legal conclusion and because the term "breach" is vague and ambiguous.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6:** YOUR COMMUNICATIONS regarding the termination of the HOSTING AGREEMENTS.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "termination" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 7:** All INFORMATION reflecting YOU provided WHINSTONE with notice of any breach of the HOSTING AGREEMENTS.

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 8:** All contracts between YOU and WHINSTONE.

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive contracts at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 9:** INFORMATION regarding the amount of power to be provided to YOU at the FACILITY.

**RESPONSE:** SBIC objects to the Request because the term "to be provided" is vague and ambiguous.

Subject to the General Objections and the foregoing objection, and to the extent that "to be provided" means the amount of power to be made available to SBIC under the terms of the Rockdale Hosting Services Agreement, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 10:** INFORMATION regarding the amount of power that was provided to YOU at the FACILITY.

**RESPONSE:** SBIC objects to the Request because the term "was provided" is vague and ambiguous. SBIC further objects because Whinstone has equal, if not better,

access to the information sought.

Subject to the General Objections and the foregoing objections, and to the extent that "was provided" means the amount of power that Whinstone says SBIC's equipment used during the time it was stored at the Rockdale Facility, as reflected in Whinstone's invoices to SBIC, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 11:** INFORMATION reflecting the type of mining equipment YOU used to mine cryptocurrency at the FACILITY.

**RESPONSE:** SBIC objects to the Request because Whinstone has equal access to the information sought.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 12:** INFORMATION reflecting the performance (including the hash rate) of the mining equipment YOU used to mine cryptocurrency at the FACILITY.

**RESPONSE:** SBIC objects to the Request because it is overbroad, unduly burdensome and failed to identify with reasonable particularity the categories of items sought. SBIC also objects because the term "performance" is vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 13:** All technical specifications, user guides, and field manuals for any mining equipment YOU used to mine cryptocurrency at the FACILITY.

**RESPONSE:** SBIC objects to the Request because the term "technical specifications" is vague and ambiguous and because it seeks information not in SBIC's possession.

Subject to the General Objections and the foregoing objection, and following a diligent search, SBIC does not possess user guides or field manuals responsive to the Request. Otherwise, SBIC will produce responsive technical specifications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 14:** INFORMATION reflecting the number of

miners YOU use to mine cryptocurrency at the FACILITY.

**RESPONSE:** SBIC objects to the Request because the term "YOU use" is vague and ambiguous and because Whinstone has equal, if not better, access to the information sought.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 15:** INFORMATION reflecting the type of mining equipment YOU use to mine cryptocurrency at any other location than the FACILITY.

**RESPONSE:** SBIC objects to the Request SBIC objects to this Request because the term "YOU use" is vague and ambiguous, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 16:** INFORMATION reflecting the performance (including the hash rate) of the mining equipment YOU use to mine cryptocurrency at any other location than the FACILITY.

**RESPONSE:** SBIC objects to the Request SBIC objects to this Request because the term "YOU use" is vague and ambiguous, because it is overbroad and unduly burdensome, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 17:** All technical specifications, user guides, and field manuals for any mining equipment YOU used to mine cryptocurrency at any other location than the FACILITY.

**RESPONSE:** SBIC objects to the Request because the term "technical specifications" is vague and ambiguous, because the request constitutes a fishing expedition, and because it seeks information not in SBIC's possession.

Subject to the General Objections and the foregoing objection, and following a diligent search, SBIC does not possess user guides or field manuals responsive to

the Request. Otherwise, SBIC will produce responsive technical specifications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 18:**  INFORMATION reflecting the number of miners YOU use to mine cryptocurrency at any other location than the FACILITY.

> **RESPONSE:** SBIC objects to the Request SBIC objects to this Request because the term "YOU use" is vague and ambiguous, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.
>
> Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 19:** All COMMUNICATIONS regarding the maintenance of YOUR mining equipment at the FACILITY.

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 20:** All COMMUNICATIONS regarding the maintenance of YOUR mining equipment at any other location than the FACILITY.

