# EXHIBIT "B"


**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
2021 MCKINNEY AVENUE, SUITE 1600
DALLAS, TX 75201-3340
214.999.3000 TEL
214.999.4667 FAX
WWW.FOLEY.COM

rslovak@foley.com
(214) 999-4334

September 13, 2024

**Via ECF**

Hon. Jeffrey C. Manske
800 Franklin Ave.
Waco, Texas 76701

    Re:    Motion to Compel Letter Brief in *SBI Crypto Co., LTD v. Whinstone US, Inc.*, Case No. 6:23-CV-00252-ADA-JCM, in the United States District Court for the Western District of Texas—Waco Division

Dear Honorable Manske:

    SBI Crypto Co., LTD ("SBI") improperly: (1) claims privilege over emails between two former employees exchanged post-employment discussing this lawsuit and its subject matter; and (2) demands wildly overbroad discovery from Whinstone and third-parties about other contracts, other customers, and separate litigation with Whinstone that bear no relationship to SBI's claims in this lawsuit.

    First, no attorneys are included in these email communications withheld. They not protected by any privilege on those grounds. *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 10676766, at *2 (E.D. Tex. May 19, 2009). Nor are these former employees "client representatives" under attorney-client and work-product privileges. They did not retain "authority to obtain professional legal services on behalf of the [former] client, do not "ha[ve] authority to act on legal advice to the client," nor authority to "ma[ke] or receive the confidential communication while acting within the scope of his employment for the purpose of effectuating legal representation to the client." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 475 (N.D. Tex. 2004); *see also Clark Equip. Co. v. Lift Parts Mfg. Co., Inc.*, No. 82 C 4585, 1985 WL 2917, at *5 (N.D. Ill. Oct. 1, 1985).

    Second, SBI improperly seeks overbroad and irrelevant information in a manner lacking proportionality. Fed. R. Civ. Proc. 26(b)(1). SBI seeks information regarding every aspect of Whinstone's cryptocurrency mining facility from both Whinstone and third-parties including all documents produced in third party litigation. *E.g.* SBI Req. Prod. No. 27 ("All communications related to the amounts of power made available to Customers other than SBIC at the Rockdale Facility."); GMO Supb. Req. No. 3 ("All Documents and Communications related to the power Whinstone actually made available to You and/or other customers."), Req. No. 7 (all documents from separate lawsuit). That is improper. *E.g. Hirsch v. USHealth Advisors, LLC*, No. 4:18-CV-245-P, 2020 WL 1271588, at *3 (N.D. Tex. Feb. 14, 2020), *aff'd*, No. 4:18-CV-00245-P, 2020 WL 1271374 (N.D. Tex. Mar. 12, 2020); *BNSF Ry. Co. v. Panhandle N. R.R. LLC*, No. 4:16-CV-01061-O, 2018 WL 4076487, at *2 (N.D. Tex. Jan. 11, 2018).



September 13, 2024
Page 2

                                              Sincerely,

                                              FOLEY & LARDNER LLP

                                              Robert T. Slovak

cc:  All counsel of record

4882-3736-9572.4