# EXHIBIT "E"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,** *Plaintiff*, v. **WHINSTONE US, INC.,** *Defendant*. | Civil Action No.: 6:23-cv-252-ADA-JCM |

### PLAINTIFF SBI CRYPTO CO., LTD.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Plaintiff, SBI Crypto Co., Ltd. ("SBIC") serves its initial disclosures as follows:

### GENERAL LIMITATIONS AND EXCEPTIONS

1. These Initial Disclosures are made upon a review of information reasonably available to SBIC at this time and address claims currently asserted in this action. SBIC reserves the right to supplement these disclosures, as warranted, and SBIC reserves the right to assert applicable objections to the disclosure of additional information or documents, as may be warranted.

2. SBIC will withhold information protected from disclosure by any applicable privilege, including, without limitation, the attorney-client privilege and/or work-product immunity doctrine.

3. SBIC, in making these Initial Disclosures, does not waive any objections it may later have to discovery requests propounded by Defendant based on relevance, over breadth, burdensomeness, materiality, competence, or other grounds.

4. SBIC, in making these Initial Disclosures, does not consent to, or waive any objection to, any attempt by Defendant Whinstone US, Inc. ("Whinstone") to contact employees of SBIC. Any such contacts must be made through and expressly authorized by the undersigned counsel.

## INITIAL DISCLOSURES

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE**: Subject to further investigation, discovery and proceedings in this matter, SBIC responds as follows:

| Name/Title | Subject Matter |
|---|---|
| Corporate Representative of SBI Crypto Co., Ltd.<br>c/o Joshua Sandler<br>jsandler@winstead.com<br>2728 N. Harwood Street, Suite 500<br>Dallas, Texas 75201<br>Telephone: (214) 745-5103<br>Facsimile: (214) 745-5390 | • Relationship between SBIC and Whinstone<br>• Representations made by Whinstone in anticipation of entering into the Hosting Services Agreement<br>• Terms of the Hosting Services Agreement<br>• Circumstances giving rise to SBIC's breach of contract claim<br>• Representations made by Whinstone during the term of the Hosting Services Agreement<br>• Conditions present in Whinstone's Rockdale Facility upon inspection in June 2022<br>• Condition of the SBIC's bitcoin mining machines prior to and after use in Whinstone's Rockdale Facility<br>• Damages suffered by SBIC |

| Name/Title | Subject Matter |
|---|---|
| Carson Blake Smith<br>Chief Executive Officer<br>SBI Crypto Co., Ltd.<br>c/o Joshua Sandler<br>jsandler@winstead.com<br>2728 N. Harwood Street, Suite 500<br>Dallas, Texas 75201<br>Telephone: (214) 745-5103<br>Facsimile: (214) 745-5390 | • Relationship between SBIC and Whinstone<br>• Representations made by Whinstone in anticipation of entering into the Hosting Services Agreement<br>• Terms of the Hosting Services Agreement<br>• Circumstances giving rise to SBIC's breach of contract claim<br>• Representations made by Whinstone during the term of the Hosting Services Agreement<br>• Conditions present in Whinstone's Rockdale Facility upon inspection in June 2022<br>• Condition of the SBIC's bitcoin mining machines prior to and after use in Whinstone's Rockdale Facility<br>• Damages suffered by SBIC |
| Jonathan Tanemori<br>Chief Executive Officer<br>SBI Crypto Co., Ltd.<br>c/o Joshua Sandler<br>jsandler@winstead.com<br>2728 N. Harwood Street, Suite 500<br>Dallas, Texas 75201<br>Telephone: (214) 745-5103<br>Facsimile: (214) 745-5390 | • Relationship between SBIC and Whinstone<br>• Representations made by Whinstone in anticipation of entering into the Hosting Services Agreement<br>• Terms of the Hosting Services Agreement<br>• Circumstances giving rise to SBIC's breach of contract claim<br>• Representations made by Whinstone during the term of the Hosting Services Agreement<br>• Conditions present at Whinstone's Rockdale Facility upon inspection in June 2022<br>• Condition of the SBIC's bitcoin mining machines prior to and after use in Whinstone's Rockdale Facility<br>• Damages suffered by SBIC |
| Corporate Representative of Riot Platforms, Inc.<br>3855 Ambrosia Street<br>Suite 301<br>Castle Rock, CO 80109<br>(303)-794-2000 | • Conditions at Whinstone's Rockdale Facility<br>• Management of Whinstone's Rockdale Facility<br>• Industry standards and practices<br>• Whinstone's performance under the Hosting Services Agreement |

