**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SBI CRYPTO CO., LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CASE NO. 6:23-CV-00252-ADA-JCM** |
| | § | |
| **WHINSTONE US, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>ORDER</u>**

Before the Court is Defendant Whinstone US, Inc.'s Motion to Compel Discovery (ECF No. 46) and the attendant responses and replies thereto. For the reasons stated below, the Court **ORDERS** Plaintiff SBI Crypto Co., Ltd. to submit the withheld communications for *in camera* review. The Court reserves ruling on Defendant's Motion until it has reviewed the communications *in camera*.

## I.    INTRODUCTION

Plaintiff SBI is a cryptocurrency mining company that contracted by mutual agreement with Defendant Whinstone, who operates a cryptocurrency mining facility and data center, to conduct operations at Whinstone's facility in Rockdale, Texas (the "Facility"). Pl.'s Am. Compl. (ECF No. 11) at 2. SBI's employees reported unsatisfactory conditions in violation of certain contractual environmental warranties and representations after visiting the Facility. *Id.* at 11.

SBI sued Whinstone for breach of contract, fraud/fraudulent inducement, and fraud by nondisclosure and concealment. *Id.* at 16–17, 19. SBI seeks economic damages for lost profits and damaged equipment, exemplary damages, attorney's fees, and prejudgment and post-judgment interest. *Id.* at 20–21.

1

Whinstone filed this Motion to Compel, focusing on written communications between Jonathan Tanemori and Carson Smith involving this lawsuit. Def.'s Mot. Compel at 3. SBI withheld six emails claiming they contain "[c]lient representative communications for the provision of legal services" and attorney work product. Pl.'s Resp. at 4. As the Court noted in a separate order, the parties have devoted dozens of pages and hours to recounting their discovery disputes, and the Court need not summarize them here.

## II.    RELEVANT LAW

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Discovery requests must be proportional to case needs, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In resolving discovery motions, a magistrate judge holds "broad discretion." *A.M. Castle & Co. v. Byrne*, 2015 WL 4756928, at *1 (S.D. Tex. Aug. 12, 2015). The party seeking discovery bears the initial burden of showing the information sought is relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) (Counts, J.). Once the party seeking discovery establishes the requested materials are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *Id.*

### III.    ANALYSIS

Whinstone seeks written communications between Tanemori and Smith regarding this lawsuit. Def.'s Mot. Compel at 3. SBI argues, to begin with, that Whinstone's Motion to Compel is untimely. Pl.'s Resp. at 5. SBI contends that the Court order Whinstone to file its Motion to Compel within seven days of the September 16, 2024 discovery conference, and Whinstone filed its Motion two days late. *Id.* The Court noted during the discovery conference that nothing suggested that the requested emails are privileged. ECF No. 43. The Court permitted SBI to submit the emails for *in camera* review if SBI wished to assert a privilege. *Id.* SBI has not done so. Instead, SBI continues to argue that the emails are privileged because "the privilege extends to former employees *in certain contexts.*" Pl.'s Resp. at 4 (emphasis added).

Based on the sparse descriptions of the withheld communications, it is unclear whether the attorney-client privilege applies to the emails between SBI's former employees in *this* context. Accordingly, the Court orders SBI to submit the withheld emails for *in camera* review. The Court will reserve its ruling on Whinstone's Motion to Compel until the Court has reviewed the emails *in camera*.

### IV.    CONCLUSION

For all these reasons, **IT IS ORDERED THAT** Plaintiff must submit the withheld communications for the Court to conduct an *in camera* review. Plaintiff shall submit these emails to the Court, via email to Ariana_Noshari@txwd.uscourts.gov, no later than the close of business, 5:00 pm, on October 18, 2024. The Court will reserve its ruling on Whinstone's Motion to Compel (ECF No. 46) until it is able to review the emails *in camera*.

It is so **ORDERED**.

**SIGNED this 15th day of October 2024.**

**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**