IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,** *Plaintiff,* v. **WHINSTONE US, INC.,** *Defendant.* | Civil Action No.: 6:23-cv-252-ADA-JCM |

**PLAINTIFF'S ANSWER AND DEFENSES TO
DEFENDANT'S COUNTERCLAIMS**

Plaintiff, SBI Crypto Co. Ltd., ("SBI") files its Answer and Defenses to Defendant, Whinstone US, Inc.'s ("Whinstone") Counterclaims, and alleges as follows:

**I.
ANSWER**

**A.  Parties**

1. SBI admits the allegations contained in Paragraph 107.

2. SBI admits the allegations contained in Paragraph 108.

**B.  Jurisdiction and Venue**

3. The allegations contained in Paragraph 109 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI admits that this Court has jurisdiction over Whinstone's counterclaims.

4. The allegations contained in Paragraph 110 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI admits that venue is proper in this Court.

## C. Factual Background

5. SBI admits it entered into the Hosting Agreement. SBI denies the remaining allegations in Paragraph 111.

6. The allegations contained in Paragraph 112 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations in Paragraph 112.

7. SBI admits that, on or about May 28, 2021, Whinstone notified SBI that the Hosting Services Agreement was being terminated due to Whinstone being acquired and that, following termination, Whinstone packed and shipped SBI's miners from the Rockdale Facility. Otherwise, SBI denies the allegations contained in Paragraph 113.

8. SBI admits that the excerpted quotes from the communication referenced in Paragraph 114 occurred. Otherwise, SBI denies the allegations contained in Paragraph 114.

9. SBI lacks knowledge or information sufficient to form a belief about the truth of Whinstone's allegation regarding Chad Harris' intentions. Otherwise, SBI denies the allegations contained in Paragraph 115.

10. SBI admits that the excerpted quotes from the communication referenced within Paragraph 116 occurred. SBI otherwise denies the allegations contained within Paragraph 116.

11. SBI admits that the excerpted quotes from the communication referenced in Paragraph 117 occurred. SBI otherwise denies the allegations contained in Paragraph 117.

12. SBI admits that the excerpted quotes from the communication referenced in Paragraph 118 occurred. SBI otherwise denies the allegations contained in Paragraph

118.

    13.    SBI denies the allegations contained in Paragraph 119.

    14.    SBI denies the allegations contained in Paragraph 120.

    15.    SBI denies the allegations contained in Paragraph 121.

    16.    SBI admits that the excerpted quotes from the communication referenced in Paragraph 122 occurred. SBI otherwise denies the allegations contained in Paragraph 122.

    17.    SBI denies the allegations contained in Paragraph 123.

    18.    SBI denies the allegations contained in Paragraph 124.

    19.    SBI denies the allegations contained in Paragraph 125.

    20.    The allegations contained in Paragraph 126 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations contained in Paragraph 126.

**D.    Count I: Breach of the Settlement Agreement**

    21.    The allegations contained in Paragraph 127 set forth purported legal conclusions that require no answer.

    22.    The allegations contained in Paragraph 128 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations contained in Paragraph 128.

    23.    SBI denies the allegations contained in Paragraph 129.

    24.    The allegations contained in Paragraph 130 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations contained in Paragraph 130.

### E. Count II: Fraudulent Inducement

25. The allegations contained in Paragraph 131 set forth purported legal conclusions that require no answer.

26. SBI denies the allegations contained in Paragraph 132.

27. SBI admits that SBI received the approximate amounts referenced in Paragraph 133. Otherwise, SBI denies the allegations contained in Paragraph 133.

28. SBI denies the allegations contained in Paragraph 134.

### F. Attorney's Fees

29. The allegations contained in Paragraph 135 set forth purported legal conclusions that require no answer.

30. The allegations contained in Paragraph 136 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations in Paragraph 136.

### G. Punitive Damages

31. The allegations contained in Paragraph 137 set forth purported legal conclusions that require no answer.

32. The allegations contained in Paragraph 138 set forth purported legal conclusions that require no answer. To the extent an answer is necessary, SBI denies the allegations contained in Paragraph 138.

33. The allegations contained in Paragraph 139 set forth purported legal conclusions that require no answer.

34. SBI denies the allegations contained in Paragraph 141.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

35. Whinstone's claims are barred, in whole or in part, because Whinstone fails to state a claim for which relief can be granted.

36. Whinstone's claims are barred, in whole or in part, because the actions alleged by Whinstone did not result in the creation of a contract between Whinstone and SBI.

37. Whinstone's claims are barred, in whole or in part, because the alleged contract did not contain material terms sufficient to show the parties had a meeting of the minds.

38. Whinstone's claims are barred, in whole or in part, because the alleged contract lacks consideration.

39. Whinstone's claims are barred, in whole or in part, because the alleged contract does not bind Whinstone to perform any obligation beyond that which it was already obligated to perform under the Hosting Services Agreement. Accordingly, the alleged contract lacks a mutuality of risk, obligation, and remedy.

40. Whinstone's claims are barred, in whole or in part, because the alleged contract is so vague, indefinite, and uncertain with respect to SBI's obligations that the alleged contract is not enforceable.

41. Whinstone's claims are barred, in whole or in part, because the alleged damages have been offset.

42. Whinstone's claims are barred, in whole or in part, because Whinstone failed to mitigate its damages.

43. Whinstone's claims are barred, in whole or in part, by Whinstone's fraudulent acts and/or omissions, or fraudulent inducement.

44. Whinstone's claims are barred, in whole or in part, by Whinstone's prior material breach.

45. Whinstone's claims are barred, in whole or in part, by Whinstone's unclean hands.

46. Whinstone's claims are barred, in whole or in part, because SBI did not make a material misrepresentation or omission of fact.

47. Whinstone's claims are barred, in whole or in part, because SBI's alleged statements or omissions were not sufficiently definite or certain to cause reasonable or justifiable reliance by Whinstone.

48. Whinstone's claims are barred, in whole or in part, because Whinstone did not justifiably rely on SBI's alleged statements or omissions.

49. Whinstone's claims are barred, in whole or in part, because Whinstone has no damages.

50. Whinstone is not entitled to recover exemplary damages.

Respectfully submitted,

*/s/ Joshua M. Sandler*
Joshua M. Sandler
Texas Bar No. 24053680
jsandler@winstead.com
Cory Johnson
Texas Bar No. 24046162
cjohnson@winstead.com
Matthew Hines
Texas Bar No. 24120892
mhines@winstead.com
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 745-5103
Facsimile: (214) 745-5390

**ATTORNEYS FOR PLAINTIFF
SBI CRYPTO CO. LTD**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure via e-filing on December 16, 2024.

*/s/ Cory Johnson*
Cory Johnson