IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WHINSTONE US, INC.,<br><br>　　　　Defendant. | Civil Action No. 6:23-cv-252 |

**JOINT MOTION TO AMEND SCHEDULING ORDER AND CONTINUANCE**

　　　　Plaintiff SBI Crypto Co., LTD. ("SBI") and Defendant Whinstone US, Inc. ("Whinstone") (together, the "Parties") file this joint motion requesting a continuance of the trial date and a modification of certain pretrial deadlines contained in the Fourth Amended Scheduling Order (ECF No. 64).

　　　　1.　　At a status conference hearing on May 2, 2025, the Parties informed the Court of their mutual need for additional time to complete fact and expert discovery. The Parties informed the Court that certain recent productions of documents and other compelled discovery warranted a continuance of the pending deadlines and trial dates. Given the Parties' mutual desire to seek this continuance, the Court indicated that a joint motion to amend the scheduling order "would be well received by the Court."[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court may modify its scheduling order for "good cause and with the judge's consent." To show good cause, "a party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

2.      While this is the fifth request to amend the scheduling order, this is only the second time the Parties have sought to move the trial date, and the proposed new trial setting would be less than one year past the original trial setting of February 24, 2025. Since discovery began, the Parties have diligently conducted written discovery, produced thousands of documents, conducted several motion to compel hearings, and taken depositions of virtually all of the key fact witnesses. The Parties have recently supplemented their document production, and, due to ongoing discovery disputes, additional supplementation may be necessary. The Parties' experts need time to review the supplemental productions. The Parties also need to conduct additional depositions, including expert depositions, before they can file dispositive motions.

3.      The Parties have conferred and agreed upon the Proposed Fifth Amended Scheduling Order, attached as **"Exhibit A."** There is no prejudice to the Parties in granting this joint request to amend the Scheduling Order and continue trial.

4.      Therefore, the Parties respectfully request to extend the below deadlines and continue trial as follows:

| Current Date | New Proposed Date | Event |
|---|---|---|
| 4/11/25 | 7/11/25 | Fact Discovery Deadline. Fact discovery must be completed by this date.<br><br>Notwithstanding the forgoing, the deadline to propound written discovery, including Requests for Production, Requests for Admissions, and Interrogatories, expired as of March 12, 2025. Nothing in this Fifth Amended Scheduling Order shall be construed as allowing for any additional written discovery requests.[2] |

---

[2] The parties do anticipate re-noticing the following fact witnesses at a mutually agreeable time: Nicholas Vitalis (SBIC) and Whinstone's Corporate Representative.

**JOINT MOTION TO AMEND AND FOR CONTINUANCE**                                2

| | | |
|---|---|---|
| 7/1/24 | | Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge."[3] |
| 5/2/2025[4] | 7/18/25 | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| 5/23/2025[5] | 9/12/25 | Expert Discovery Deadline. Expert discovery must be completed by this date. |
| | | Any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702. |
| 5/23/2025 | 10/27/25 | All dispositive motions shall be filed and served on all other parties on or before this date and shall be limited to 25 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. |
| 6/17/2025 | 12/1/25 | By this date the parties shall meet and confer to determine pre-trial deadlines, including, *inter alia*, exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |

---

[3] Subject to change given timing of Judge Albright's pending move to the Austin Division.

[4] Deadline extended per the parties' agreement.

[5] *Id*.

| | | |
|---|---|---|
| 6/24/2025 | 12/8/25 | By this date the parties shall exchange a proposed jury charge and questions for the jury. By this date the parties will also exchange draft Motions in Limine to determine which may be agreed. |
| 7/1/2025 | 12/15/25 | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. By this date the parties shall also submit to the Court their Motions in Limine. |
| 7/8/2025 | 1/12/26 | By this date the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and all other pertinent information. By this date the parties will also submit to the Court their oppositions to Motions in Limine. |
| 7/14/2025 | 1/19/26 | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. |
| 8/4/2025 | 1/26/26 | The Court will attempt to schedule Jury Selection on a day during the week of _____. Otherwise, Jury Selection shall begin at 9:00 a.m. on _____. |
| 8/11/2025 | 2/2/26 | [Special Setting] Jury Trial Commences. |

5. The Parties believe that extending the pretrial deadlines and trial date as requested herein will provide sufficient time to complete discovery, designate rebuttal experts, and file any dispositive motions.

6. A proposed Fifth Amended Scheduling Order, as well as the Parties' proposed translation protocol, are being filed contemporaneously with this motion. This motion is not made for the purpose of delay, but rather in the interest of justice.

Respectfully Submitted,

FOLEY & LARDNER LLP

By:   /s/ *Robert T. Slovak*
      Robert T. Slovak
      Texas Bar No. 24013523
      rslovak@foley.com
      Brandon C. Marx
      Texas Bar No. 24098046
      bmarx@foley.com
      2021 McKinney Avenue, Suite 1600
      Dallas, Texas 75201
      Telephone: (214) 999-3000
      Facsimile: (214) 999-4667

**ATTORNEYS FOR DEFENDANT WHINSTONE US., INC.**

By: */s/Joshua Sandler (with permission)*
      Joshua M. Sandler
      Texas Bar No. 24053680
      jsandler@winstead.com
      Cory Johnson
      Texas Bar No. 24046162
      cjohnson@winstead.com
      Andrew Patterson
      Texas Bar No. 24131573
      apatterson@winstead.com
      2728 N. Harwood Street, Suite 500
      Dallas, Texas 75201
      Telephone: (214) 745-5103
      Facsimile:  (214) 745-5390

      -AND-

      Jeremy A. Oliver, *pro hac vice*
      Tennessee Bar No. 029329
      joliver@winstead.com
      **Winstead PC**
      1221 Broadway, Suite 2030
      Nashville, Tennessee 37203
      Telephone: (615) 949-2352
      Facsimile: (615) 949-2349

**ATTORNEYS FOR PLAINTIFF SBI CRYPTO CO., LTD.**