IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> WHINSTONE US, INC., <br><br> Defendant. | Civil Action No. 6:23-cv-00252-ADA-DTG |

**DEFENDANT WHINSTONE US, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS CONCERNING SAME SUBJECT MATTER**

Defendant Whinstone US, Inc. ("Whinstone") files this Reply in Support of Its Motion to Compel Production of Withheld Documents Containing Same Subject Matter and states as follows.

## A. THE COURT'S ONLY DECISION IS TO DECIDE THE SCOPE OF WAIVER

Attempting to relitigate waiver, SBI argues that Whinstone failed to address the first prong of Federal Rule of Evidence 502(a). Resp. Mot. Compel (May 16, 2025) at 1, 5-6 (ECF No. 85). SBI is wrong for at least five reasons.

First, SBI conflates "inadvertent disclosure" with "subject matter disclosure." *Id.* at 4-5. The former analyzes whether a disclosure was simply "inadvertent"—which permits the disclosing party to claw back ***accidentally*** disclosed privileged documents. *Compare* Fed. R. Evid. 502(b) *with* Fed. R. Evid. 502(a) and Tex. R. Evid. 511(a)(1) *with* Tex. R. Evid. 511(b)(1). The latter determines whether—***ex post-failure to claw back*** disclosed privileged documents—there are ***other*** "disclosed and undisclosed communications or information [that] concern the same subject matter" of the waived privileged communications or information containing that "ought in fairness

...

to be considered together." *Id.* The Court already ruled that SBI waived any privilege with respect to Deposition Exhibit Nos. 5, 18, and 19. Order (May 2, 2025) at 1 (ECF No. 77). In short, there was no "accident."

Second, SBI identified ***two*** of the documents in ***amended*** interrogatory responses as affirmative proof of notice (*i.e.*, SBI satisfied a condition precedent). *E.g.*, Mot. Compel (May 9, 2025) at 4-5 (ECF No. 79). To date, SBI has still not amended these responses—even ***after*** claiming the documents were "privileged." This conduct is intentional and, as further discussed in Section B below, SBI has waived subject matter privilege.

Third—despite claiming the documents are still privileged (as well as "CONFIDENTIAL" (Deposition Exhibit Nos. 18-19) and "CONFIDENTIAL – ATTORNEYS EYES ONLY") (Deposition Exhibit No. 5)—SBI ***publicly filed*** Deposition Exhibit Nos. 5, 18, and 19 ***without redaction*** on May 16, 2025 (*i.e.*, post-claw back attempt and Court ruling). Resp. Mot. Compel (May 16, 2025) Ex. C at Exhibits 1-3 (ECF No. 85-3). Again, more intentional conduct.

Fourth, SBI's counsel:

- Did not object to the introduction and questioning on those exhibits during two separate depositions;
- Did not object to Whinstone relying upon, citing, and quoting those documents in support of its counterclaims;
- Waited approximately eight months to try to claw those documents back;
- Included at least two of the documents in the binder SBI's corporate representative used to refresh his recollection ***during*** the deposition; and
- Re-produced one of those documents after attempting to claw back.

*See* Mot. Compel (May 9, 2025) at 3-5. More intentional conduct.

Indeed, in Texas, "[w]aiver is the '***intentional*** relinquishment of a known right or ***intentional*** conduct inconsistent with claiming that right.'" *LaLonde v. Gosnell*, 593 S.W.3d 212,

218–19 (Tex. 2019) (emphasis added). Even by SBI's own case law, the first prong of Federal Rule of Evidence 502(a) is met when "'the disclosing party **knew or should have known** [the communication was] privileged.'" *In re Washington Prime Group Inc.*, No. 21-31948, 2024 WL 4615552, at *8 (Bankr. S.D. Tex. Oct. 29, 2024) (emphasis added). As Whinstone established at the May 2, 2025 hearing, Deposition Exhibit Nos. 5, 18, and 19—on their face—concerned legal issues and potential legal advice. *See also* Mot. Compel (May 9, 2025) at 3-4 (ECF No. 79). SBI did nothing about it. That is intentional waiver.

Recognizing the implications of this, SBI tries to create a new "advertent" category of waiver. *E.g.*, Resp. Mot. Compel (May 5, 2025) at 4-5 ("A party may waive privilege as to specific documents by failing to promptly clawback the documents, but such '*advertant*' disclosure does not constitute an *intentional* waiver of privilege necessary to satisfy the first element of the subject matter waiver test.") (emphasis added). This is a game of semantics in which SBI errs.[1]

Fifth, to support its argument, SBI erroneously relies upon *First Am. CoreLogic, Inc. v. Fiserv, Inc.*, No. 2:10-CV-132-TJW, 2010 WL 4975566 (E.D. Tex. Dec. 2, 2010). Resp. Mot. Compel (May 16, 2025) at 6. The case is inapposite.

In *CoreLogic*, the plaintiff served several allegedly privileged documents on the defendants instead of filing the documents *in camera*. *Id*. at *3. The Court held waiver occurred only as to those documents and did not find subject matter waiver as to others. *Id.* at *5. In so doing, the Court noted it was a "unique case" and "CoreLogic was not intending to waive its privilege." *Id.*

---

[1] "Advertant" or "advertent" are not even defined as words in the 2024 edition of Black's Law Dictionary. For its part, Black's Law Dictionary defines "inadvertent disclosure" as "[t]he *accidental* revelation of confidential information, as by sending it to a wrong email address or by negligently allowing another person to overhear a conversation." DISCLOSURE, Black's Law Dictionary (12th ed. 2024). But, as detailed above, that is not what happened here.

