# EXHIBIT 1

| | |
|---|---|
| **From:** | Marx, Brandon C <bmarx@foley.com> |
| **Sent:** | Friday, April 11, 2025 5:27 PM |
| **To:** | Melissa Copp; TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov |
| **Cc:** | Slovak, Rob; Lockhart, Steven C.; Durham, Tanya C.; McPhail, Stephanie L.; Patterson, Andrew; Johnson, Cory; Sandler, Joshua; Robertson, Julie; Oliver, Jeremy; McLaughlin, Heather |
| **Subject:** | W23CV252-ADA-DTG - SBI Crypto vs. Whinstone |
| **Attachments:** | 2025.04.11 Whinstone-SBIC Dispute.pdf |

Ms. Copp,

Attached is a summary of the parties' dispute in the above-captioned case. Please let us know when Judge Gilliland can conduct a remote hearing on the matter.

**Brandon C Marx**
*Associate*

**Foley & Lardner LLP**
2021 McKinney Ave, Suite 1600, Dallas, TX 75201
Phone 214.999.4754 | Cell 254.498.0907
View My Bio | Visit Foley.com | bmarx@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,**<br><br>    *Plaintiff*,<br><br>    v.<br><br>**WHINSTONE US, INC.,**<br><br>    *Defendant*. | Civil Action No.: 6:23-cv-252-ADA-JCM<br><br>Jury Trial Demanded |

**DISCOVERY DISPUTE SUMBISSION CHART**

| Discovery Dispute at Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| **SBI's Kyrgyzstan and Russia Documents & Communications**:<br><br>Over a year and a half ago, Whinstone US, Inc. ("Whinstone") served discovery on SBI ("SBI") asking for the production of documents and communications concerning the equipment and performance of SBI's other cryptocurrency mining operations—namely, the location that housed the 20,000 other Canaan A-10 miners that SBI purchased in the same batch as the 20,000 Canaan A-10 | **Kyrgyzstan/Russia Operations:**<br><br>SBI sat behind a log for nearly two years and now attempts to conduct a trial by ambush. SBI initially sought approximately $31 million in alleged lost profits and equipment damage. Am. Compl. (Jul. 7, 2023) ¶¶ 59-60 (ECF No. 11). But now, SBI ***quintuples*** that number, claiming ***hundreds of millions*** of dollars in purported lost profits and miner value based on alleged "defects" in the design and deficient Facility operation. | **Kyrgyzstan/Russia Operations:**<br><br>First, SBI has conducted a diligent search and produced voluminous records related to SBI's operations of miners in Russia. SBI first produced documents in October 2023, including emails, invoices, and spreadsheets. SBI has consistently supplemented its production when additional documents were located. SBI produced at least 61 documents referencing the operator of the Russian facility, Muroo, and 34 documents referencing Russia |

