# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>WHINSTONE US, INC.,<br><br>        Defendant. | Civil Action No. 6:23-cv-252-ADA-JCM |

## SECOND AMENDED NOTICE OF CORPORATE REPRESENTATIVE DEPOSITION OF PLAINTIFF SBI CRYPTO CO., LTD.

TO:    Plaintiff SBI Crypto Co., LTD. ("SBI"), by and through its attorney of record, Joshua M. Sandler, Winstead PC, 2728 N. Harwood Street, Suite 500, Dallas, Texas 75201, jsandler@winstead.com.

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel of record for Defendant Whinstone US, Inc. ("Whinstone") will take the deposition by oral examination of the corporate representative of SBI. Pursuant to Rule 30(b)(6), SBI must designate one or more officers, directors, managing agents, executive officers, or other persons duly authorized and consenting to testify on SBI's behalf at the deposition. The person or persons designated by SBI must be able to testify as to the information known or available to SBI regarding the deposition topics listed below. The deposition shall be taken before a duly authorized notary public or other officer authorized to administer oaths, and will be recorded by stenographic and audiovisual means. The deposition will commence on **Tuesday, April 15, 2025 at 9:00 a.m.**, at Winstead PC, 2728 N. Harwood Street, Suite 500, Dallas, Texas 75201, or at any other mutually agreeable date, time, or place, and the deposition will continue day to day until complete.

SBI is requested to provide to counsel for Whinstone: (1) the identity of the person designated for deposition for the subjects set forth herein; and (2) the subject matter(s) to which the person designated will testify.

DATED: February 10, 2025                 Respectfully submitted by:

*/s/ Robert T. Slovak*

Robert T. Slovak (TX 24013523)
rslovak@foley.com
Brandon C. Marx (TX 24098046)
bmarx@foley.com
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

**COUNSEL FOR WHINSTONE US, INC**

## CERTIFICATE OF SERVICE

I certify that, on February 10, 2025, a true and correct copy of the foregoing was served via electronic mail to all counsel of record.

*/s/ Brandon C. Marx*

Brandon C. Marx

<u>**W**HINSTONE'S **R**ULE **30**(B)(6) **T**OPICS TO **SBI**'S **C**ORPORATE **R**EPRESENTATIVE</u>

Subject to the Definitions and Instructions below, SBI must produce a designated witness for the following topics.

**D**EFINITIONS AND **I**NSTRUCTIONS

1.      "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.      "Including" means "including, without limitation.

3.      "COMPLAINT" means SBI's Original Complaint filed on April 5, 2023 and Amended Complaint filed on July 6, 2023 in the above-captioned lawsuit.

4.      "COUNTERCLAIM" means WHINSTONE's Amended Answer, Affirmative Defenses, and Counterclaims filed on November 25, 2024 in the above-captioned lawsuit.

5.      "ANSWER" means SBI's Answer and Defenses to Defendant's Counterclaims filed on December 17, 2024 in the above-captioned lawsuit.

6.      "SBI" means SBI Crypto Co., LTD.

7.      "HOSTING AGREEMENT" means the Hosting Service Agreement dated October 24, 2019 between SBI and WHINSTONE.

8.      "PRIOR HOSTING AGREEMENT" means the Hosting Service Agreement dated July 10, 2019 between SBI and WHINSTONE.

9.      "WHINSTONE" means Whinstone US, Inc.

10.      "FACILITY" means WHINSTONE's cryptocurrency mining center located in Rockdale, Texas.

11.      "YOU" and "YOUR" means SBI.

12.      "CANAAN" means Canaan, Inc.

13.      "KABOOMRACKS" means KaboomRacks Inc.

14.      "NORTHERN DATA" means Northern Data AG.

15.      Unless otherwise indicated herein, the relevant timeframe of each request is January 1, 2019 to the present.

## RULE 30(B)(6) DEPOSITION TOPICS

**TOPIC NO. 1:**   The negotiation, offer, acceptance, execution, terms, performance, and termination of the HOSTING AGREEMENT.

**TOPIC NO. 2:**   The facts and circumstances concerning any attempts to renegotiate the HOSTING AGREEMENT.

**TOPIC NO. 3:**   The negotiation, offer, acceptance, execution, terms, performance, and termination of the PRIOR HOSTING AGREEMENT.

**TOPIC NO. 4:**  The fact and circumstances, including who, what, when, where, and how, of each alleged misrepresentation, omission, and breach that support YOUR breach of contract, fraud, fraudulent inducement, and fraud by nondisclosure and concealment claims alleged in the COMPLAINT.

**TOPIC NO. 5:**  The facts and circumstances concerning the purchase, installation, maintenance, performance, and removal of YOUR cryptocurrency mining equipment used at the FACILITY.

**TOPIC NO. 6:**  YOUR attempts to sell the cryptocurrency mining equipment that YOU used at the FACILITY, including the value of that equipment.

