IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SBI CRYPTO CO., LTD.,

        Plaintiff,

        v.

WHINSTONE US, INC.,

        Defendant.

Civil Action No. 6:23-cv-252

## VERIFIED EMERGENCY MOTIONS TO AMEND SCHEDULING ORDER, FOR CONTINUANCE, AND FOR PROTECTION

Subject to Defendant Whinstone US, Inc.'s ("Whinstone") Emergency Motion to Strike Plaintiff SBI Crypto Co., Ltd.'s ("SBI'") Untimely "Supplemental" Expert Reports and Undisclosed Expert ("Motion to Strike") (ECF No. 90), Whinstone files these Verified Emergency Motions to Amend Scheduling Order, for Continuance, and for Protection and states as follows.

## I.    INTRODUCTION

Whinstone complied with the Fifth Amended Scheduling Order's ("Order") (ECF No. 86) expert disclosure deadlines—SBI did not. SBI served two "supplemental" expert reports more than 110 days after the Court's deadline. Those reports were served on the eve of Whinstone's rebuttal report deadlines. Worse, even after Whinstone filed a motion to strike those expert reports, this time more than 130 days after its expert report deadline, SBI served yet another "supplemental" expert report. Notably, all of these "supplements" were derived from information SBI has always possessed. Should the Court refuse to strike SBI's untimely "supplements" and its undisclosed expert witness, then amending the Order to: (1) permit limited written discovery and depositions; (2) continuing current deadlines and the February 2026 trial setting for a short time period; and (3)

granting Whinstone protection from expert discovery until its supplemental rebuttal expert reports are issued is warranted for the reasons set forth below.

## II.    RELEVANT BACKGROUND

On January 28, 2025, the Court ordered the parties to serve affirmative expert witness disclosures no later than March 21, 2025. Fourth Am. Sched. Order (Jan. 28, 2025) (ECF No. 64). By agreement, the parties extended this deadline to March 28, 2025, and this deadline was not extended when the Court entered the Fifth Amended Scheduling Order on May 19, 2025. *See* Fifth Am. Sched. Order (May 19, 2025). SBI served Whinstone with a disclosure identifying four affirmative expert witnesses on May 28, 2025. Emerg. Mot. Strike (Jul. 28, 2025) Ex. 6 (ECF No. 90-6).

The Fifth Amended Scheduling Order also set forth the following dates:

- July 18, 2025: The parties' rebuttal expert disclosure deadline;

- September 12, 2025: The expert discovery deadline, requiring all expert challenges needing to be filed within fourteen days of that expert's deposition;

- October 27, 2025: The dispositive motion deadline; and

- February 9, 2025: Jury trial commences.

Despite SBI's March 28, 2025 affirmative expert witness disclosure deadline and numerous interactions with SBI's counsel (who never disclosed an intention to supplement), SBI unilaterally served purported "supplemental" affirmative expert reports by Dr. Randall Valentine (the "Second Valentine Report") and Charles C. Byers (the "Second Byers Report") two days before and on the day of Whinstone's rebuttal expert witness deadline on July 18, 2025, respectively. *See* Emerg. Mot. Strike (Jul. 28, 2025) at 2-4 (ECF No. 90). Additionally, the Second

Byers Report reveals that SBI intends to rely upon Carson Smith—who has not been disclosed—as an expert witness for unknown matters (presumably lost profits).[1] *Id.*

When these untimely developments occurred, Whinstone had already scheduled the depositions of SBI experts Phil Isaak on July 31, 2025, Mr. Byers on August 20, 2025, Michael Schuler on August 22, 2025, and Dr. Valentine on August 26, 2025. Because additional discovery would be required to respond to SBI's untimely "supplements," the existing deposition schedule was in jeopardy and Whinstone was forced to postpone Mr. Isaak's deposition. Whinstone should be allowed to reschedule those deposition dates if supplementation and additional limited discovery is permitted.

On July 28, 2025, Whinstone moved to strike both the Second Valentine and Byers Reports, as well as prohibit Carson Smith from serving as an undisclosed expert witness. *Id.* Alternatively, Whinstone requested that written discovery and depositions be re-opened in a limited fashion so that rebuttal reports to the Second Valentine and Byers Reports may be prepared. *See generally id.*

Notwithstanding the foregoing, SBI—without meeting and conferring on dates—unilaterally noticed Whinstone's expert witnesses Richard Peters on August 29, 2025, Karen Rayment on September 5, 2025, and Jeff Matthews on September 12, 2025 (who is unavailable). Whinstone opposes having its *rebuttal* experts deposed before SBI's *affirmative* experts, and especially when and Whinstone has a chance to conduct additional discovery necessary for its rebuttal experts to issue reports responding to SBI's "supplements" and undisclosed witness—if they are permitted.

