

Austin | Charlotte | Dallas | Fort Worth | Houston | Nashville | New York | San Antonio | The Woodlands

2728 N. Harwood Street
Suite 500
Dallas, TX  75201
214.745.5400  OFFICE
214.745.5390  FAX

Cory C. Johnson
Direct Dial: 214.745.5209
cjohnson@winstead.com

September 15, 2025

U.S. Magistrate Judge Derek T. Gilliland
United States District Court for the Western District of Texas
800 Franklin Ave.
Waco, Texas 76701

Re:   **Proposed Order following September 11, 2025 Hearing** – *SBI Crypto Co., Ltd., v. Whinstone US, Inc.*, Case No. 6:23-cv-252-ADA-JCM, United States District Court, Western District of Texas

Dear Judge Gilliland:

On September 11, 2025, the Court held a discovery and motions hearing on what Defendant Whinstone US, Inc. ("Whinstone") called its Emergency Motion to Strike Plaintiff's Untimely Supplemental Expert Reports and Undisclosed Expert [ECF 90] ("Motion to Strike") as well as Whinstone's Verified Emergency Motions to Amend Scheduling Order, for Continuance, and for Protection [ECF 93] ("Motion to Continue") and Whinstone's August 25, 2025 Discovery Dispute Chart. Per the Court's Minute Entry, it granted the Motion to Strike, in part, and denied the Motion to Continue. [ECF 104]. At the hearing, Your Honor explained that the Court granted the Motion to Strike as to Dr. Randall Valentine and Charles Byers's supplemental reports only. The Court denied the Motion to Strike as to Michael Schuler's supplemental report and denied, without prejudice, the Motion to Strike Carson Smith as an undisclosed expert. The Court similarly denied the Motion to Continue. [ECF 104]. The Court directed Whinstone to submit a proposed order by September 18, 2025.

Whinstone submitted its proposed order to SBI Crypto Co., Ltd. ("SBI") on September 11, 2025. Counsel for SBI quickly flagged for Whinstone's counsel that the draft contains unnecessary language inconsistent with the Court's Minute Entry and Your Honor's explanation at the hearing. Therefore, SBI drafted a proposed order that mirrors the precise rulings handed down by Your Honor. SBI submits this proposed order (**Exhibit A**) to the Court, enclosed with this letter, along with a redlined copy of Whinstone's proposed order (**Exhibit B**) for the Court's reference.

While the first bullet point of Whinstone's proposed order strikes the supplemental reports of Dr. Valentine and Mr. Byers, Whinstone then proceeds to add more to the proposed order than Your Honor's ruling. Specifically, the proposed order adds the following additional restrictions "and any analyses, assumptions, or opinions contained

in these reports may not be offered into evidence or at trial." At the hearing on the Motion to Strike, SBI explained that there exists substantial overlap between each expert's initial reports and their subsequent supplemental reports. Accordingly, it is not simply a matter of stating that "any analyses, assumptions, or opinions contained in these reports may not be offered into evidence or at trial." Such a ruling would effectively strike portions of these experts' initial reports—issues which Whinstone's motions did not challenge and the Court did not consider nor adjudicate. Moreover, Whinstone's proposed language will create confusion and subsequent disputes, which will require further court intervention to address the overlapping issues. Any order regarding the supplemental motions should in no way impact the scope of SBI's initial reports or the subsequent testimony of SBI's experts who have not been deposed.

While the second bullet point of Whinstone's proposed order indicates that the Court does not strike the supplemental rebuttal report of Michael Schuler, Whinstone again seeks to expands Your Honor's ruling by adding language not articulated by the Court at the hearing. That is, Whinstone added "and any analyses, assumptions, or opinions contained in this report may be offered into evidence or at trial subject to any challenges under the Federal Rules of Evidence." As the Court denied this part of the Motion to Strike, no additional language or reservations are needed in the Order. Including language not articulated by Your Honor at the hearing that might create conflicting future rulings if it extends the Order to issues not even considered by the Court.

The third bullet point of Whinstone's proposed order states that the Motion to Strike Carson Smith as an undisclosed expert is moot. That is wholly contradictory of this this Court's holding and its explanation at the hearing. [ECF 104]. The Court explained that SBI has not used Carson Smith as an expert, and therefore, ***denied*** Whinstone's Motion to Strike as it relates to Mr. Smith. While the ***denial*** was without prejudice, the Court never ruled that the Motion to Strike was moot. Notably, the Court's Minute Entry says nothing about mootness and nothing beyond the denial itself. Additionally, Whinstone inserted the following unnecessary and vague sentence: "This ruling is without prejudice, and the Court will address any objections to Mr. Smith's testimony—whether for noncompliance with the Federal Rules of Civil Procedure or inadmissibility under the Federal Rules of Evidence—at the appropriate time." This language improperly implies potential noncompliance by SBI despite the Court expressly finding no such noncompliance, and no other challenge to Mr. Smith remains pending.

Finally, Whinstone's addition to the proposed order that the parties are to meet and confer or submit an amended scheduling order adds to the order additional relief this Court already denied. Specifically, the Court denied Whinstone's Motion to Continue and did not order the parties to meet and confer and to submit an amended scheduling order. [ECF 104]. While SBI does not oppose conferring with Whinstone on scheduling expert depositions, it is opposed to Whinstone's bad faith attempt to secure additional relief expressly considered and denied by this Court.

September 15, 2025
Page 3

      For the reasons articulated herein SBI Crypto Co., Ltd. respectfully asks the Court to enter the enclosed proposed order and to grant to SBI any additional relief the Court deems just and proper.

                                            Sincerely

                                            Cory C. Johnson
                                            *Counsel for Plaintiff SBI Crypto Co., Ltd.*

Enclosures
cc:    Joshua M. Sandler (*of the Firm*)
       Andrew Patterson (*of the Firm*)
       Brandon C. Marx
       Robert T. Slovak