# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> WHINSTONE US, INC., <br><br> Defendant. | Civil Action No. 6:23-cv-00252-ADA-DTG |

**DECLARATION OF KAREN RAYMENT IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Pursuant to 28 U.S.C. § 1746, I, Karen Rayment, declare and state the following under penalty of perjury:

1. My name is Karen Rayment. I am over the age of eighteen and competent to testify to the matters contained herein. The facts and opinions contained in this affidavit are based on my personal knowledge, my professional experience, and my review of the materials described in my expert report dated July 18, 2025.

2. I hold a Bachelor of Science in Electrical Engineering and Computer Sciences from the University of California, Berkeley; a Master of Science in Electrical Engineering from San Francisco State University, with a concentration in wired and wireless data systems; and a Master of Business Administration from California State University with a focus on International Strategic Management.

3. I am a licensed Professional Electrical Engineer (P.E.) in eight U.S. states, including California, Oregon, Washington, Utah, Idaho, Illinois, Michigan, and Florida. I am also a Project Management Professional (PMP) and a Certified Fire and Explosion Investigator (CFEI). I am a Senior Member of the Institute of Electrical and Electronics Engineers (IEEE) and actively

participate in multiple IEEE societies relevant to electrical systems, product safety, dielectrics, data communications, and consumer electronics. I am a member of ASM International's Electronic Device Failure Analysis Society and the National Association of Fire Investigators.

4. In my professional career of more than twenty years, I have designed, built, analyzed, tested, and investigated electrical and computing systems including commercial data centers, cryptocurrency mining facilities, ASIC-based computing hardware, substation and grid power systems, cooling infrastructure, and high-density power distribution systems. I have performed dozens of forensic engineering investigations in litigation contexts, applying industry-recognized methodologies and ASTM International investigative standards (including ASTM E678-07, ASTM E1188-23, and ASTM E2332-04). I have provided expert witness testimony and authored reports in multiple litigation matters involving electrical engineering, electronics reliability, product failure analysis, and power systems design.

5. I was retained in this matter as a rebuttal expert to review, analyze, and assess the opinions offered by Plaintiff's technical experts, Phil Isaak and Charles Byers, regarding the operation and performance of Plaintiff's Canaan Avalon A10 cryptocurrency mining equipment and the conditions at the Whinstone Rockdale, Texas facility during June 2020–June 2021. My role was to test the reliability, applicability, and methodology of the opposing experts' analyses, consistent with Rule 702 and accepted rebuttal practice.

6. My decades of engineering work in both traditional commercial data centers and industrial cryptocurrency mining facilities uniquely qualify me to assess whether standards developed for one environment can be validly applied to the other. In my career, I have designed cooling, power, and rack configurations for hyperscale commercial data centers, as well as investigated the distinct operational constraints, electrical loads, cooling approaches, and failure

modes of industrial bitcoin mining facilities. These experiences enable me to opine, based on engineering knowledge, ASTM investigative standards, and practical familiarity, that commercial data center standards invoked by Plaintiff's experts are inapplicable to an industrial bitcoin mining environment such as Rockdale.

7.  My background in ASIC-based hardware design and failure analysis also qualifies me to evaluate the reliability of Plaintiff's hardware causation theories. I have designed and tested semiconductor-based computing systems, analyzed and corrected power supply designs, and assessed thermal and electrical failure mechanisms. In this case, I relied on that expertise to conclude that early-model Canaan Avalon A10 series miners exhibited known design issues—such as PSU overheating, firmware bugs, and hash board defects—unrelated to the facility's environmental conditions, and that without documented chain-of-custody and ASTM-compliant sampling/testing, the root cause conclusions offered by Plaintiff's experts do not have any evidence from the subject period in this matter, and therefore their opinions are speculation only, lacking scientific certainty.

8.  My training in forensic documentation under ASTM E1188-23 and E1459-24 directly informed my analysis of the lack of evidence presented by Plaintiff's experts. These standards govern the proper collection, preservation, and labeling of physical evidence, and my familiarity with them allowed me to identify deficiencies in the handling and documentation of the miners inspected by Isaak and Byers—undermining their ability to support reliable causation theories.

9.  In sum, the opinions I offer in this matter are firmly rooted in my engineering knowledge, my hands-on experience in both relevant industries, and my application of

industry-recognized forensic standards. Each opinion is within my scope of expertise and is supported by technical reasoning and accepted investigative practices.

10. Consistent with my July 18, 2025 report, my core opinions are:

   a) It is not possible to determine from later physical inspection what occurred at the Whinstone Rockdale facility during SBIC's operating period, given the absence of contemporaneous audits, formal failure analysis, and the changes to the facility since that time.

   b) The Canaan Avalon A10 series miners used by SBIC had well-documented intrinsic design and manufacturing issues unrelated to environmental factors.

   c) There is no documented chain-of-custody permitting ASTM-compliant forensic analysis of the miners.

   d) No definitive records exist of firmware revisions necessary to compare performance between miners at Rockdale and miners later operated in Russia.

   e) Plaintiff's experts improperly applied inapplicable commercial data center standards to a specialized industrial bitcoin mining facility, failed to adhere to ASTM investigative standards, and relied on incomplete or flawed evidence.

   f) The evidence does not reliably establish that environmental conditions at the Whinstone Rockdale facility caused or contributed to miner underperformance; any such claim is speculative in the absence of contemporaneous, documented failure analysis.

11. Each of these opinions involves technical issues that fall squarely within my expertise and relies on my application of accepted engineering and forensic investigation standards to the facts presented.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 11, 2025, in Dallas, Texas.



Karen Rayment