# EXHIBIT 2

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,** *Plaintiff,* v. **WHINSTONE US, INC.,** *Defendant.* | Civil Action No.: 6:23-cv-252-ADA-JCM  Jury Trial Demanded |

## PLAINTIFF SBI CRYPTO CO., LTD.'S EXPERT DISCLOSURES

TO: Defendant Whinstone US, Inc., by and through its counsel of record, Robert T. Slovak and Brandon C. Marx, Foley & Lardner LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 7201

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff SBI Crypto Co., Ltd. ("SBIC") serves the following expert disclosures.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Joshua M. Sandler*
Joshua M. Sandler
Texas Bar No. 24053680
jsandler@winstead.com
Cory Johnson
Texas Bar No. 24046162
cjohnson@winstead.com
Andrew Patterson
Texas Bar No. 24131573
apatterson@winstead.com
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 745-5103
Facsimile:  (214) 745-5390

-AND-

>Jeremy A. Oliver, *pro hac vice*
>Tennessee Bar No. 029329
>joliver@winstead.com
>**WINSTEAD PC**
>1221 Broadway, Suite 2030
>Nashville, Tennessee 37203
>Telephone: (615) 949-2352
>Facsimile: (615) 949-2349
>
>**ATTORNEYS FOR PLAINTIFF**
>**SBI CRYPTO CO., LTD.**

## CERTIFICATE OF SERVICE

I certify that, on March 28, 2025, a true and correct copy of the foregoing was served via electronic mail to all counsel of record.

>*/s/ Cory C. Johnson*
>Cory C. Johnson

# EXPERT DISCLOSURES

## I.
## Retained Experts

1. Charles C. Byers
   2710 Wendelin Court
   Wheaton, IL 60189
   (630) 815-9554

   Mr. Byers is computer and electrical engineer with extensive experience in designing and developing architecture for common platforms and data processing systems. Mr. Byers holds over 134 US patents, with many related to high-powered computing and networking equipment. Mr. Byers' qualifications are set forth in his Curriculum Vitae attached hereto as **Exhibit A** and incorporated by reference herein.

   Mr. Byer' opinions, the basis for his opinions, and the materials reviewed are set forth in his expert report, attached hereto as **Exhibit B** and incorporated by reference herein. Mr. Byers analyzed the physical, electrical, network and environmental conditions before and during the operational period of SBIC's crypto mining machines installed in the Whinstone Rockdale, Texas datacenter. Mr. Byers will offer opinions on his technical analysis, including the conditions and shortcomings of the datacenter, the impact on the electronics in the miners, the contribution of poor miner reliability to the profitability of the installation of miners, and their probable root causes. Discovery is on-going and Mr. Byers reserves the right to supplement his report and the opinions contained therein as discovery continues and to rebut any opinions offered by any experts disclosed by Whinstone US, Inc.

   Mr. Byers has not testified at trial or by deposition within the last four years. Mr. Byers is being compensated $590/hour for his study and testimony in this matter.

2. Phillip J. Isaak, PE, P.Eng., DCDC, RCDD, SMIEEE
   8301 Chestnut Ct
   Victoria, MN 55386-8252
   (888) 838-0411

   Mr. Isaak is an electrical, network and data center infrastructure engineer, program and project manager with over 25 years of engineering experience. He has provided data center design and operations consulting or training to clients located in 26 countries and territories across 6 continents. His experience encompasses data center facilities, network infrastructure, IT platforms, Enterprise, Edge, Outsourced and Cloud data center services. His qualifications are set forth in his Curriculum Vitae attached as **Exhibit 1** to his expert report and incorporated herein by reference.

    Mr. Isaak's opinions, the basis for his opinions, and the materials reviewed are set forth in his expert report, attached hereto as **Exhibit C** and incorporated by reference herein. Mr. Isaak will offer opinions on his analysis of the design and operations of the Whinstone datacenter in Rockdale, Texas, and whether the design or operations of the datacenter met Whinstone's contractual requirements or accepted industry standards, and if the design or operations contributed to the failure, or degradation, of SBIC's crypto mining machines. Discovery is on-going and Mr. Isaak reserves the right to supplement his report and the opinions contained therein as discovery continues and to rebut any opinions offered by any experts disclosed by Whinstone US, Inc.

    A list of Mr. Isaak's prior testimony from the last four years is attached as **Exhibit 2** to his expert report. Mr. Isaak is being compensated $640/hour for his study and testimony in this matter.

3. Matthew W. Schuler
   2301 Plum Street
   Parkersburg, WV 26101
   (940) 300-1749

   Mr. Schuler is an expert in the computer and electronic product secondary market, with extensive experience in information technology (IT), electronic test equipment and consumer electronics product resale, including creating the industry's first computer trade-in program, and the first shared revenue, product refurbishment and remarking contract. His qualifications are set forth in his Curriculum Vitae attached hereto as **Exhibit D** and incorporated by reference herein.

   Mr. Schuler's opinions, the basis for his opinions, and the materials reviewed are set forth in his expert report, attached hereto as **Exhibit E** and incorporated by reference herein. Mr. Schuler will offer opinions on his analysis of the secondary market for crypto mining products and component parts and a valuation of SBIC's 20,000 crypto mining machines installed at the Whinstone datacenter in Rockdale, Texas before, during, and after their operational period. Discovery is on-going and Mr. Schuler reserves the right to supplement his report and the opinions contained therein as discovery continues and to rebut any opinions offered by any experts disclosed by Whinstone US, Inc.

