# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **SBI CRYPTO CO., LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**WHINSTONE US, INC.,**<br><br>*Defendant.* | Civil Action No.: 6:23-cv-252 |

### PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND AMENDED NOTICE OF CORPORATE REPRESENTATIVE DEPOSITION OF PLAINTIFF SBI CRYPTO CO., LTD.

TO:   Defendant Whinstone US, Inc., by and through its counsel of record, Robert T. Slovak and Brandon C. Marx, FOLEY & LARDNER LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201.

Plaintiff SBI Crypto Co., Ltd. ("SBIC" and/or "Plaintiff") hereby serves its objections and responses to Defendant's Second Amended Notice of Corporate Representative Deposition of Plaintiff SBI Crypto Co., Ltd. (the "Deposition Notice").

## I.
## GENERAL OBJECTIONS

1.   SBIC objects generally to the Deposition Notice, and each topic contained therein, on the grounds set forth below. These General Objections are incorporated by this reference into each of SBIC's objections to each specific topic.

2.   Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that SBIC has responded or objected to any topic or any part thereof should not be taken as an admission that it accepts or admits the existence of any facts set forth or assumed in such topic, or that such response or objection constitutes admissible evidence. The fact that SBIC has not objected or responded to part or all of any topic is not intended and shall not be construed to be a waiver of any objection to any part of a topic propounded by Defendant.

3.   SBIC objects to the extent any or all of these topics call for information which constitutes information, material, or documents prepared in anticipation of litigation or information or material covered by the work product doctrine or which is

privileged by virtue of the attorney-client privilege, the investigative privilege, and/or any other applicable privilege, immunity, or protection.

4. SBIC objects to these topics as a whole, and to each specific topic contained therein, to the extent that they seek information which constitutes SBIC's confidential or competitively sensitive proprietary information.

5. SBIC objects to these topics as a whole, and to each request contained therein, to the extent that they are vague, ambiguous, overbroad, burdensome, oppressive, duplicative, cumulative; fail to describe with reasonable particularity the matters on which examination is requested; seek testimony or information that is obtainable from another source that is more convenient, less burdensome and less expensive; are posed for improper purposes, including, without limitation, embarrassment, undue annoyance, harassment, delay, or to increase the expense of litigation; call for a legal conclusion or opinion; and are not relevant to the subject matter of the claims in this case nor reasonably calculated to lead to the discovery of admissible evidence.

6. SBIC objects to all topics to the extent that they require SBIC to provide a legal basis for any of its claims or defenses. The Federal Rules of Civil Procedure do not require SBIC to produce a road map for Defendant explaining how it will support its position. Subject matter that relates to the preparation, strategy, and appraisal of the strengths and weaknesses of an action, or to the activities of the attorneys involved is protected regardless of the discovery method employed.

## II.
### OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:** The negotiation, offer, acceptance, execution, terms, performance, and termination of the HOSTING AGREEMENT.

> **RESPONSE: Subject to the general objections, SBIC designates Carson Smith to testify on this Topic.**

**TOPIC NO. 2:** The facts and circumstances concerning any attempts to renegotiate the HOSTING AGREEMENT.

> **RESPONSE:** **SBIC objects to this Topic as vague and ambiguous as to "any attempts to renegotiate" as it does not reasonably identify the term "attempt," the timing, and/or the parties involved.**
>
> **Subject to the foregoing objections, SBIC designates Carson Smith to testify regarding any attempts by SBIC to renegotiate the Hosting Agreement.**

**TOPIC NO. 3:**  The negotiation, offer, acceptance, execution, terms, performance, and termination of the PRIOR HOSTING AGREEMENT.

**RESPONSE:** SBIC objects to this Topic as argumentative and misstating the facts to the extent that it asserts that the Prior Hosting Agreement was performed.

Subject to the foregoing objections, SBIC designates Carson Smith to testify regarding the negotiation, offer, acceptance, execution, terms, lack of performance, and termination of the Prior Hosting Agreement.

