IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD., | |
| Plaintiff, | Civil Action No. 6:23-cv-252 |
| v. | |
| WHINSTONE US, INC., | |
| Defendant. | |

**DEFENDANT WHINSTONE US, INC.'S OBJECTIONS AND MOTION TO STRIKE
PLAINTIFF SBI CRYPTO CO., LTD.'S MOTION FOR SUMMARY JUDGMENT ON
WHINSTONE'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES BASED ON AN
ALLEGED SETTLEMENT AGREEMENT EVIDENCE**

Defendant Whinstone US, Inc. ("Whinstone") objects to and moves to strike the below summary judgment evidence that Plaintiff SBI Crypto Co., Ltd. ("SBI") seeks to introduce in support of its Motion for Summary Judgment on Whinstone's Counterclaims and Affirmative Defendants Based on an Alleged Settlement Agreement ("MSJ") (ECF No. 168-1).

## I. LEGAL GROUNDS FOR OBJECTIONS

To be considered by the Court, summary judgment evidence must be specifically cited and admissible at trial. Fed. R. Civ. Proc. 56(c); *Flores v. Harris*, No. CV H-17-3817, 2019 WL 1426313, at *6 (S.D. Tex. Mar. 29, 2019) ("'In the Fifth Circuit, it is well settled that 'the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to trial.'"); *State Farm Life Ins. Co. v. Truc*, No. 3:96-CV-2909, 1997 WL 325985, at *2 n.3 (N.D. Tex. June 6, 1997) ("While it is true that summary judgment evidence need not be in 'a form that would be admissible at trial,' the evidence must consist of facts that would be admissible in evidence at trial.") (citations omitted). Accordingly, a party may object to, and move

to strike, any of the opposing party's evidence that would not be admissible at trial. *See, e.g., CFS Forming Structures Co., Inc. v. Flintco, Inc.*, No. A-07-CA-973-LY, 2009 WL 10669698, at *2 (W.D. Tex. Feb. 19, 2009).

### A.    Evidence Must Be Authenticated

To be admissible into evidence, documents must be authenticated or identified "to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

### B.    Absent an Exception, Hearsay Is Inadmissible.

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is inadmissible unless allowed by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

### C.    The "Best Evidence" Rule Requires the Underlying Document to Prove Its Contents.

The "best evidence" rule requires the original or duplicate of a document to prove the contents of that document. Fed. R. Evid. 1002-1003. "The elementary wisdom of the best evidence rule rests on the fact that the document [itself] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description [of it]. . ." *Gordon v. United States*, 344 U.S. 414, 421 (1953). "[T]he rule is a mechanism to prevent fraud or mistransmission of information, *i.e.*, to ensure accuracy." *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997).

### D.    Conclusory Statements, Conjecture, and Legal Conclusions Are Not Competent Summary Judgment Evidence.

A movant cannot rely upon unsubstantiated allegations and conclusory assertions—there must be admissible evidence introduced to support the same. *See, e.g. Lujan v. Nat'l Wildlife*

*Fed'n*, 497 U.S. 871, 888 (1990) ("The object . . . is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *see also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[C]onclusory assertions cannot be used in an affidavit on summary judgment.").  Likewise, legal conclusions and statements not based in personal knowledge are inadmissible.  Fed. R. Evid. 602, 704; *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018).

## II. OBJECTIONS AND MOTION TO STRIKE

Whinstone objects to the following MSJ exhibits and moves to strike as follows:

**A.    Objection No. 1:**

Whinstone objects to MSJ Exhibit 1 because the document is not relevant as it is not cited in the MSJ. Fed. R. Evid. 401-02.

**B.    Objection No. 2:**

Whinstone objects to MSJ Exhibit 2 because the document is not relevant as it is not cited in the MSJ. Fed. R. Evid. 401-02.

**C.    Objection No. 3:**

Whinstone objects to MSJ Exhibit 3 because the document is not authenticated and contains inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it is not cited in the MSJ. Fed. R. Evid. 401-02.

**D.    Objection No. 4:**

Whinstone objects to MSJ Exhibit 4 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain about a failed attempt

**DEFENDANT'S OBJECTIONS TO**
**PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**                                            3

to acquire a location in Pyote, Texas and identifying Rockdale, Texas as a potential alternative location—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the parties' Hosting Service Agreement (the "Hosting Agreement") dated October 24, 2019 contains an integration clause and is the final expression of the parties' agreement. *Guerra & Moore, Ltd., LLP v. Cantu*, No. 7:11-CV-299, 2017 WL 6444413, at *8 (S.D. Tex. July 25, 2017) ("The parol evidence rule prohibits the admission of extrinsic evidence to vary or explain the terms or contradict the legal effect of an unambiguous written instrument in the absence of a showing of fraud, accident, or mistake in its preparation."), *aff'd sub nom. matter of Cantu*, 720 Fed. Appx. 713 (5th Cir. 2018).