> **RESPONSE:** SBIC objects to the Request SBIC objects to this Request because it is overbroad and unduly burdensome, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 21:** As alleged in paragraph 11 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that the JULY HOSTING AGREEMENT "fell through."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 3 and 4.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 22:** As alleged in paragraph 12 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone made numerous representations and warranties concerning power capacity, permits, and operating conditions to induce SBIC to enter into a new hosting service agreement at Whinstone's Rockdale facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 1.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 23:** As alleged in paragraph 13 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's representations about its Rockdale facility were false."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 9, and 10.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 24:** As alleged in paragraph 13 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone deliberately misled SBIC into believing it held the requisite building permits and power contracts to perform as promised and then concealed the substandard conditions at its facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 4, 9, 10, 22, and 23.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 25:** As alleged in paragraph 14 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[t]he lack of permits and power contracts delayed the ramp-up of SBIC mining operations and cost SBIC millions in lost revenue."

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 26:** As alleged in paragraph 14 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's failure to provide a datacenter environment in accordance

with the parties' agreement and basic industry standards directly led to the underperformance of SBIC mining operations and damage to SBIC's mining equipment."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 27:** As alleged in paragraph 15 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's deceptive acts and omissions caused SBIC to lose millions in profits and millions more in damaged mining equipment."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 24 and 26.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 28:** As alleged in paragraph 16 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n early 2019, SBIC visited and negotiated with several potential datacenters to host its mining equipment before ultimately deciding to enter into an agreement with Whinstone."

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 29:** As alleged in paragraph 17 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n April 2019, SBIC signed a $30 million purchase order for 40,000 Avalon A10 mining machines from Canaan, Inc."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 11.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 30:** All YOUR COMMUNICATIONS with CANAAN regarding the 40,000 Avalon A10 mining machines that YOU alleged to have purchased from CANAAN.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 29.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 31:** As alleged in paragraph 17 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[h]alf (20,000) of those machines were sent to the Whinstone facility with the other half delivered to another datacenter facility in 2021."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 11 and 14.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 32:** As alleged in paragraph 20 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone persuaded SBIC to enter into a new agreement ... by offering hosting space and management services at its facility in Rockdale, Texas."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1 and 24.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 33:** As alleged in paragraph 21 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n late 2019, SBIC delivered to Whinstone 20,000 A10-model mining machines along with $3.4 million in power supply units."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 31.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 34:** INFORMATION reflecting the type of power supply units YOU used to mine cryptocurrency at the FACILITY.

     **RESPONSE:** SBIC objects to this Request because Whinstone has equal, if not better, access to the information sought.

     Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 35:** All technical specifications, user guides, and field manuals for the power supply units YOU used to mine cryptocurrency at the FACILITY.

     **RESPONSE:** SBIC objects to the Request because the term "technical specifications" is vague and ambiguous and because it seeks information not in SBIC's possession.

     Subject to the General Objections and the foregoing objection, and following a diligent search, SBIC does not possess user guides or field manuals responsive to the Request. Otherwise, SBIC will produce responsive technical specifications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 36:** INFORMATION reflecting the type of power supply units YOU used to mine cryptocurrency at any other location than the FACILITY.

     **RESPONSE**: SBIC objects to the Request because the term "YOU used" is vague and ambiguous, because the request constitutes a fishing expedition, because it is unreasonably cumulative and duplicative of Request No. 35, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

     Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 37:** All technical specifications, user guides, and field manuals for the power supply units YOU used to mine cryptocurrency at any other location than the FACILITY.

     **RESPONSE:** SBIC objects to the Request because the term "technical specifications" is vague and ambiguous, because it seeks information not in SBIC's possession, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objections, and following a diligent search, SBIC does not possess user guides or field manuals responsive to the Request. Otherwise, SBIC will produce responsive technical specifications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 38:** As alleged in paragraph 21 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC also prepaid to Whinstone $9,685,000 for power and fees to help Whinstone finance the final buildout of the Rockdale facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 39:** As alleged in paragraph 22 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[a]s part of Whinstone's efforts to induce SBIC to enter into the new Hosting Service Agreement, Whinstone represented it had 'secured for commercial access up to one (1) gigawatt of aggregated electricity that can be delivered to the Data Center, of which a portion of that may be incrementally offered to [SBIC]."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, and 10.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 40:** As alleged in paragraph 23 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[t]his representation was false at the time it was made because Whinstone had not, in fact, secured commercial access to one (1) gigawatt of aggregated electricity for the Rockdale facility and would not secure signed power contracts until just before operations began in the summer of 2020."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, and 10.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time

and place.