| Name/Title | Subject Matter |
|---|---|
| Corporate Representative of Northern Data AG<br>An der Welle 3<br>60322 Frankfurt am Main<br>Germany<br>+49 69 34 87 52 25 | • Conditions at Whinstone's Rockdale Facility<br>• Management of Whinstone's Rockdale Facility<br>• Industry standards and practices<br>• Representations made by Whinstone in anticipation of entering into the Hosting Services Agreement<br>• Representations made by Whinstone during the term of the Hosting Services Agreement<br>• Whinstone's performance under the Hosting Services Agreement |
| Corporate Representative of Kaboomracks<br>12333 Sowden Rd<br>Ste B #80432<br>Houston, TX 77080 | • Condition of the SBIC's bitcoin mining machines prior to use in Whinstone's Rockdale Facility<br>• Expected performance of SBIC's bitcoin mining machines<br>• Industry standards and practices |
| Corporate Representative of Canaan, Inc.<br>28 Ayer Rajah Crescent #06-08<br>Singapore 139959 | • Condition of SBIC's bitcoin mining machines prior to and after use in Whinstone's Rockdale Facility<br>• Expected performance of SBIC's bitcoin mining machines<br>• Performance metrics for SBIC's bitcoin mining machines while in use at Whinstone's Rockdale Facility<br>• Industry standards and practices |
| Any individuals listed by Defendant in its disclosures. | |
| SBIC incorporates the names of all persons identified in the documents produced by the parties in this action. As discovery progresses, SBIC will supplement this disclosure as required by FED. R. CIV. P. 26. | • The contents and subject matter of the documents in which their names are identified. |

(ii)    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE**:  Subject to further investigation, discovery and proceedings in this matter, SBIC responds as follows:

1. Communications and documents exchanged between SBIC and Whinstone prior to entering into the Hosting Services Agreement;

2. The Parties' Hosting Services Agreement;

3. Communications and documents related to the development, negotiation, and execution of the Hosting Services Agreement;

4. Communications between SBIC and Whinstone during the term of the Hosting Services Agreement;

5. Photos from Whinstone's Rockdale Facility;

6. Data related to the condition and performance of SBIC's bitcoin mining machines;

7. Financial information related to the Hosting Services Agreement and SBIC's bitcoin mining machines.

The documents and communications listed above are located on the computer systems of SBIC. SBIC will supplement these Disclosures by identifying or producing any additional documents responsive to Rule 26(a)(1)(A)(ii).

(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE**: First, SBIC contends that, as a proximate result of Whinstone's breaches of the Hosting Services Agreement, SBIC suffered benefit-of-the-bargain damages, including lost profits, damages related to the cost of damaged equipment, and/or as out-of-pocket costs in reliance on the Parties' Hosting Services Agreement. SBIC is entitled to recover its reasonable attorneys' fees for prevailing in its breach of contract claim against Whinstone pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code and the indemnity provision found in ¶ 8.3 of the Hosting Service Agreement.

Second, SBIC contends that, as a proximate result of Whinstone's intentional misrepresentations upon which SBIC relied, SBIC suffered benefit-of-the-bargain damages, in excess of $15,000,000, damages related to the cost of damaged equipment in excess of $16,000,000 as well as out-of-pocket costs in reliance on Whinstone's fraudulent misrepresentations. Additionally, Whinstone's fraudulent acts and omissions were committed knowingly, intentionally, willfully, maliciously, or with wanton and gross negligence for which SBIC should be awarded exemplary damages. SBIC is entitled to recover its reasonable attorneys' fees against Whinstone pursuant to the indemnity provision provided in ¶ 8.3 of the Hosting Service Agreement.

Third, SBIC contends that, as a proximate result of Whinstone's failure to disclose certain material facts to SBIC, SBIC suffered benefit-of-the-bargain damages, including lost profits in excess of $15,000,000, damages related to the cost of damaged equipment in excess of $16,000,000, as well as other out-of-pocket costs in reliance on Whinstone's fraudulent misrepresentations. Whinstone's fraudulent acts and omissions were committed knowingly, intentionally, willfully, maliciously, or with wanton and gross negligence for which SBIC should be awarded exemplary damages. SBIC is entitled to recover its reasonable attorneys' fees against Whinstone pursuant to the indemnity provision provided in ¶ 8.3 of the Hosting Service Agreement.

SBIC's damages will be supported by calculations provided by its designated experts as well as SBIC's representatives and personnel. SBIC reserves the right to supplement these Disclosures in accordance with the Parties' Scheduling Order and the Federal Rules of Civil Procedure.

(iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all of part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment

**RESPONSE**: Pursuant to Section 8.12 of the Hosting Services Agreement, "Whinstone shall maintain minimum general business liability insurance in the amount of United States dollars ten million (US $10,000,000) per occurrence or replacement value of the Customer's equipment, whichever is lower." Otherwise, SBIC is not presently aware of any information or documents subject to disclosure under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, but reserves the right to update this disclosure as more information becomes available.

DATED: August 21, 2023.

Respectfully submitted,

By: */s/ Joshua M. Sandler*
Joshua M. Sandler
Texas Bar No. 24053680
jsandler@winstead.com
Cory Johnson
Texas Bar No. 24046162
cjohnson@winstead.com
Matthew Hines
Texas Bar No. 24120892
mhines@winstead.com
D. Blake Wilson
Texas Bar No. 24090711
bwilson@winstead.com
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 745-5103
Facsimile: (214) 745-5390

**ATTORNEYS FOR PLAINTIFF
SBI CRYPTO CO. LTD**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on August 21, 2023 a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail.

                                      */s/  Joshua M. Sandler*
                                        Joshua M. Sandler