While that may be an apt argument for subject matter waiver regarding Deposition Exhibit No. 36, it is not for Deposition Exhibit Nos. 5, 18, and 19. Concerning Deposition Exhibit No. 36, the Court initially found any privilege was **<u>not</u>** waived. Order (May 2, 2025) at 1. But, ***thereafter***, SBI publicly filed the document without redaction on May 16, 2025. Resp. Mot. Compel (May 16, 2025) Ex. C at Exhibit 4 (ECF No. 85-3). Now, any alleged privileged for that document is waived—even under case law cited by SBI. *CoreLogic*, 2010 WL 4975566, at *5. The Court should likewise hold that SBI waived any privilege for Deposition Exhibit No. 36 as well.

In conclusion, SBI's efforts to create new categories of disclosure is not well-founded. Courts routinely hold that "privilege is waived with respect to all communications relating to the subject matter of the disclosed communication" in similar instances. *E.g.*, *Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *3 (W.D. Tex. May 31, 2006); *see also Smith v. MV Transp., Inc.*, No. 1:21-CV-349-DII-SH, 2023 WL 3467775, at *4 (W.D. Tex. May 15, 2023); *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-CV-00576, 2023 WL 2733401, at *4 (S.D. Tex. Mar. 31, 2023), *reconsideration denied*, No. 4:20-CV-00576, 2023 WL 4308750 (S.D. Tex. June 30, 2023); *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, No. 4:17-CV-3299, 2021 WL 1169322, at *11 (S.D. Tex. Mar. 26, 2021); *Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2015 WL 11120526, at *9 (N.D. Tex. July 15, 2015); *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985).

### B. TEXAS LAW IS CLEAR THAT SBI CANNOT OBSTRUCT EVIDENCE THAT MATERIALLY WEAKENS OR DEFEATS ITS CLAIMS

SBI spends the remainder of its response arguing that SBI does not have a "tactical advantage through disclosure" and that Whinstone "misapplies the offensive use doctrine." Resp. Mot. Compel (May 20, 2025) at 6-10. Thus, SBI argues subject matter waiver should not occur. In so doing, SBI misses the point of subject matter waiver.

>   Pursuant to SBI's **_own_** case law, the Texas Supreme Court holds:
>
>   "A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against other pertinent and proper questions which may have a bearing upon his right to maintain his action."

*Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985). Put differently, "offensive, rather than defensive, use of . . . privilege" occurs when a plaintiff "invoke[s] the jurisdiction of the courts in search of affirmative relief . . . [but] on the basis of privilege, [seeks] to deny [the defendant] the benefit of evidence which would materially weaken or defeat [a plaintiff's] claims against [the defendant]." *Id.* at 107. That is because "fundamental fairness" requires the plaintiff "to be forced to elect whether his claim his privileged or abandon his claim." *Id*. That is the choice SBI must make here.

As Whinstone identified in its motion to compel, the two common factual predicates underlying the subject matter of the withheld documents concern: (1) **_when_** SBI became aware of the circumstances giving rise to its potential claims; and (2) whether, post-Hosting Agreement termination, SBI could reuse or resell its Canaan A-10 miners. Mot. Compel (May 20, 2025) at 7. As to the former, by invoking this Court's jurisdiction on its breach of contract claim, SBI must affirmatively offer proof it satisfied this condition precedent (otherwise SBI has no claim). *Id.* at 8. So far, SBI has argued it timely provided notice and "became aware of the circumstances giving rise to the breaches described in the Demand Letter on June 10, 2021," amongst other dates. *E.g. id.* at Ex. 4 at Resp. Interrog. 2. But Deposition Exhibit Nos. 5, 18, and 19, at least, "materially weaken" that claim. *See Ginsberg*, 686 S.W.2d at 108.

Regarding the latter, SBI affirmatively seeks to recover monetary damages on the grounds the miners are "worthless." Mot. Compel (May 20, 2025) at 8-9. However, Deposition Exhibit No. 19 "materially weaken[s]" that position as well. *See Ginsberg*, 686 S.W.2d at 108. Indeed, SBI

**REPLY IN SUPPORT OF MOTION TO COMPEL**                                                                                                      5

chose not to sell the miners for millions of dollars in lieu of using them elsewhere to mine cryptocurrency in Russia. Mot. Compel (May 20, 2025) at 8-9.

Simply put, these documents contain SBI's own witnesses' words that are encapsulated in time. Given that SBI's witnesses have provided testimony contradicted by Deposition Exhibit Nos. 5, 18, and 19 and SBI has only produced limited information in discovery, there is no other way for Whinstone to obtain this highly material and potentially dispositive evidence. Precluding discovery of this evidence—which SBI offensively put at-issue—gives **SBI** an unfair advantage. To the extent other similar documents exist, fairness demands that those documents also be produced.

For these reasons, Whinstone requests the Court grant this motion, compel SBI to produce all withheld documents concerning the same subject matter as Deposition Exhibit Nos. 5, 18, and 19, now hold any privilege for Deposition Exhibit No. 36 has been waived, and award Whinstone all other relief to which it is entitled.

                                        Respectfully Submitted,

                                        FOLEY & LARDNER LLP

                              By:  */s/ Robert T. Slovak*
                                        Robert T. Slovak
                                        Texas Bar No. 24013523
                                        rslovak@foley.com
                                        Brandon C. Marx
                                        Texas Bar No. 24098046
                                        bmarx@foley.com
                                        2021 McKinney Avenue, Suite 1600
                                        Dallas, Texas 75201
                                        Telephone: (214) 999-3000
                                        Facsimile: (214) 999-4667

                                        **ATTORNEYS FOR DEFENDANT WHINSTONE US., INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Brandon C. Marx*
Brandon C. Marx