4916-2497-6435.3

| | | |
|---|---|---|
| miners used at Whinstone's cryptocurrency mining facility ("Facility") in Rockdale, Texas. *E.g.*, SBI Resp. Whinstone Req. Prod. Nos. 15-18, 20, 31, 36-37, 88, 133-34. Later, Whinstone served discovery requesting information concerning SBI's other facilities, operations, layout, and design and any replacement of any Canaan A-10 miners and power supply units. *E.g.*, SBI Resp. Whinstone Req. Prod. Nos. 143-144, 146-153.<br><br>Rather than produce this responsive information, however, SBI improperly asserted general boilerplate objections (which are waived) and is either refusing to adequately collect or withholding critical information that SBI itself relies upon to support its claims.<br><br>**Nicholas Vitalis Deposition:**<br><br>SBI did not disclose Nicholas Vitalis as a witness that would likely have information discoverable in support of SBI's claims pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).<br><br>Despite this non-disclosure, one of SBI's damages expert, Randall Valentine, cited to his conversations with Mr. Vitalis to support Mr. | Critically, Whinstone contends the 20,000 Canaan A-10 miners and accompanying power supply units ("PSUs") purchased by SBI and installed at the Facility caused SBI's alleged losses because the miners to draw fail or improperly work. Indeed, Whinstone notified SBI of those claims concerning the PSUs in 2020.<br><br>Yet five years later—and for the first time on April 1, 2025 expert disclosures—SBI's damages were derived from a comparison between performance of Canaan A-10 miners in a facility located in Russia. However, as detailed in the "Discovery Dispute at Issue," SBI failed and refused to disclose information to test the credibility of this comparison. Instead, SBI largely relies upon after-the-fact, made-for-litigation spreadsheets and refuses to produce the underlying operational, performance, and financial data upon which the spreadsheets are purportedly based. That is contrary to Federal Rule of Evidence 1006.<br><br>In another troublesome instance, SBI produced communications indicating that it conducted an investigation of 20,000 Canaan A-10 miners that were awaiting in deployment in Kyrgyzstan | generally. In response to Whinstone's recent demands, SBI recently conducted additional searches for records and promptly produced the additional records found. SBI believes it has produced all responsive documents it has in its possession, and the bulk of the documents were produced in October 2023.<br><br>Second, SBI maintains its objections to Whinstone's Requests. Whinstone's Request Nos. 15-18, 20, 31, 36, 37, 88, 133 and 134 in their First Requests for Production were overly broad, unduly burdensome, vague, sought, irrelevant information, and clearly just a fishing expedition. Whinstone made no attempts to narrow their requests for production to the operation of the model of miners at issue in this case, but are also seeking documents related to the operation of different types of miners at different facilities. They broadly sought any documents, communications, etc. relating to SBI's cryptomining operations at any other facility. SBI responded with these objections and by producing documents related to SBI's operations at a Russian facility that had the <u>same</u> model miner as those at the Rockdale Facility. Request Nos. 143, 144, and 146-153 have similar issues which is why SBI |

Valentine's opinions contained in his expert report. R. Valentine Exp. Rpt. at 3. That disclosure occurred on March 28, 2025—just **_two weeks_** before the close of discovery.

Whinstone immediately requested Mr. Vitalis' deposition the next business day—but SBI refused to offer him as a fact witness until April 8, 2025. Moreover, despite expecting Mr. Vitalis to be present at trial, SBI refused to make him available in person—only by Zoom.

**SBI's Slack and Teams Messages**:

During his deposition on August 15, 2024, Jonathan Tanemori of SBI affirmatively testified that he communicated via Slack and Teams regarding SBI's operations at the Facility. J. Tanemori Dep. Tr. (Aug. 15, 2024) at 67:21-68:18, attached as Exhibit 1. Despite this admission, SBI has yet to produce any such Slack or Teams messages.

(later deployed in Russia). Chat (Sept. 1, 2020), attached as Exhibit 2.[1] Upon information and belief, those miners exhibited the **_same_** performance issues experienced at the Facility and SBI **_pre-emptively_** replaced the PSUs and/or fixed the PSUs to avoid future performance issues when Canaan A-10 miners were eventually deployed in Russia. *Id*; SBIC0003699.

Yet SBI has failed and refused to provide information surrounding this investigation, its communications with Canaan, and other details regarding SBI's operations (such as the design of other facilities and performance data) relevant to the parties' claims and defenses in this lawsuit—even though Carson Smith of SBI has testified that such documents exist. *E.g.*, C. Smith Dep. Tr. (Aug. 21, 2024) at 51:03-52:02, 57:08-23, 95:8-14, 115:11-22, 116:15-25, 119:7-125:23, 143:2-147:24, 256:20-257:1, attached as Exhibit 3. Instead of SBI obfuscated by lodging general, boilerplate objections. Those objections are automatically waived under the Rules. Fed. R. Civ. Proc. 33(b)(4); *Phillips v. Murphy Oil USA, Inc.*, No. EP-23-CV-00294-KC, 2024 WL 677711,

raised appropriate objections. Whinstone has never narrowly tailored requests to the Russia location, even after the production in October 2023. Whinstone continues to broadly seek information on SBI's mining operations at facilities located anywhere in the world, involving any model miner, and during any time period. All the while, Whinstone hides behind objections and has refuses to produce any documents related to (1) miners hosted by other companies in Building B of the Rockdale Facility, claiming such information is irrelevant, (2) Riot's operation of miners in Building B after Riot kicked out SBI and moved Riot's miners into SBI's space, and (3) any other building at the Rockdale Facility. Whinstone's attorneys, the same attorney's representing Riot, even instructed Riot's corporate representative not to testify during his deposition to topics not very narrowly tailored to Building B.