**TOPIC NO. 7:**  The facts and circumstances concerning the purchase, installation, maintenance, performance, and removal of YOUR CANAAN cryptocurrency mining equipment used at locations other than the FACILITY.

**TOPIC NO. 8:**  YOUR attempts to sell the cryptocurrency mining equipment that YOU used at locations other than the FACILITY, including the value of that equipment.

**TOPIC NO. 9:**  All alleged harm and all alleged damages YOU claim to have suffered in this case, including any calculation thereof.

**TOPIC NO. 10:**  YOUR communications with CANAAN and/or any other individual or entity regarding the performance or maintenance of any of YOUR CANAAN miners.

**TOPIC NO. 11:**   YOUR communications with KABOOMRACKS regarding YOUR cryptocurrency mining equipment and/or the FACILITY.

**TOPIC NO. 12:**  YOUR communications with NORTHERN DATA regarding the HOSTING AGREEMENT, YOUR cryptocurrency mining equipment, and/or the FACILITY.

**TOPIC NO. 13:**  YOUR cryptocurrency mining operations in general, including the profitability of the same.

**TOPIC NO. 14:**  The facts and circumstances concerning WHINSTONE's COUNTERCLAIM, including any affirmative defenses raised in YOUR ANSWER.

**TOPIC NO. 15:**  YOUR efforts to acquire more than 50 megawatts of power for use at the FACILITY.

**TOPIC NO. 16:**  YOUR efforts to monitor or measure the average air intake temperature at Building B of the FACILITY.

**TOPIC NO. 17:**  YOUR efforts to monitor or measure the airflow at Building B of the FACILITY.

**TOPIC NO. 18:**  YOUR efforts to diagnose the source of any performance issues with YOUR CANAAN cryptocurrency miners.

**TOPIC NO. 19:**  YOUR efforts to monitor or measure YOUR miner performance, including power usage, hash rates, and cryptocurrency mined, at Building B of the FACILITY.

**TOPIC NO. 20:**  The facts and circumstances supporting YOUR contention that Building B at the FACILITY was inadequately designed, including any evaluations regarding the same.

**TOPIC NO. 21:**  The facts and circumstances supporting YOUR contention that Building B at the FACILITY did not meet industry standards, including any evaluations regarding the same.

**TOPIC NO. 22:**  Any permit, inspection, or certification that YOU contend that Whinstone was required to obtain pursuant to the HOSTING AGREEMENT.

**TOPIC NO. 23:**  The facts and circumstances concerning any delay in constructing Building B that serves as the bases for YOUR claims asserted in the COMPLAINT.

**TOPIC NO. 24:**  The facts and circumstances supporting YOUR contention that YOU provided a notice of claim pursuant to the HOSTING AGREEMENT.

**TOPIC NO. 25:**  YOUR non-privileged COMMUNICATIONS about potential litigation against WHINSTONE and the potential of WHINSTONE asserting COUNTERCLAIMS against YOU.

**TOPIC NO. 26:**  The amount of money YOU paid to WHINSTONE in the immediately preceding 12 months of any notice of claim pursuant to the HOSTING AGREEMENT.

**TOPIC NO. 27:**  The facts and circumstances concerning YOUR decision to continue performing the HOSTING AGREEMENT after the "RFU" date, as defined in the HOSTING AGREEMENT, had passed.

**TOPIC NO. 28:**  The facts and circumstances concerning YOUR decision to settle accounts with WHINSTONE after WHINSTONE terminated the HOSTING AGREEMENT.

**TOPIC NO. 29:**  The facts and circumstances concerning YOUR contention that "several industry experts who observed Whinstone's datacenter attest that Whinstone has a poor datacenter design and poor management of dirt and airflow inside the datacenter."

**TOPIC NO. 30:**  The facts and circumstances concerning the intake air temperature at Building B of the FACILITY during the time the HOSTING AGREEMENT was in effect.

4920-2824-0921.1

**TOPIC NO. 31:** YOUR conclusions, findings, opinions, observations, analysis, evaluation, and/or recommendations, including any testing, test results, audits, photographs, video, and/or audio recordings, from any visit to the FACILITY and/or location in which YOU used CANAAN miners to mine cryptocurrency.

**TOPIC NO. 32:** The facts and circumstances concerning YOUR purchase of NORTHERN DATA convertible bonds, conversion of such bonds into NORTHERN DATA stock, and the sale of such stock.

**TOPIC NO. 33:** The design and construction of any other cryptocurrency mining facility at which YOU mined cryptocurrency.

**TOPIC NO. 34:** YOUR efforts to identify, collect, and produce information responsive to WHINSTONE's discovery requests in this lawsuit.

**TOPIC NO. 35:** YOUR preparation in testifying as a corporate representative resulting from this notice.