---

[1] In fact, Mr. Smith—who SBI pays for his testimony in this case—testified that he was not retained to provide expert testimony. *See* August 21, 2024 Transcript of Carson Smith, at 32:1-5, attached as Exhibit 1.

**VERIFIED EMERGENCY MOTIONS TO AMEND,**
**FOR CONTINUANCE, AND FOR PROTECTION**                                                    3

Further complicating matters, SBI served a "supplemental" report by Mr. Schuler (the "Third Schuler Report") on August 8, 2025—three weeks after Whinstone's rebuttal deadline. Reply Mot. Strike (Aug. 11, 2025) Ex. 10. Therein, Mr. Schuler—without notice or a Whinstone representative being present—haphazardly engaged in destructive testing of, at least, one miner to claim it was "contaminated."[2] It does not appear that he bothered to put the miner back together, leaving it in pieces. Notably, SBI has possessed that miner since at least July of 2021. SBI offers no reason why it waited four years and more than 130 days after the expert report deadline to inspect the miner. Nor does it explain why it did so in secret. Now Whinstone needs to conduct additional inspection and testing of the miners by trying to put this miner back together and powering on miners to show they still work.

As of the date of this filing, the Court has not yet decided the Motion to Strike. In light of the impending expert witness discovery deadline, urgent consideration and schedule relief may be necessary.

## III.    LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified by the Court for "good cause." Courts consider a four-factor test when evaluating if good cause exists: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Nat'l Ins. Tr. Co. v. A&A Landscape & Irrigation*, No. 3:21-CV-2616-B, 2022 WL 3139751, at *1 (N.D. Tex. Aug. 5, 2022).

---

[2] *E.g.*, SBIC0011592.

**VERIFIED EMERGENCY MOTIONS TO AMEND,**
**FOR CONTINUANCE, AND FOR PROTECTION**                                              4

Under Federal Rule of Civil Procedure 26, a "person from whom discovery is sought may move for a protective order" and the Court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."

## IV.    ARGUMENTS & AUTHORITIES

**A. Good cause exists to amend the scheduling order and continue trial if SBI is permitted its "supplements" and rely upon an undisclosed expert witness.**

Should SBI's "supplements" and undisclosed expert witness be permitted, Whinstone requests the Court allow Whinstone to re-open written and fact discovery to conduct the discovery identified in Exhibit 9 of the Motion to Strike (plus additional miner inspection and testing) and continue all remaining deadlines and trial as detailed in the proposed Sixth Amended Scheduling Order attached as Exhibit 2. This is a common solution when resolving discovery disputes. *E.g., Parker v. State Farm Lloyds*, No. 3:16-CV-3014-N, 2018 WL 6573163, at *3 (N.D. Tex. June 6, 2018).

The catalyst for modifying the scheduling order is SBI's failure to abide by this Court's deadlines. Whinstone complied with its expert disclosure deadlines. SBI did not. Fact discovery closed prior to expert discovery (and just after the deadline for SBI to disclose affirmative experts) to ensure transparency and efficiency. *See* Fourth Am. Sched. Order (Jan. 28, 2025). Now because SBI did not comply with those deadlines, Whinstone is put in a position where it must ask this Court to re-open written discovery and depositions to obtain the information necessary to prepare and draft supplemental rebuttal reports—as identified in Exhibit 9 of the Motion to Strike (plus additional miner inspection and testing as a result of the Third Schuler Report). Consequently, it will take additional time for Whinstone to obtain the required discovery and then draft those supplemental rebuttal reports. *See, e.g.*, *Salas v. Transwood Logistics, Inc.*, No. 6:19-CV-101, 2021 WL 4483511, at *7 (S.D. Tex. July 7, 2021) (begrudgingly recommending continuance

(along with an award of discovery costs and attorneys' fees) when plaintiff sought leave to supplement expert reports) , *R&R adopted*, No. 6:19-CV-00101, 2021 WL 4480746 (S.D. Tex. Sept. 30, 2021). Thus, the first factor weighs heavily in favor of amending the Fifth Amended Scheduling Order and continuing trial.

The importance of modifying the Fifth Amended Scheduling Order and continue trial also weighs heavily in favor of Whinstone. SBI relies on four (and now potentially five) expert witnesses in support of its affirmative claims. SBI has only two former employees to serve as fact witnesses to support those claims, and those former employees have only limited personal knowledge as to the design, layout, and condition of the facilities in Rockdale, Texas and Russia that hosted SBI's cryptocurrency mining operations. Thus, SBI must largely rely on expert testimony to prove its claims. Without a modification and continuance, Whinstone will be severely prejudiced because its expert witnesses will be forced to rebut the "supplements" and undisclosed expert with limited information and time. *C.f.*, *Intercontinental Terminals Corp., LLC v. Aframax River Marine Co.*, No. 4:18-CV-3113, 2021 WL 1599401, at \*5 (S.D. Tex. Apr. 23, 2021) ("If Aframax's experts were allowed to issue new opinions at this late stage in the litigation, Tug Interests would likely be required to conduct additional discovery and produce additional reports from their own experts to rebut any new opinions."), *R&R adopted*, No. CV H-18-3113, 2021 WL 3811029 (S.D. Tex. May 12, 2021).