   Mr. Schuler has not testified at trial or deposition within the last four years. Mr. Schuler is being compensated $490/hour for his study and testimony in this matter.

4. Randall Valentine, Ph.D.

   Dr. Valentine is a highly credentialed finance expert with extensive experience in academia, research, and financial analysis. He has been retained as an expert witness in over 100 cases, with a significant number of these involving

cryptocurrency and financial damages. His qualifications are set forth in his Curriculum Vitae attached hereto as **Exhibit F** and incorporated by reference herein.

Dr. Valentine's opinions, the basis for his opinions, and the materials reviewed are set forth in his expert report attached hereto as **Exhibit G** and incorporated herein by reference. Dr. Valentine will opine on his analysis of the financial impact of Whinstone's breach of the Hosting Services Agreement affecting SBIC's economic interests.

A list of Dr. Valentine's prior testimony from the last four years is referenced in **Exhibit G**. Dr. Valentine is being compensated $300/hour for his study in this matter and will be compensated $500/hour for any time spent testifying.

## II.
## Attorneys' Fees

1. Joshua M. Sandler
   WINSTEAD PC
   500 Winstead Building
   2728 N. Harwood Street
   Dallas, Texas 75201
   (214) 745-5400

   Cory Johnson
   WINSTEAD PC
   500 Winstead Building
   2728 N. Harwood Street
   Dallas, Texas 75201
   (214) 745-5400

Mr. Sandler and Mr. Johnson are retained counsel for SBIC and are expected to offer expert testimony concerning (1) the legal services rendered or to be rendered by Winstead PC ("Winstead") on behalf of SBIC in this action (including any appeal) and in connection with their claims, as described in the pleadings filed in this lawsuit; (2) the attorneys' fees and expenses (including expert fees) incurred by SBIC in prosecuting their claims and in defending claims against them; (3) those factors used to determine the reasonableness of attorneys' fees; and (4) the reasonableness and necessity of those fees and expenses incurred by SBIC in relation to those factors.

Mr. Sandler and Mr. Johnson will express the opinion that the attorneys' fees and expenses incurred by SBIC have been reasonable and necessary. Specifically, Mr. Sandler and Mr. Johnson may testify concerning the reasonable and necessary attorneys' fees incurred, or to be incurred, by SBIC in connection with the claims and defenses asserted in this case and in connection with any appeal of any judgment that may be entered in this case. Mr. Sandler and Mr. Johnson may also segregate attorneys' fees as appropriate. As appropriate, Mr. Sandler and Mr.

Johnson may express opinions about the reasonableness and necessity of the attorneys' fees of Defendant Whinstone in this case, including any appeal. Mr. Sandler and Mr. Johnson will base their opinions as to the necessity and reasonableness of the attorneys' fees charged upon their knowledge, skill, experience, pleadings in this case, discovery conducted in this case, documents and correspondence exchanged between the parties, redacted fee statements and invoices of the parties, and their resulting knowledge of attorneys' fees charged in disputes of a similar nature and complexity by an attorney with experience comparable to the attorneys involved. Mr. Sandler and Mr. Johnson may also provide rebuttal testimony, if appropriate, to rebut any expert or other opinion testimony offered by any other party.

In determining the reasonableness of attorneys' fees and expenses in this matter, in addition to the matters set forth in the preceding paragraph, Mr. Sandler and Mr. Johnson will also consider Rule 1.04 of the Texas Code of Disciplinary Procedure as well as the following factors:

a. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

b. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

c. the fee customarily charged in this locality for similar legal services;

d. the amount involved and the results obtained;

e. the nature and length of the professional relationship with the client;

f. the experience, reputation and ability of the lawyer or lawyers performing the services; and

g. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

In the usual and customary manner, copies of the relevant attorneys' fees records will be reviewed by Mr. Sandler and/or Mr. Johnson in anticipation of their expert testimony. Any other documents forming the basis of Mr. Sandler's or Mr. Johnson's opinions will be supplemented before the close of discovery in this case with the exception of documents previously exchanged by the parties in the ordinary course of this litigation.

The underlying facts and bases for Mr. Sander's and Mr. Johnson's opinions will continue to develop as attorneys' fees and expenses accrue and continue to accrue through the time of trial. The formation of Mr. Sandler's and Mr. Johnson's opinions as to attorneys' fees and expenses incurred by the parties is dependent upon the timely furnishing of detailed fee and expense records upon which to base

such opinions.

Mr. Sandler's current resume can be viewed at:
https://www.winstead.com/People/Joshua-Sandler

Mr. Johnson's current resume can be viewed at:
https://www.winstead.com/People/Cory-Johnson

## III.
## Cross Designations and Reservation of Rights

SBIC hereby cross-designates and states that they may call any expert witness identified or designated by an adverse party or any employee or representative of those expert witnesses and/or qualifications of said witnesses and/or the relevance and reliability of the proffered expert's opinions.

SBIC reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness to final hearing and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

SBIC reserves the right to elicit any expert opinion or lay opinion testimony at trial that would be truthful that would be a benefit to the judge or jury to determine material issues of fact, and that would not be violative of any existing Court order or the Federal Rules of Civil Procedure.

SBIC reserves whatever additional rights they may have with regard to experts, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the Court. SBIC reserves the right to supplement this designation with additional designations of experts within any time limits imposed by the Court or any alterations of same by subsequent order of the Court or agreement of the parties or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.