**TOPIC NO. 4:**  The fact and circumstances, including who, what, when, where, and how, of each alleged misrepresentation, omission, and breach that support YOUR breach of contract, fraud, fraudulent inducement, and fraud by nondisclosure and concealment claims alleged in the COMPLAINT.

**RESPONSE:** SBIC objects to this Topic as overly broad, unduly burdensome, vague, ambiguous, and impermissibly seeking information protected by attorney-client privilege. SBIC additionally objects as this Topic asks SBIC to marshal all of its evidence.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regrading Whinstone's fraudulent conduct and breach of the Hosting Agreement as alleged in the Complaint.

**TOPIC NO. 5:**  The facts and circumstances concerning the purchase, installation, maintenance, performance, and removal of YOUR cryptocurrency mining equipment used at the FACILITY.

**RESPONSE:** SBIC objects to this Topic as vague/ambiguous/confusing, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests testimony on information Whinstone was contractually required to but failed to report to SBIC or produce in this case.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the purchase, performance, and removal of SBIC's cryptocurrency mining equipment used at the Facility and on Whinstone's installation and maintenance of the miners as communicated by Whinstone to SBIC.

**TOPIC NO. 6:** YOUR attempts to sell the cryptocurrency mining equipment that YOU used at the FACILITY, including the value of that equipment.

**RESPONSE:** SBIC objects to this Topic as overly broad, unduly burdensome, and improperly requesting expert testimony on the value of SBIC's cryptocurrency mining equipment. SBIC has designated Matthew Schuler as its expert on the value of SBIC's cryptocurrency mining equipment and any questions regarding his valuation should be reserved for his examination, if any.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding its attempts to sell the cryptocurrency mining equipment used at the Facility and the value, or lack thereof, of the equipment.

**TOPIC NO. 7:** The facts and circumstances concerning the purchase, installation, maintenance, performance, and removal of YOUR CANAAN cryptocurrency mining equipment used at locations other than the FACILITY.

**RESPONSE:** SBIC objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. Whinstone has repeatedly objected to and represented that information relating to the performance of other miners at the Facility is irrelevant. Furthermore, this Topic is not limited in scope to similar miners or a relevant time period.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the purchase, installation, maintenance, performance of its cryptocurrency mining equipment hosted at a facility in Russia during the duration of the Hosting Agreement.

**TOPIC NO. 8:** YOUR attempts to sell the cryptocurrency mining equipment that YOU used at locations other than the FACILITY, including the value of that equipment.

**RESPONSE:** SBIC objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, not proportional to the needs of this case, and seeking expert testimony. Whinstone has repeatedly objected to and represented that information relating to the performance of other miners at the Facility is irrelevant. Furthermore, this Topic is not limited in scope to similar miners or a relevant time period. SBIC has designated Matthew Schuler as its expert on the value of SBIC's cryptocurrency mining equipment and any questions regarding his valuation should be reserved for his examination, if any.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the purchase, installation, maintenance, performance of its cryptocurrency mining

**equipment hosted at a facility in Russia during the duration of the Hosting Agreement.**

**TOPIC NO. 9:** All alleged harm and all alleged damages YOU claim to have suffered in this case, including any calculation thereof.

**RESPONSE:** **SBIC objects to this Topic as overly broad and requesting expert testimony. SBIC has designated Dr. Randall Valentine and Matthew Schuler as experts that will offer opinions and testimony as to SBIC's damages.**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the damages sustained by SBIC as a result of Whinstone's conduct.**

**TOPIC NO. 10:** YOUR communications with CANAAN and/or any other individual or entity regarding the performance or maintenance of any of YOUR CANAAN miners.