### E.    Objection No. 5:

Whinstone objects to MSJ Exhibit 5 because the document is not authenticated and contains inadmissible hearsay. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it is not cited in the MSJ. Fed. R. Evid. 401-02. Specifically, the exhibit is a document titled "Whinstone Trip Report" that was drafted by SBI after its visit to Rockdale, Texas—*i.e.*, the exhibit does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

### F.    Objection No. 6:

Whinstone objects to MSJ Exhibit 6 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative

defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email about the potential terms in the Hosting Agreement—*i.e.*, the email does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

G.    **Objection No. 7:**

Whinstone objects to MSJ Exhibit 7 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception.. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain forwarding a redline of the Hosting Agreement—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

H.    **Objection No. 8:**

Whinstone objects to MSJ Exhibit 9 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an agreement about the status of certain payments under the Hosting Agreement (of which there is no dispute)—

*i.e.*, the agreement does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

I.      **Objection No. 9:**

Whinstone objects to MSJ Exhibit 10 because the cited testimony is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the cited testimony is about alleged conversations concerning the date for which operations were to begin at Rockdale, Texas—*i.e.*, the testimony does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Additionally, Whinstone objects to the exhibit because it contains speculative testimony in response to a question that assumes facts not in evidence and to which the witness admitted that he did not have personal knowledge. *E.g., E.E.O.C. v. Air Liquide USA LLC*, 692 F. Supp. 2d 658, 667 (S.D. Tex. 2010).

J.      **Objection No. 10:**

Whinstone objects to MSJ Exhibit 11 because the cited testimony is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the cited testimony is about alleged conversations regarding alleged payments made in September or October 2020 and the purported reasons for them—*i.e.*, the testimony does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination or whether any money has not been returned to SBI.

K.      **Objection No. 11:**

Whinstone objects to MSJ Exhibit 12 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative

defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email about making the first payments under the Hosting Agreement—*i.e.*, the email does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination or whether any money has not been returned to SBI. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

**L.    Objection No. 12:**

Whinstone objects to MSJ Exhibit 13 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain concerning a proposal to amend the Hosting Agreement—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

**M.    Objection No. 13:**

Whinstone objects to MSJ Exhibit 14 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an agreement about the status of certain payments under the Hosting Agreement—*i.e.*, the agreement does not

concern whether Whinstone entered into a settlement agreement with SBI post-contract termination or whether any payments were not returned to SBI.

### N.    Objection No. 14:

Whinstone objects to MSJ Exhibit 15 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain about the status of certain payments under the Hosting Agreement and discussions concerning the same—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination or whether any payments were not returned to SBI.

### Objection No. 15:

Whinstone objects to MSJ Exhibit 16 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is a Whinstone invoice concerning the security deposit under the Hosting Agreement—*i.e.*, the invoice does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination or whether any payments were not returned to SBI. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

### O.    Objection No. 16:

Whinstone objects to MSJ Exhibit 17 because the deposition testimony cited on pages 263

and 273-274 of the transcript is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the cited testimony is about Riot Platform's ("Riot") acquisition of Whinstone—*i.e.*, the testimony does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**P.    Objection No. 17:**

Whinstone objects to MSJ Exhibit 18 because the deposition testimony cited on pages 65-67, 114-15, 123, and 141 of the transcript is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the cited testimony is about Riot's acquisition of Whinstone—*i.e.*, the testimony does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**Q.    Objection No. 18:**

Whinstone objects to MSJ Exhibit 19 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email concerns Riot's acquisition of Whinstone—*i.e.*, the email does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**R.    Objection No. 19:**

Whinstone objects to MSJ Exhibit 20 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative

defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email concerns Riot's acquisition of Whinstone—*i.e.*, the email does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**S.    Objection No. 20:**

Whinstone objects to MSJ Exhibit 21 because it contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception.. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email chain references Riot's acquisition of Whinstone and the usage of, and payment for, electricity—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**T.    Objection No. 21:**

Whinstone objects to MSJ Exhibit 22 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email concerns Riot's acquisition of Whinstone—*i.e.*, the email does not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

**U.    Objection No. 22:**

Whinstone objects to MSJ Exhibit 23 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email and attachment concern Riot's analysis of Whinstone's

electricity capacity in Rockdale, Texas—*i.e.*, the email and attachment do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

### V.    Objection No. 23:

Whinstone objects to MSJ Exhibit 24 because the document contains inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email chain concerns Riot's analysis of Whinstone's capacity in Rockdale, Texas—*i.e.*, the emails do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination.

### W.    Objection No. 24:

Whinstone objects to MSJ Exhibit 25 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the MSJ more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email and attachment concern Whinstone's termination of the Hosting Agreement after Riot's acquisition of Whinstone—*i.e.*, the email and attachment do not concern whether Whinstone entered into a settlement agreement with SBI post-contract termination

### X.    Objection No. 25:

Whinstone objects to MSJ Exhibit 26 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02.

### Y.    Objection No. 26:

Whinstone objects to MSJ Exhibit 27 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02.

**Z.      Objection No. 27:**

Whinstone objects to MSJ Exhibit 28 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02.

**AA.      Objection No. 28:**

Whinstone objects to MSJ Exhibit 29 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901.

**BB.      Objection No. 29**

Whinstone objects to MSJ Exhibit 30 because the document contains inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02.

**CC.      Objection No. 30:**

Whinstone objects to MSJ Exhibit 31 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901.

### III. CONCLUSION

Whinstone respectfully requests that the Court sustain Whinstone's objections and strike the evidence as requested herein.  Whinstone further requests all such other relief to which it is entitled.

Respectfully Submitted,

FOLEY & LARDNER LLP

By:    /s/Robert T. Slovak

Robert T. Slovak
Texas Bar No. 24013523
rslovak@foley.com
Steven C. Lockhart
Texas Bar No. 24036981
slockhart@foley.com
J. Michael Thomas
Texas Bar No. 24066812
jmthomas@foley.com
Brandon C. Marx
Texas Bar No. 24098046
bmarx@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

**ATTORNEYS FOR DEFENDANT
WHINSTONE US., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/Brandon C. Marx
Brandon C. Marx