**REQUEST FOR PRODUCTION NO. 41:** As alleged in paragraph 24 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "following Whinstone's failure to secure sufficient electricity for the proposed Pyote facility, the aforementioned (false) representation (that Whinstone had secured commercial access to one (1) gigawatt of aggregated electricity for the Rockdale facility) was a material addition to and modification of the parties' prior agreement."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 1, 4, 5, 9, and 10.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 42:** As alleged in paragraph 24 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "the representation was material to SBIC's decision to enter into the new Hosting Service Agreement in October 2019."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, and 10.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 43:** As alleged in paragraph 25 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's representation regarding secured electrical capacity constituted a material representation because it served as an assurance to SBIC that Whinstone could quickly provide the requisite scale and capacity to host SBIC and its other customers at the inception of operations."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, and 10.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 44:** As alleged in paragraph 25 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR

contention that "because a facility with a one (1) gigawatt capacity yields volume discounts in electricity pricing, Whinstone's misrepresentation constituted a further inducement to SBIC to enter into the new Hosting Service Agreement."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, 10, and 43.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 45:** As alleged in paragraph 26 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC relied on Whinstone's misrepresentations as an inducement to enter into the new Hosting Service Agreement."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, 10, 43, and 44.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 46:** As alleged in paragraph 26 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "were it not for Whinstone's express assurance that it secured one (1) gigawatt of electricity for commercial use, SBIC would have elected to discontinue its relationship with Whinstone, given Whinstone's failure to secure sufficient electrical power for the Pyote facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, 9, 10, 43, 44, and 45.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 47:** As alleged in paragraph 27 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[o]nce operations commenced—despite its prior (false) representation that it already secured one (1) gigawatt of electricity—Whinstone's failure delayed sufficient electricity supply to SBIC's mining operations."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative

and duplicative of Request No. 4, 5, 9, 10, and 25.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 48:** As alleged in paragraph 27 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC only learned of Whinstone's misrepresentation through press releases and SEC filings by Whinstone and its parent company, Riot Blockchain, in the later half of 2021."

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 49:** As alleged in paragraph 28 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "to induce SBIC to enter into the new Hosting Service Agreement, Whinstone represented that additional building permits, city inspections, and certifications were 'not required with regard to providing services' under the Hosting Agreement."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 1, 22, 24, and 25.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 50:** As alleged in paragraph 28 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[t]his representation was also false."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 1, 22, 24, 25 and 49.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 51:** As alleged in paragraph 28 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n the months before June 2020 (when delayed operations finally began), SBIC learned that certain certifications and inspections were, in fact, required to

turn on power, despite Whinstone's prior false representations to the contrary."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 1, 22, 24, 25, 49, and 50.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 52:** As alleged in paragraph 29 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n late June 2020, Whinstone began operation of a small number of SBIC's Equipment and operations continued to increase through August 2020."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 53:** As alleged in paragraph 29 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's failure to obtain sufficient electrical power and its additional failure to obtain certain permits and certifications necessary to operate at full capacity meant that Whinstone could not ramp-up and operate SBIC's Equipment at full capacity."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, 9, 10, 22, 24, 25, 49, and 50.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 54:** As alleged in paragraph 30 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's inability to operate SBIC's Equipment at full capacity, along with other delays in operations at the facility, directly caused SBIC to lose out on the cryptocurrency rewards it would have otherwise obtained."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, and 53.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 55:** As alleged in paragraph 31 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "during this period Whinstone regularly failed to provide SBIC with any such notice despite the occurrence of multiple power outages and curtailments."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 56:** As alleged in paragraph 31 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone also regularly failed to provide invoices and power meter data (which is the basis for Whinstone's fees) as required under the Hosting Service Agreement."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 57:** As alleged in paragraph 32 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n August and September 2020, SBIC complained to Whinstone that, based on the production of cryptocurrency mined, it appeared to SBIC that not all of its machines were up and running at full capacity."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 58:** As alleged in paragraph 32 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR

contention that "[w]hen SBIC communicated to Whinstone that its equipment was underperforming, Ashton Harris at Whinstone blamed the software provided by Northern Data and the mining equipment manufactured by Canaan."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 59:** As alleged in paragraph 32 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]n August of 2020, Whinstone opened up circuit boards manufactured by Canaan, took photographs of the circuit boards, and Whinstone's CEO, Chad Harris, accused Canaan of providing poorly manufactured PSUs."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 60:** As alleged in paragraph 32 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Chad Harris further asserted that there were no heating or other issues at the facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 61:** As alleged in paragraph 33 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[b]ased on Whinstone's claims that Canaan had provided poorly manufactured equipment, SBIC attempted to open communication channels between the two."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 62:** As alleged in paragraph 33 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Between September and November 2020, Canaan complained about Whinstone's general unresponsiveness to its requests for information."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 63:** As alleged in paragraph 33 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[b]y November 2020, Canaan's review of Whinstone data logs indicated that SBIC's machines were overheating, as well as other indicia of poor datacenter conditions, which Ashton Harris and others at Whinstone denied."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 64:** As alleged in paragraph 34 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[w]hen Canaan requested physical access to Whinstone's facility and VPN to verify its preliminary analysis, Whinstone refused and insisted that there were no issues at the facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 65:** As alleged in paragraph 35 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[f]rom approximately February 2020 to the first half of 2021, SBIC's employees could not freely travel to and from Japan because of Covid travel restrictions."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 66:** As alleged in paragraph 35 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC relied on Whinstone's active concealment and false representations that the facility did not suffer from overheating and other environmental issues."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 67:** As alleged in paragraph 35 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]nstead of fully disclosing the actual cause of the underperformance of SBIC's equipment, Whinstone recommended SBIC purchase replacement PSUs from Whinstone, directly."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 68:** As alleged in paragraph 35 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "in April 2021, SBIC purchased 4,000 PSUs from Whinstone at a cost to SBIC of $72,000."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative

and duplicative of Request No. 34.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 69:** As alleged in paragraph 36 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "despite its contractual representations, Whinstone failed to provide the separate buildings, adequate rack systems, and electrical supply."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 70:** As alleged in paragraph 38 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to operate an evaporative cooling system, despite its representations that additional permits, city inspections, or certifications were not required for Whinstone to successfully provide services pursuant to the Hosting Service Agreement."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 22, 24, and 25.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 71:** As alleged in paragraph 39 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone repeatedly represented to SBIC that the facility contained an evaporative cooling system and that regardless, any heating issues at the facility could be resolved without an evaporative cooling system."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 70.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 72:** As alleged in paragraph 39 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "even though Whinstone installed cooling sheets at the facility, the facility contained no running water until June 2021."

 **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 73:** As alleged in paragraph 39 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone ... repeatedly and falsely communicated that the facility did not experience any heat related problems."

 **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 70 and 71.

 Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 74:** As alleged in paragraph 40 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "on May 28, 2021, Whinstone notified SBIC of its termination of the Hosting Service Agreement."

 **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 6 and because Whinstone has equal, if not better, access to the information sought.

 Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 75:** As alleged in paragraph 41 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC employees visited the facility on June 10, 2021."

 **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 76:** As alleged in paragraph 41 of the

COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "the visit revealed to SBIC the dirty floors and racks, lack of dust filters, inadequate recirculation of air, and the non- operating water-cooling curtains at the facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 77:** As alleged in paragraph 41 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[p]rior to its employees visiting the facility on June 10, 2021, SBIC relied on the multiple representations from Whinstone's representatives concerning the causes of SBIC's Equipment underperformance."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 35 and 66.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 78:** The photographs contained in paragraph 42 of the COMPLAINT.

**RESPONSE:** SBIC object to the Request_because Whinstone has equal, if not better, access to the information sought.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive photographs at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 79:** All DOCUMENTS and COMMUNICATIONS that YOU contend provided YOU the right to take the photographs contained in paragraph 42 of the COMPLAINT.