Third, to the extent that SBI's experts have reviewed and/or relied on data or documents related to SBI's operations at the Rockdale and Russia facilities, SBI has produced the documents

---

[1] SBI belatedly produced the investigation report on April 4, 2025—after Whinstone set SBI the initial draft of this dispute. SBI has yet to produce any communications regarding this investigation or attempts to address the issues identified by the investigation.

4916-2497-6435.3

| | | |
|---|---|---|
| | at *2 (W.D. Tex. Feb. 12, 2024); *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014).<br><br>Moreover, despite its reliance on alleged performance data of identical miners at its other facilities, SBI erroneously claims the requested information is irrelevant. SBI's position is directly at odds with its own expert reports—which are primarily premised on the contention the 20,000 Canaan A-10 miners located in Russia **outperformed** the 20,000 Canaan A-10 miners at the Facility. SBI cannot have it both ways.<br><br>Perhaps most troublesome is SBI's counsel relying on SBI to unilaterally collect documents and determine responsiveness. *E.g.,* Ex. 3 at 269:12-270:25. SBI has **not** imaged its custodian email accounts and provided that image to its counsel for review. *See id.* That haphazard conduct is patently improper with hundreds of millions of dollars at stake. *See, e.g., Sage Products, LLC v. Chemrite Copac, Inc.*, No. 19 CV 5308, 2021 WL 5299789, at *5 (N.D. Ill. Nov. 12, 2021) ("[T]he fact that Sage is seeking in excess of $62 million in damages from ChemRite weighs heavily in favor of requiring Sage to respond to ChemRite's | identified by SBI's experts and will timely supplement such production prior to expert depositions if necessary. SBI's increase in damage valuation following the retention of expert witnesses and two years of discovery does not suddenly make Whinstone's requests any less objectionable, nor does it excuse their repeated discovery abuses.<br><br>Fourth, Whinstone's comparison of the number of documents produced is wholly irrelevant and hides the abusive discovery practices it has engaged in that have resulted in this Court granting two motions to compel brought by SBI – one against Whinstone and one against Riot. Whinstone has consistently withheld plainly relevant information until compelled by a court, and even then waits until the eve of depositions, or in the case of Lyle Theriot and Ashton Harris, produced numerous documents **after** their depositions, forcing SBI to seek supplemental depositions.<br><br>Fifth, Whinstone identified for the first time on April 2, 2025, an attachment to a WhatsApp text message sent to Whinstone. After much effort, SBI located and produced a copy of the attachment Whinstone requested but |

4916-2497-6435.3

| | | |
|---|---|---|
| | reasonable request for relevant information."); *Kolon Indus., Inc. v. E.I. Du Pont de Nemours & Co.*, No. 3:11CV622, 2012 WL 604137, at *5 (E.D. Va. Feb. 23, 2012) (compelling production of computer images and dumpster files when evidence showed document production was not complete).<br><br>Indeed, the document production discrepancy in this case is apparent—Whinstone has produced over 4,180 documents comprised of over 16,700 pages to date. In comparison, SBI has only produced a paltry 2,140 documents consisting of 6,450 pages.<br><br>In sum, SBI must be compelled to collect and produce the critical information regarding the source data upon which SBI's experts rely (*e.g.*, financial, operational, and performance data), PSU and miner replacements, installation, operational, maintenance, and troubleshooting in Kyrgyzstan and Russia, and Kyrgyzstan and Russia facility layout, design, construction, and operation (including photos). Alternatively, SBI's expert opinions reliant on these claims must be excluded. | that should have already been in its possession given that the document was transmitted to Ashton Harris at Whinstone/Riot.<br><br>Subject to SBI's objections, SBI has conducted a thorough and diligent search for responsive documents related to its operations in Russia and is not withholding any non-privileged documents related to its operation of miners in Russia.<br><br>**Nicholas Vitalis Deposition:**<br><br>SBI has offered and is still willing to produce Mr. Vitalis for a zoom deposition. Mr. Vitalis resides in Tokyo, Japan and requiring an in-person deposition would impose an undue hardship. Plaintiff relies on caselaw to suggest that there is no hardship for an out-of-town witness. Mr. Vitalis is not just out of town; he is on the other side of globe.<br><br>**SBI's Slack and Teams Messages**:<br><br>SBI has already stated that it will produce responsive communications |