A modification and short continuance will not prejudice SBI. SBI chose to belatedly supplement its original expert reports and not disclose an expert witness. This is a situation of SBI's own making.

Finally, although Whinstone would still be prejudiced by SBI's misconduct, a continuance (along with Whinstone's request for costs and attorneys' fees) would result in the least prejudice

**VERIFIED EMERGENCY MOTIONS TO AMEND,**
**FOR CONTINUANCE, AND FOR PROTECTION**                                                              6

to Whinstone. *See, e.g.*, *Salas*, 2021 WL 4483511, at *7. Thus, all four factors weigh heavily in granting this motion.

**B.  Good cause exists to protect Whinstone from expert discovery until its supplemental expert reports are served.**

On August 4, 2025 and without any meaningful conferral—SBI unilaterally noticed depositions of Whinstone's experts for August 29, 2025, September 5, 2025, and September 12, 2025. If Whinstone's motion to strike is not granted, then Whinstone will need additional discovery necessary for its experts to issue reports responding to the SBI "supplemental" expert reports. Undoubtedly, if the Court denies the Motion to Strike and permits Whinstone's experts to issue supplemental reports responding to SBI's untimely "supplements," SBI will seek to question Whinstone's expert on such supplement rebuttal reports. Taking expert depositions as unilaterally noticed under these circumstances would result in unnecessary waste of time and expense, potentially subjecting Whinstone's experts to multiple depositions. Under the circumstances, the Court should enter a protective order that delays expert depositions until after this dispute is resolved and, if the Court does not strike the SBI "supplements," after Whinstone obtains additional discovery and serves supplemental rebuttal expert reports. Otherwise, Whinstone would be subject to harassment and undue burden and expense prohibited by Federal Rule of Civil Procedure 26.

## V.    CONCLUSION

Subject to the Motion to Strike, Whinstone requests that the Court grant this motion, enter the Sixth Amended Scheduling Order attached as Exhibit 2, protect Whinstone from having to comply with expert discovery until its rebuttal experts have served their supplemental reports, and award Whinstone all such other relief to which it is entitled.

**VERIFIED EMERGENCY MOTIONS TO AMEND,**
**FOR CONTINUANCE, AND FOR PROTECTION**                                                    7

Respectfully Submitted,

FOLEY & LARDNER LLP

By:  /s/ Robert T. Slovak
      Robert T. Slovak
      Texas Bar No. 24013523
      rslovak@foley.com
      Steven C. Lockhart
      Texas Bar No. 24036981
      slockhart@foley.com
      Brandon C. Marx
      Texas Bar No. 24098046
      bmarx@foley.com
      2021 McKinney Avenue, Suite 1600
      Dallas, Texas 75201
      Telephone: (214) 999-3000
      Facsimile: (214) 999-4667

**ATTORNEYS FOR DEFENDANT
WHINSTONE US., INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, the parties met and conferred on August 7-8, 2025 regarding this motion. Based on that conferral, the undersigned hereby certifies that counsel for SBI is opposed to the relief requested herein.

/s/Brandon C. Marx
Brandon C. Marx

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Brandon C. Marx
Brandon C. Marx

**VERIFIED EMERGENCY MOTIONS TO AMEND,
FOR CONTINUANCE, AND FOR PROTECTION**

## VERIFICATION

STATE OF TEXAS       §

      §

COUNTY OF DALLAS       §

       BEFORE ME, the undersigned Notary Public, appeared Brandon C. Marx who, being duly sworn upon his oath, deposed and stated as follows:

       My name is Brandon C. Marx, and I am more than 21 years old. I have never been convicted of a felony or a crime involving moral turpitude. I am an attorney for Defendant Whinstone US, Inc. I have read the Verified Emergency Motions to Amend Scheduling Order, for Continuance, and for Protection. Based on my knowledge, the facts stated therein and the reasons stated in the motion are true and correct.

Dated: August 11, 2025

_____
Brandon C. Marx

       SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 11th day of August 2025.

_____
Notary Public, State of Texas

BARBARA HODGES
Notary Public
State of Texas
ID # 4383633
My Comm. Expires 03-09-2028

**VERIFIED EMERGENCY MOTIONS TO AMEND,
FOR CONTINUANCE, AND FOR PROTECTION**

9