**RESPONSE:** **SBIC objects to this Topic as overly broad, not proportional to the needs of the case, and seeking irrelevant information as it is not reasonably tailored to the subject cryptocurrency mining equipment or equipment of the same or substantially similar model, and this is not limited to a relevant time period.**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding SBIC's communications with Canaan and other entities regarding the performance or maintenance of the subject miners.**

**TOPIC NO. 11:** YOUR communications with KABOOMRACKS regarding YOUR cryptocurrency mining equipment and/or the FACILITY.

**RESPONSE:** **SBIC objects to this Topic as overly broad, not proportional to the needs of the case, and seeking irrelevant information as it is not reasonably tailored to the subject cryptocurrency mining equipment or equipment of the same or substantially similar model, and this is not limited to a relevant time period.**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding SBIC's communications with KaboomRacks regarding the subject miners and the Facility.**

**TOPIC NO. 12:** YOUR communications with NORTHERN DATA regarding the HOSTING AGREEMENT, YOUR cryptocurrency mining equipment, and/or the FACILITY.

> **RESPONSE: Subject to the general objections, SBIC designates Carson Smith to testify regarding SBIC's communications with Northern Data regarding the Hosting Agreement, the subject miners, and/or the Facility.**

**TOPIC NO. 13:** YOUR cryptocurrency mining operations in general, including the profitability of the same.

> **RESPONSE: SBIC objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case as it is not limited in scope to a relevant time period.**
>
> **Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding SBIC's cryptocurrency mining operations and their profitability.**

**TOPIC NO. 14:** The facts and circumstances concerning WHINSTONE's COUNTERCLAIM, including any affirmative defenses raised in YOUR ANSWER.

> **RESPONSE: SBIC objects to this Topic as overly broad, unduly burdensome, and impermissibly seeking information protected by attorney-client privilege. SBIC additionally objects as this Topic asks SBIC to marshal all of its evidence.**
>
> **Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the termination of the Hosting Agreement, subsequent communications between SBIC and Whinstone, removal of SBIC's cryptocurrency mining equipment from the Facility, and Whinstone's payment(s) to SBIC following the termination of the Hosting Agreement.**

**TOPIC NO. 15:** YOUR efforts to acquire more than 50 megawatts of power for use at the FACILITY.

> **RESPONSE: SBIC objects to this Topic as overly broad, seeking irrelevant information, and not proportional to the needs of the case as it attempts to shift Whinstone's contractual obligations under the Hosting Agreement to SBIC.**
>
> **Subject to and without waiving the foregoing objections, SBIC**

designates Carson Smith to testify regarding the electricity Whinstone made available to SBIC at the Facility.

**TOPIC NO. 16:** YOUR efforts to monitor or measure the average air intake temperature at Building B of the FACILITY.

**RESPONSE:** SBIC objects to this Topic as overly broad, seeking irrelevant information, and not proportional to the needs of the case as it attempts to shift Whinstone's contractual obligations under the Hosting Agreement to SBIC.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding this Topic.

**TOPIC NO. 17:** YOUR efforts to monitor or measure the airflow at Building B of the FACILITY.

**RESPONSE:** SBIC objects to this Topic as overly broad, seeking irrelevant information, and not proportional to the needs of the case as it attempts to shift Whinstone's contractual obligations under the Hosting Agreement to SBIC.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding this Topic.

**TOPIC NO. 18:** YOUR efforts to diagnose the source of any performance issues with YOUR CANAAN cryptocurrency miners.

**RESPONSE:** SBIC objects to this Topic as overly broad, seeking irrelevant information, and not proportional to the needs of the case to the extent that this Topic requests testimony on cryptocurrency miners other than the subject miners or miners of the same model. SBIC further objects to this Topic as vague and ambiguous as to "diagnose."

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding its attempts to identify the source of any performance issues with the subject cryptocurrency miners at the Facility.

**TOPIC NO. 19:** YOUR efforts to monitor or measure YOUR miner performance, including power usage, hash rates, and cryptocurrency mined, at Building B of the FACILITY.