**RESPONSE:** SBIC objects to the Request to the extent that it requires SBIC to make a legal conclusion, because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence, and because it is unreasonably cumulative and duplicative of Request No. 8.

Subject to the General Objections and the foregoing objections, SBIC will

produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 80:** As alleged in paragraph 43 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[a]t the onsite visit, SBIC's representatives opened up a miner in front of Ashton Harris, Whinstone's co-founder and chief information officer, and the individual responsible for managing the information and computer systems."

    **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 81:** As alleged in paragraph 43 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[e]ven Mr. Harris observed and acknowledged the high levels of dust and corrosion build-up."

    **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 82:** As alleged in paragraph 44 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[d]uring the aforementioned onsite visit, SBIC observed that Whinstone provided its other customers' equipment with dust filters—the same dust filters which were noticeably absent on SBIC's Equipment housed in the very same facility."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 83:** As alleged in paragraph 44 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "on more than one occasion, Whinstone confirmed with SBIC that dust filters had been installed on SBIC's equipment."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 84:** As alleged in paragraph 45 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[o]n June 25, 2021, SBIC accessed data provided by miners using Whinstone's VPN portal."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 85:** As alleged in paragraph 45 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[t]he data contained in the miners indicated a low hash rate (a measure of computational power utilized for mining), overheating, and misconfiguration of equipment."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 86:** As alleged in paragraph 45 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[i]t was then that SBIC learned that some equipment was never changed from its default configuration and thus, never put into use for SBIC's mining operations."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 87:** As alleged in paragraph 46 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC's equipment was moved out of the facility in July and August of 2021."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative

and duplicative of Request Nos. 4 and 6.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 88:** As alleged in paragraph 47 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC spent months looking to reuse its equipment at another facility."

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 89:** As alleged in paragraph 47 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "the substandard operating conditions at the Rockdale facility became widely known by potential buyers after industry media coverage of Whinstone's sale to Riot Blockchain, Inc., unwittingly revealed pictures of dust and corrosion at the facility."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 90:** As alleged in paragraph 48(5) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that Whinstone "misrepresent[ed] 50 megawatts of power had been secured on October 24, 2019."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 9, 10, 22, 24, 25, 40, 46, and 53.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 91:** As alleged in paragraph 48(6) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that Whinstone "misrepresent[ed] in 2019 and 2020 the availability of power after delays despite not securing power until May 2020."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 9, 10, 22, 24, 25, 40, 46, and 53.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 92:** As alleged in paragraph 49(1) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone relocated SBIC Equipment and place another customer's equipment in the space used by SBIC while failing to provide sufficient advance smart hands services."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 93:** As alleged in paragraph 49(2) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to install all SBIC Equipment within 30 days of the October 3, 2019, Ready for Use ('RFU') date and did not intend to do so during the said 30-day period while continuing to make misrepresentations that it would."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 94:** As alleged in paragraph 49(3) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to maintain an intake temperature of less than 29 degrees Celsius due to its failure to operative cooling walls, and willfully concealed this fact; and failed to turn off machines with an intake temperature of greater than 29.5 degrees Celsius, and failed to provide reports to SBIC that there were problems with heat."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, 70, 71, and 72.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 95:** As alleged in paragraph 49(4) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to prevent the mixing of hot exhaust air with cool air due to poor design of sizing of hot and cold aisles and insufficient air pressurization and did not use exhaust or intake fans at all despite industry knowledge that fans create a positive pressure system for efficient airflow and reduce hot- cold air mixing."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, 70, 71, and 72.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 96:** As alleged in paragraph 49(5) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to use filters in the air intake system designed to prevent dust and dirt, while only using louvers and screens to prevent large objects and precipitation from entering the datacenter."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 97** As alleged in paragraph 49(6) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to ensure the datacenter and air inside was free of dust, dirt, insect particles, and corrosion which were found on the insides [sic] SBIC's equipment."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 98:** As alleged in paragraph 49(7) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone did not measure actual power consumption for billing purposes for several months as power meters were not installed."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 99:** As alleged in paragraph 49(8) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone did not adhere to requirements of § 3.12.2 of the Hosting Service Agreement."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 100:** As alleged in paragraph 49(9) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to maintain hashrate to performance guarantees or specifications due to poor heat and dust control inside the datacenter."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, 76, 96, and 97.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 101:** As alleged in paragraph 49(10) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "several industry experts who observed Whinstone's datacenter attest that Whinstone has a poor datacenter design and poor management of dirt and airflow inside the datacenter."