4916-2497-6435.3

| | | | |
|---|---|---|---|
| | | **Requested Relief**: Whinstone requests that the Court order SBI to actually image Jonathan Tanemori and Carson Smith's emails, overrule SBI's objections to Whinstone Request for Production Nos. 15-18, 20, 31, 36-37, 88, 133-34, 143-144, and 146-153 and compel SBI to conduct a reasonable and diligent search and produce such documents without objection within 7 days of the Court's order. Time is of the essence, as discovery closes on April 11, 2025 and expert discovery closes on May 16, 2025 (per the parties' agreement).<br><br>**Nicholas Vitalis Deposition:**<br><br>"The general rule is that a plaintiff must make herself available for deposition in the forum where the action is brought." *Leamon v. KBR, Inc.*, No. CV H-10-253, 2011 WL 13340583, at *1 (S.D. Tex. Nov. 1, 2011). SBI sued Whinstone in Texas. The Parties' counsel are located in Dallas. There should be no dispute depositions should occur in Texas.<br><br>With that in mind, Whinstone requested Mr. Vitalis—who is SBI's only *current* employee driving this litigation, provides information to SBI's experts, and expects to be present at trial as SBI's corporate representative— | subject to SBI's objections. Whinstone's requested relief, just like its Requests for Production, are entirely over broad, unduly burdensome, and seek irrelevant information. Whinstone has no basis to require an unlimited forensic imaging of Messrs. Tanemori and Smith's Slack and Teams messages. Whinstone has not narrowed their requested relief to messages likely to lead to the discovery of relevant evidence as this request has no limitations in scope to the subject matter of this lawsuit. |

4916-2497-6435.3

| | | |
|---|---|---|
| | appear for an in-person deposition in Texas.<br><br>SBI initially refused. Only after repeated rebuffed requests did SBI offer to make Mr. Vitalis available remotely. That is not proper—there is no extreme hardship Mr. Vitalis can show that excuses his in-person deposition in Dallas. *E.g.*, *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006) ("Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted.").<br><br>**Requested Relief**: Whinstone requests that the Court order Mr. Vitalis to appear for an in-person deposition at the office of SBI's counsel in Dallas, Texas no later than May 16, 2025.<br><br>**Slack/Teams Messages:**<br><br>Despite sworn testimony that Mr. Tanemori conducted SBI business via Slack/Teams, SBI has not collected or produced any Slack/Teams messages. Given the large void in SBI's document production, a reasonable investigation demands that SBI image this | |

4916-2497-6435.3

| | information and provide to its counsel for review. **Requested Relief**: Whinstone requests that the Court order SBI to image Messrs. Tanemori and Smith's Slack and Teams messages and provide a copy to SBI's counsel for review. Alternatively, SBI should submit a sworn declaration detailing the efforts to search for such information and the reasons why the information cannot be located. | |
|---|---|---|

Respectfully submitted,

/s/_____
Joshua M. Sandler
Texas Bar No. 24053680
jsandler@winstead.com
Cory Johnson
Texas Bar No. 24046162
cjohnson@winstead.com
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 745-5103
Facsimile: (214) 745-5390

4916-2497-6435.3

**ATTORNEYS FOR PLAINTIFF**
**SBI CRYPTO CO. LTD**

*/s/*
Robert T. Slovak
Texas Bar No. 24013523
rslovak@foley.com
Brandon C. Marx
Texas Bar No. 24098046
bmarx@foley.com
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
**ATTORNEYS FOR DEFENDANT**
**WHINSTONE US, INC.**

4916-2497-6435.3