**RESPONSE:** Subject to its general objections, SBIC designates Carson Smith to testify regarding the performance of SBIC's cryptocurrency miners at Building B of the Facility.

**TOPIC NO. 20:** The facts and circumstances supporting YOUR contention that Building B at the FACILITY was inadequately designed, including any evaluations regarding the same.

**RESPONSE:** SBIC objects to this Topic as it requests expert testimony from SBI personnel.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the inadequate mining conditions at the Facility.

**TOPIC NO. 21:** The facts and circumstances supporting YOUR contention that Building B at the FACILITY did not meet industry standards, including any evaluations regarding the same.

**RESPONSE:** SBIC objects to this Topic as it requests expert testimony from SBI personnel.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the inadequate mining conditions at the Facility.

**TOPIC NO. 22:** Any permit, inspection, or certification that YOU contend that Whinstone was required to obtain pursuant to the HOSTING AGREEMENT.

**RESPONSE:** SBIC objects to this Topic as overly broad, seeking information outside of the personal knowledge of any SBI personnel, and impermissibly seeking information protected by attorney-client privilege.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding Whinstone's failure to meet Whinstone's obligations under the Hosting Agreement.

**TOPIC NO. 23:** The facts and circumstances concerning any delay in constructing Building B that serves as the bases for YOUR claims asserted in the COMPLAINT.

**RESPONSE:** SBIC objects to this Topic as overly broad, unduly burdensome, seeking information outside of the personal knowledge of any SBI personnel, and impermissibly seeking information

**protected by attorney-client privilege.**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding Whinstone's representations concerning the delay in constructing Building B.**

**TOPIC NO. 24:** The facts and circumstances supporting YOUR contention that YOU provided a notice of claim pursuant to the HOSTING AGREEMENT.

**RESPONSE: SBIC objects to this Topic as vague and ambiguous as to "notice of claim."**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding this Topic.**

**TOPIC NO. 25:** YOUR non-privileged COMMUNICATIONS about potential litigation against WHINSTONE and the potential of WHINSTONE asserting COUNTERCLAIMS against YOU.

**RESPONSE: Subject to its general objections and to the extent that any such non-privileged communications occurred, SBIC designates Carson Smith to testify regarding this topic.**

**TOPIC NO. 26:** The amount of money YOU paid to WHINSTONE in the immediately preceding 12 months of any notice of claim pursuant to the HOSTING AGREEMENT.

**RESPONSE: SBIC objects to this Topic as vague and ambiguous to the extent it relies on the term "notice of claim."**

**Subject to its general objections, SBIC designates Carson Smith to testify regarding SBIC's payments to Whinstone during the relevant time period.**

**TOPIC NO. 27:** The facts and circumstances concerning YOUR decision to continue performing the HOSTING AGREEMENT after the "RFU" date, as defined in the HOSTING AGREEMENT, had passed.

**RESPONSE: Subject to its general objections, SBIC designates Carson Smith to testify regarding SBIC's decision to perform the Hosting Agreement.**

**TOPIC NO. 28:** The facts and circumstances concerning YOUR decision to settle accounts with WHINSTONE after WHINSTONE terminated the HOSTING AGREEMENT.

**RESPONSE:** SBIC objects to this Topic as irrelevant and argumentative to the extent that it assumes some sort of settlement or settlement agreement between SBIC and Whinstone.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding SBIC's communications with Whinstone following the termination of the Hosting Agreement and Whinstone's repayment of money owed to SBIC.

**TOPIC NO. 29:** The facts and circumstances concerning YOUR contention that "several industry experts who observed Whinstone's datacenter attest that Whinstone has a poor datacenter design and poor management of dirt and airflow inside the datacenter."

**RESPONSE:** SBIC objects to this Topic as seeking expert testimony and information outside of the personal knowledge of SBIC personnel.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the conditions of the Facility.