    **RESPONSE:** SBIC objects to the Request to the extent that it requires SBIC to disclose its expert witnesses or their testimony prior to the deadline as established

by the parties' Proposed Scheduling Order.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 102:** As alleged in paragraph 49(11) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to provide maintenance or regular reports when hashrate fell below threshold levels."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4, 5, and 19.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 103:** As alleged in paragraph 49(12) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed on several occasions to give 24-hours' notice of downtime when it was known in advance or, when it was not known in advance, provide notice as soon as possible afterwards. SBIC gave several warnings to Whinstone regarding notifications."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 104:** As alleged in paragraph 49(13) of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone failed to issue reports when 10 percent of machines were offline, and in almost all instances, did not respond within the required time."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 105:** As alleged in paragraph 49(14) of the

COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone . . . had not signed power contracts until just before operations began in summer 2020, despite its explicit representation that it had done so."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 9, 10, 22, 24, 25, 40, 46, and 53.

> Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 106:** All INFORMATION reflecting the date that YOU first became of aware of Whinstone's alleged breaches of contract.

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 4 and 5, among others. SBIC further objects to the Request because the terms "first became aware of Whinstone's alleged breaches" are vague and ambiguous and because, to the extent that the Request requires SBIC to interpret a term of the Rockdale Hosting Services Agreement, the Request calls for one or more legal conclusions. To the extent that "first became aware of Whinstone's alleged breaches" refers to when SBIC became aware of each circumstance that gave rise to each breach, SBIC objects because the Request is overbroad and unduly burdensome and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

> Subject to the General Objections and the foregoing objections, and to the extent that "first became aware of Whinstone's alleged breaches" means when SBIC had sufficient knowledge of all circumstances necessary to give rise to a breach of the Rockdale Hosting Services Agreement, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 107:** All INFORMATION reflecting the date that YOU first became of aware of Whinstone's alleged fraudulent inducement.

> **RESPONSE:** SBIC objects to the Request because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence and because the terms "first became aware of" are vague and ambiguous.

> Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 108:** All INFORMATION reflecting the date that YOU first became of aware of Whinstone's alleged fraud.

**RESPONSE:** SBIC objects to the Request because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence and because the terms "first became aware of" are vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 109:** All INFORMATION reflecting the date that YOU first became of aware of Whinstone's alleged fraud by nondisclosure.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**RESPONSE:** SBIC objects to the Request because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence and because the terms "first became aware of" are vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 110:** All INFORMATION reflecting the date that YOU first became of aware of Whinstone's alleged fraudulent concealment.

**RESPONSE:** SBIC objects to the Request because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence and because the terms "first became aware of" are vague and ambiguous.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 111:** As alleged in paragraph 54 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "While looking to resale or reuse its equipment, SBIC spent several months moving that equipment to storage."

**RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 112:** As alleged in paragraph 54 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "SBIC timely noticed breach of contract on June 2, 2022, after its efforts

mitigate its damages proved futile."

    **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 4, 5, and 7.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 113:** As alleged in paragraph 55 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[a]t the time the parties entered in the Hosting Service Agreement, demand for electric capacity was significantly lower and space for cryptocurrency mining equipment was more readily available."

    **RESPONSE:** SBIC objects to his Request because it seeks information that is accessible through public information.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 114:** As alleged in paragraph 55 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "[s]ince the termination of the Hosting Service Agreement, demand for electric capacity has increased substantially and SBIC has been unable to find an economically viable company able to host its mining equipment at a capacity close to the size of the facility promised by Whinstone."