**TOPIC NO. 30:** The facts and circumstances concerning the intake air temperature at Building B of the FACILITY during the time the HOSTING AGREEMENT was in effect.

**RESPONSE:** SBIC objects to this Topic as seeking expert testimony and information outside of the personal knowledge of SBIC personnel.

Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the conditions of the Facility.

**TOPIC NO. 31:** YOUR conclusions, findings, opinions, observations, analysis, evaluation, and/or recommendations, including any testing, test results, audits, photographs, video, and/or audio recordings, from any visit to the FACILITY and/or location in which YOU used CANAAN miners to mine cryptocurrency.

**RESPONSE:** SBIC objects to this Topic as seeking expert testimony and information outside of the personal knowledge of SBIC personnel. SBIC further objects to this Topic as overly broad, seeking irrelevant information, and not proportional to the needs of the case as it is not limited in scope to a relevant time period or the subject model cryptocurrency miners.

> **Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding the visit(s) of any SBIC personnel to the Facility.**

**TOPIC NO. 32:** The facts and circumstances concerning YOUR purchase of NORTHERN DATA convertible bonds, conversion of such bonds into NORTHERN DATA stock, and the sale of such stock.

> **RESPONSE: SBIC objects to this Topic as seeking irrelevant information. Any purchase of convertible bonds, if any, by SBIC is not related to any claim made in the live pleadings.**
>
> **Subject to and without waiving the foregoing objection, SBIC designates Carson Smith to testify regarding this Topic.**

**TOPIC NO. 33:** The design and construction of any other cryptocurrency mining facility at which YOU mined cryptocurrency.

> **RESPONSE: SBIC objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.**
>
> **Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify regarding SBIC's cryptocurrency mining operations at the Facility and at a facility in Russia.**

**TOPIC NO. 34:** YOUR efforts to identify, collect, and produce information responsive to WHINSTONE's discovery requests in this lawsuit.

> **RESPONSE: Subject to its general objections, SBIC designates Carson Smith to testify regarding this Topic.**

**TOPIC NO. 35:** YOUR preparation in testifying as a corporate representative resulting from this notice.

> **RESPONSE: Subject to its general objections, SBIC designates Carson Smith to testify regarding this Topic.**

**TOPIC NO. 36:** Any international personal or business travel taken by Carson Smith or Jonathan Tanemori between September 1, 2020 and July 31, 2021.

> **RESPONSE: SBIC objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to**

**the needs of this case.**

**Subject to and without waiving the foregoing objections, SBIC designates Carson Smith to testify on this Topic.**

PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND AMENDED NOTICE OF CORPORATE REPRESENTATIVE DEPOSITION OF PLAINTIFF SBI CRYPTO CO., LTD.

Page 12 of 13

        Respectfully submitted,

        **WINSTEAD PC**

        By: */s/ Joshua M. Sandler*
        Joshua M. Sandler
        Texas Bar No. 24053680
        jsandler@winstead.com
        Cory Johnson
        Texas Bar No. 24046162
        cjohnson@winstead.com
        Andrew Patterson
        Texas Bar No. 24131573
        apatterson@winstead.com
        2728 N. Harwood Street, Suite 500
        Dallas, Texas 75201
        Telephone: (214) 745-5103
        Facsimile:  (214) 745-5390

        -AND-

        Jeremy A. Oliver, *pro hac vice*
        Tennessee Bar No. 029329
        joliver@winstead.com
        **WINSTEAD PC**
        1221 Broadway, Suite 2030
        Nashville, Tennessee 37203
        Telephone: (615) 949-2352
        Facsimile: (615) 949-2349

        **ATTORNEYS FOR PLAINTIFF**
        **SBI CRYPTO CO., LTD.**

## CERTIFICATE OF SERVICE

      I certify that, on April 11, 2025, a true and correct copy of the foregoing was served via electronic mail to all counsel of record.

        */s/ Cory Johnson*
        Cory Johnson