    **RESPONSE:** SBIC object to his Request because it seeks information that is accessible through public information.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 115:** As alleged in paragraph 58 of the COMPLAINT, all DOCUMENTS and COMMUNICATIONS supporting YOUR contention that "Whinstone's conduct was knowingly, intentional, willful, malicious, wanton, and contrary to law."

    **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 116:** As alleged in paragraph 59 of the COMPLAINT, all INFORMATION supporting YOUR contention that "[a]s a direct result of Whinstone's acts and omissions, SBIC suffered lost profits of $15,000,000 when SBIC's Equipment went unused, underperformed, and was damaged by the conditions at Whinstone's facility."

    **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 117:** As alleged in paragraph 60 of the COMPLAINT, all INFORMATION supporting YOUR contention that "[a]s a direct result of Whinstone's acts and omissions, SBICE suffered additional damages in excess of $16,000,000, which is the approximate cost of the SBIC Equipment damaged at the Rockdale facility, which otherwise could have been resold at a profit."

    **RESPONSE:** Subject to the General Objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 118:** As alleged in paragraph 61 of the COMPLAINT, all INFORMATION, including but not limited to engagement letters and invoices (redacted for privilege), supporting YOUR contention that "SBIC also incurred attorneys' fees and costs related to hiring counsel to pursue these claims and is entitled to indemnity pursuant to ¶ 8.3 of the Hosting Service Agreement."

    **RESPONSE:** SBIC objects to the Request because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence and because the Request is premature. A redacted version of billing invoices will be timely produced consistent with the deadlines provided in the scheduling order, including the deadlines for expert disclosures.

**REQUEST FOR PRODUCTION NO. 119:** As alleged in paragraph 64 of the COMPLAINT, all INFORMATION, including but not limited to DOCUMENTS and COMMUNICATIONS reflecting the amounts and dates paid, supporting YOUR contention that SBI "timely paid all requisite costs and fees to Whinstone as agreed . . ."

    **RESPONSE:** SBIC objects to the Request because Whinstone has equal, if not better, access to the information sought.

    Subject to the General Objections and the foregoing objection, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 120:** As alleged in paragraph 65 of the COMPLAINT, all INFORMATION supporting YOUR contention that "SBIC suffered benefit-of-the-bargain damages as a result of Whinstone's breach, including lost profits, damages related to the cost of damaged equipment, and/or out-of-pocket costs in reliance on the parties' agreement … "

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 27, 116, and 117.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 121:** As alleged in paragraph 70 of the COMPLAINT, all INFORMATION supporting YOUR contention that "Whinstone made material misrepresentations to SBIC, including … that construction of the Rockdale facility was fully complete or near full completion."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1 and 45.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 122:** As alleged in paragraph 71 of the COMPLAINT, all INFORMATION supporting YOUR contention that "Whinstone knew its representations were false at the time it made representations … and/or lacked knowledge of the truth concerning certain representations, and/or had no intention of performing certain obligations at the time promised, and/or no intention of performing in the future."

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 123:** As alleged in paragraph 72 of the COMPLAINT, all INFORMATION supporting YOUR contention that "Whinstone intended that SBIC should rely and act on their misrepresentations by, *inter alia*, entering into the new Hosting Service Agreement and/or continuing to perform its obligations under the same after operations began."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1 and 45.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 124:** As alleged in paragraph 73 of the COMPLAINT, all INFORMATION supporting YOUR contention that "SBIC relied on Whinstone's misrepresentations as inducement for entering into the new Hosting Service Agreement and/or continuing to perform its obligations under the same after operations began."

> **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 22, and 45.
>
> Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 125:** As alleged in paragraph 75 of the COMPLAINT, all INFORMATION supporting YOUR contention that SBI "should be awarded exemplary damages."

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 126:** As alleged in paragraph 79 of the COMPLAINT, all INFORMATION supporting YOUR contention that "Whinstone had a duty to disclose these full facts to SBIC because (i) Whinstone discovered new information which made one or more prior representations misleading or untrue, (ii) Whinstone created a false impression by making one or more partial disclosures of certain facts, or (iii) Whinstone voluntarily disclosed some information and therefore had a duty to disclose the whole truth."

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 127:** As alleged in paragraph 80 of the COMPLAINT, all INFORMATION supporting YOUR contention that "[t]hese undisclosed facts were material and Whinstone knew that (i) SBIC was ignorant of the facts, (ii) SBIC did not have an equal opportunity to discover the facts, and/or (iii) Whinstone was deliberately silent when it had a duty to speak."

> **RESPONSE:** Subject to the General Objections, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 128:** As alleged in paragraph 81 of the COMPLAINT, all INFORMATION supporting YOUR contention that "[b]y failing to disclose the foregoing facts, Whinstone intended to induce SBIC to enter into the new

Hosting Service Agreement, perform its (SBIC's) obligations under the same, and refrain from further investigating Whinstone's false representations. SBIC relied on Whinstone's nondisclosures."

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 22, 45, 123, and 124.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 129:** All of YOUR COMMUNICATIONS with WHINSTONE, including, but not limited to, HARRIS and A. HARRIS, regarding YOUR mining equipment at the FACILITY.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 2, 3, 4, 5, 6, among many others.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 130:** All of YOUR COMMUNICATIONS with any third party regarding YOUR mining equipment at the FACILITY.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 2, 3, 4, 5, 6, among many others.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 131:** All DOCUMENTS and COMMUNICATIONS reflecting any payments YOU have made to CANAAN.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 38 and 119, because the request constitutes a fishing expedition, because it is overbroad and unduly burdensome, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 132:** YOUR COMMUNICATIONS with THILLAINATHAN regarding this lawsuit, the HOSTING AGREEMENTS, the

FACILITY, and/or WHINSTONE.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request Nos. 1, 2, 3, 4, 5, 6, among many others.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 133:** All DOCUMENTS and COMMUNICATIONS concerning YOUR purchase of any mining equipment that was used at a location other than the FACILITY to mine cryptocurrency.

**RESPONSE:** SBIC objects to the Request SBIC objects to this Request because the term "YOU use" is vague and ambiguous, because it is overbroad and unduly burdensome, because the request constitutes a fishing expedition, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 134:** All DOCUMENTS and COMMUNICATIONS concerning YOU reselling any mining equipment that was used at a location other than the FACILITY to mine cryptocurrency.

**RESPONSE:** SBIC objects to the Request SBIC objects to this Request because the term "YOU use" is vague and ambiguous, because it is overbroad and unduly burdensome, and because it seeks information which is not relevant nor calculated to lead to the discovery of admissible evidence.

Subject to the General Objections and the foregoing objections, SBIC will produce responsive documents and communications at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 135:** All DOCUMENTS and COMMUNICATIONS relating to WHINSTONE paying YOU approximately $7 million in June 2021, including, but not limited to, the reasons for such payment.

**RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 6.

Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 136:** All DOCUMENTS and COMMUNICATIONS relating to WHINSTONE paying YOU approximately $237 thousand in February 2022, including, but not limited to, the reasons for such payment.

      **RESPONSE:** SBIC objects to the Request because it is unreasonably cumulative and duplicative of Request No. 6.

      Subject to the General Objections and the foregoing objection, SBIC will produce responsive information at a mutually agreeable time and place.

      Respectfully submitted,

      **WINSTEAD PC**

      By: */s/ Joshua M. Sandler*
      Joshua M. Sandler
      Texas Bar No. 24053680
      jsandler@winstead.com
      Cory Johnson
      Texas Bar No. 24046162
      cjohnson@winstead.com
      Matthew Hines
      Texas Bar No. 24120892
      mhines@winstead.com
      D. Blake Wilson
      Texas Bar No. 24090711
      bwilson@winstead.com
      **WINSTEAD PC**
      2728 N. Harwood Street, Suite 500
      Dallas, Texas 75201
      Telephone: (214) 745-5103
      Facsimile: (214) 745-5390

      **ATTORNEYS FOR PLAINTIFF**
      **SBI CRYPTO CO. LTD**

## CERTIFICATE OF SERVICE

I certify that, on October 5, 2023, a true and correct copy of the foregoing was served via electronic mail to all counsel of record.

*/s/ Joshua M. Sandler*
Joshua M. Sandler