IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> WHINSTONE US, INC., <br><br> Defendant. | Civil Action No. 6:23-cv-00252-ADA-DTG |

### DEFENDANT WHINSTONE US, INC.'S MOTION TO STRIKE PLAINTIFF SBI CRYPTO CO., LTD.'S DECLARATION OF CHARLES BYERS IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE CHARLES BYERS

Robert T. Slovak
Texas Bar No. 24013523
rslovak@foley.com
Steven C. Lockhart
Texas Bar No. 24036981
slockhart@foley.com
J. Michael Thomas
Texas Bar. No. 24066812
jmthomas@foley.com
Brandon C. Marx
Texas Bar No. 24098046
bmarx@foley.com
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

**ATTORNEYS FOR DEFENDANT WHINSTONE US, INC.**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant Whinstone US, Inc. ("Whinstone") files this Motion to Strike Plaintiff SBI Crypto Co., Ltd.'s Declaration of Charles Byers in Support of Plaintiff's Response to Defendant's Motion to Strike Charles Byers (ECF No. 180-12).

## I. SUMMARY OF ARGUMENT

This Court should—once again—reject SBI's second attempt to backdoor in new and untimely substantive opinions from its causation expert Charles Byers. This past summer SBI tried to issue a new Byers expert report three months late (the "Second Byers Report")—which contained new opinions and analysis based on previously undisclosed information regarding SBI's alleged Russian facility and operations.[1] The Court properly struck the Second Byers Report.[2] This is SBI's second bite at the apple, and it is no more proper than the first.

Undeterred, SBI now offers a new Byers' declaration (the "Untimely Declaration") that once again attempts to sneak in new opinions not contained in his original report (the "Original Byers Report").[3] These improper additions include an new analysis of alleged Rockdale, Texas weather data, a comparison of that data to alleged College Station, Texas weather data, commentary that he allegedly "inspected" "hundreds" of miners in storage (which contradicts his deposition testimony) and observed consistent amounts of dust across miners, and additional reasoning for certain of his analyses.[4]

SBI does not even attempt to satisfy its burden that the Untimely Declaration is a "supplement" under Federal Rule of Civil Procedure 26(e) or avoids automatic exclusion because

---

[1] Emerg. Mot. Strike (Jul. 28, 2025) (ECF No. 90).
[2] Min. Entry (Sept. 11, 2025) (ECF No. 104); Hr'g Tr. (Sept. 11, 2025) at 51:22-24 ("With regard to the Valentine's second report and Byers' second report, I'm going to sustain the motion to—or grant the motion to strike those reports."), attached as Exhibit 1.
[3] Resp. Mot. Strike (Dec. 1, 2025) Ex. L.
[4] Byers Decl., attached as Exhibit 2.

the declaration is substantially justified or harmless.[5] It is neither. Again, SBI admits to including new alleged Rockdale, Texas temperature data (which has always been available) and analysis,[6] which precludes it from being a "supplement" under Rule 26(e).

This gambit is no different from SBI's last failed attempt. There is no justification for the delay. Allowing this "backdoor" material would require Whinstone to re-depose Byers and prepare supplemental rebuttals on an unreasonably compressed schedule, creating exactly the type of prejudice Rule 26 is designed to prevent. The Court should strike the Untimely Declaration. Alternatively, if the Court declines to strike, Whinstone requests that depositions be re-opened (limited to matters for supplemental rebuttal reports) and SBI be ordered to pay for costs (including attorneys' fees) arising from the same.

## II. RELEVANT BACKGROUND

On January 28, 2025, the Court set the disclosure deadlines as March 21, 2025 for affirmative expert reports and April 18, 2025 for rebuttal expert reports.[7] On March 20, 2025, the parties agreed to extend those deadlines to March 28, 2025 and May 2, 2025, respectively.[8]

On March 28, 2025, SBI served expert disclosures and the Original Byers Report.[9]

Despite its experts' reliance upon undisclosed and unproduced information to prove alleged lost profits, SBI refused to produce documents and source data related to the same. *See* Disc. Dispute (Apr. 11, 2025). This forced Whinstone to initiate a discovery dispute to compel

---

[5] *See generally* Resp. Mot. Strike (Dec. 1, 2025); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1:15-CV-134-RP, 2017 WL 9480314, at *2 (W.D. Tex. May 22, 2017).

[6] *E.g.*, H. H. Coffield Regional Airport Station (*i.e.*, Rockdale, Texas) June 2018 monthly temperature data, Weather Underground, https://www.wunderground.com/history/monthly/us/tx/rockdale/KRCK/date/2018-6 (last visited Dec. 5, 2025); 2020 Weather History at H. H. Coffield Regional Airport, Weather Spark, https://weatherspark.com/h/y/149767/2020/Historical-Weather-during-2020-at-H.-H.-Coffield-Regional-Airport-Texas-United-States#Figures-Summary (last visited Dec. 5, 2025).

[7] Fourth Am. Sched. Order (Jan. 28, 2025).

[8] Fifth Am. Sched. Order (May 19, 2025).

[9] Original Byers Rpt., attached as Exhibit 3; SBI Expert Discl., attached as Exhibit 4.

**MOTION TO STRIKE BYERS' DECLARATION** 3

production.

On April 17, 2025, the Court ordered SBI to produce the highly relevant information, including regarding SBI's Rockdale and Russian operations and the "source data for any spreadsheet relied upon by SBI's expert witnesses" no later than April 25, 2025.[10] SBI produced 1,005 documents on the Court-ordered deadline, and untimely supplemented with an additional 182 documents on June 24, 2025.

On May 19, 2025, the Court granted the parties' jointly requested scheduling order—*keeping* the March 28, 2025 affirmative expert disclosure deadline but extending the rebuttal expert disclosure deadline to July 18, 2025 (due to document translation issues and SBI's untimely document productions).[11]

On July 18, 2025, SBI unilaterally served the Second Byers Report.[12] Therein, Byers sought to "generally quantify the impact of the poor environmental conditions the 20,000 mining machines installed in Rockdale TX experienced" by analyzing the purported design, layout, and operations of SBI's Russian crypto mining facility and using alleged SBI Rockdale and Russian mining data to quantitatively determine how much SBI's Russian miners purportedly outperformed its Rockdale miners.[13]

On that same day, Whinstone timely served three rebuttal expert reports—all prepared to address the original reports of SBI's experts (*i.e.*, not any supplement).[14] In so doing, Whinstone incurred more than $400,000 in expert witness fees.

Whinstone filed an emergency motion to strike the Second Byers Report on July 28, 2025,

---

[10] Order (Apr. 17, 2025) at 1-2.
[11] Fifth Am. Sched. Order (May 19, 2025).
[12] *Supra* n.1.
[13] Second Byers Report at 1, 10-12, attached as Exhibit 5.
[14] Whinstone US, Inc.'s Supplemental Designation and Disclosure of Expert Witnesses, attached as Exhibit 6.

**MOTION TO STRIKE BYERS' DECLARATION** 4

which the Court granted on September 11, 2025.[15]

Despite this Court's order striking the Second Byers Report, SBI tries to introduce new Byers opinions for a second time through the Untimely Declaration.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D) requires the disclosure of expert testimony "at the times and in the sequence that the court orders." When it comes to supplementation of expert disclosures, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. Proc. 26(a)(2)(E), 26(E).

"[C]ourts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and [the] disclosure 'departs from [or] expands upon [the] original report in [any] material respects." *UWorld LLC v. USMLE Galaxy LLC*, No. 3:23-CV-447-K-BN, 2025 WL 1246434, at *3 (N.D. Tex. Apr. 28, 2025), *recons. denied*, No. 3:23-CV-447-K-BN, 2025 WL 1798940 (N.D. Tex. June 26, 2025).[16] Indeed, courts have held: "'The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and expert production deadline.' 'Thus, [w]hen the analysis and opinions in the second report [are] largely new rather than supplementary, they cannot qualify as a supplemental expert report under Rule 26(e).'" *UWorld*, 2025 WL 1246434, at *3 (internal citations omitted); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

---

[15] *Supra* n.2.
[17] *Supra* n.6

**MOTION TO STRIKE BYERS' DECLARATION** 5

was substantially justified or is harmless." Fed. R. Civ. Proc. 37(c)(1). In addition to or alternatively, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure," or "impose any other sanction listed in Rule 37(b)(2)(A)(k)-(vi)." *Id.* In deciding whether a Rule 26 violation may be excused, "the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *UWorld*, 2025 WL 1246434, at *3. The party failing to comply with Rule 26 "bears the burden of proving the failure to timely disclose was substantially justified or harmless." *Id.*

## IV. ARGUMENTS AND AUTHORITIES

**A. The Untimely Declaration is not a "supplement" under Rule 26(e).**

Courts routinely reject efforts to change opinions and include new information after the expert disclosure deadline. *See, e.g.*, *UWorld*, 2025 WL 1246434, at *3. This Court should too. This time, SBI tries to introduce the following new opinions:

- Temperature data from Rockdale, Texas (which has always been available on multiple internet sources—Byers ignored it or didn't locate it).[17] Ex. 2 ¶ 8;

- Analysis comparing temperature data from Rockdale, Texas to College Station, Texas. *Id*. ¶ 9;

- Purported justification for not needing to be a meteorologist or statistician to offer opinions on statistical and weather analysis and revisions to the nature of his analysis (*i.e.*, shifting from quantitative analysis to qualitative). *Id*. ¶¶ 3, 9;

- Characterization of his qualifications (*i.e.*, shifting from information technology data center experience[18] to "high-performance electronic systems"). *Id*. ¶ 2;

- Statements contradicting his deposition testimony (*i.e.*, trying to change testimony that he only opened up two crates and removed miners from one

---

[17] *Supra* n.6
[18] C. Byers Dep. Tr. (Oct. 30, 2025) at 55:14-58:21, attached as Exhibit 7

**MOTION TO STRIKE BYERS' DECLARATION**                                         6

      column in each crate to pull out a miner from each crate[19] to now inspecting "hundreds" of miners). *Id*. ¶ 4;

- Opinions regarding the alleged amount and extent of dust present during Byers' miner inspection, associated reasoning for the existence of that phenomenon, and the significance of certain results in the MVA report. *Id*.; and

- Explanations for why Byers sent dust samples to MVA, how datacenters rely upon vendors like MVA to perform such testing, how Byers applied his experience in interpreting the MVA report, and what subject matter that Randy Boltin is an expert. *Id*. ¶¶ 5-7.

As can be seen, the Untimely Declaration is additive, not supplemental pursuant to Federal Rule of Civil Procedure 26(e). Indeed, Judge Pitman for the Western District of Texas—Austin Division rejected a party's post-disclosure deadline effort to include "additional detail, data and analyses in support of its original report's conclusions." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1:15-CV-134-RP, 2017 WL 9480314, at *2 (W.D. Tex. May 22, 2017).[20] The Fifth Circuit and other Texas federal district courts have found similarly. *E.g.*, *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016); *Edwards v. First Tr. Portfolios L.P.*, No. 3:23-CV-2239-BN, 2025 WL 531787, at *2 (N.D. Tex. Feb. 18, 2025). Nor can an expert try to change his testimony through a later report. *E.g., Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 766 (S.D.N.Y. 2013) (striking expert declaration that "contradict[ed] [expert's] prior expert reports and deposition testimony").[21]

---

[19] Ex. 7 at 253:22-254:8.
[20] Specifically, Judge Pitman held: "[T]he plain language of Rule 26(e) does not allow a supplemental report for the purpose of providing additional detail. Rather, supplements are allowed only to cure material errors or omissions. . . . . [T]he purportedly supplemental report is replete with wholly new arguments, analyses and opinions [such as] an analysis of the number of chain liquor stores in Texas relative to the total number of liquor stores in the state, as well as a comparison to the growth of large grocery store chains across the country. These analyses were absent from TSPSA's original report. Similarly. . . the new report includes a regression analysis that correlates states' per capita alcohol consumption to the degree of liquor control in the state and whether Wal-Mart has a presence in the state while controlling for confounding variables including religious observation and tourism . . . TSPA's second expert report is additive, not supplemental." *Wal-Mart*, 2017 WL 9480314, at *2.
[21] If the Court does not, then it should award costs as discussed in the next section.

**MOTION TO STRIKE BYERS' DECLARATION**                                                             7

**B. The Untimely Declaration are not substantially justified or harmless.**

SBI cannot meet its burden that its untimely disclosures are substantially justified or harmless. *UWorld*, 2025 WL 1246434, at *3.

First, SBI has no excuse for the Untimely Declaration. The Court previously struck the Second Byers Report—so SBI is well-aware that it should not try to slip in new Byers opinions after the deadline. Additionally, SBI's disclosure deadline was approximately ***eight months ago***.[22] SBI should have provided a "detailed and complete" expert report then, not now. *Wal-Mart*, 2017 WL 9480314, at *2. The new opinions in the Untimely Declaration are not based on any recently discovered evidence. They rely entirely on information that has always been within SBI's possession, custody, or control. In truth, these opinions are nothing more than an effort to repair and shore up the deficiencies in Byers' Original Report by adding after-the-fact analyses and factual assertions. No possible justification can support that conduct. *C.f.*, *Valenzuela v. City of Haltom City*, No. 4:10-CV-127-Y, 2012 WL 13024706, at *2 (N.D. Tex. Feb. 28, 2012) ("[A] party's failure to disclose the basis for his expert's opinion as originally required generally cannot be cured by deposition testimony or supplemental disclosures."); *Edwards*, 2025 WL 531787, at *2 ("And, so, Mr. Spindler's Supplemental Report contains an untimely expert opinion that is based on information available before the deadline for expert disclosures and that departs from his Original Report in material respects.").

Second, Whinstone—as the Court previously found with the prior motion to strike—will be prejudiced by having to expend additional time and money to respond to an improper disclosure. *See, e.g.*, *UWorld*, 2025 WL 1246434, at *3 ("And forcing Defendants to incur substantial time and expense to prepare additional reports in response to the sur-rebuttals will not remedy that

---

[22] Fifth Am. Sched. Order (May 19, 2025).

**MOTION TO STRIKE BYERS' DECLARATION** 8

prejudice."); *Wal-Mart*, 2017 WL 9480314, at *3 ("Even if Wal-Mart were able to re-depose TPSA's experts and to amend or supplement its rebuttal report, such efforts would be costly."). Whinstone already deposed Byers—so it is unable to ask him questions about the Untimely Declaration. That is prejudice, even under SBI's previously proffered standard that "courts do not exclude supplemental reports produced more than one month in advance of the expert's deposition and the expert discovery deadline." Resp. Emerg. Mot. Strike (Aug. 4, 2025) at 5 (ECF No. 91). If the Untimely Declaration is permitted to stand, then additional discovery is required (which involves substantial time and money) on the facts and opinions contained therein in order to issue a supplemental rebuttal report. Rules and deadlines must mean something—lest expert discovery turns into "'an infinitely iterative process' where parties serve expert reports with no defined end." *UWorld*, 2025 WL 1246434, at *7.

Third, a continuance cannot remedy the prejudice for the same reasons articulated in the prior paragraph. A continuance simply encourages SBI to continue its never-ending gamesmanship. *See, e.g.*, *Sierra Club*, 73 F.3d a 573 ("While a continuance would have given Sierra Club more time to review the late disclosures, such a measure 'would neither punish [Cedar Point] for its conduct nor deter similar behavior in the future.'").

Fourth, the Untimely Declaration is unimportant to SBI. If Byers' opinions are truly detailed and complete, there is no need for the Untimely Declaration. But even if the Untimely Declaration is important, the consequences of striking the Untimely Declaration should be borne by SBI: "repeated dilatory behavior . . . renders hollow any claims of unfair prejudice." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996).

## V. CONCLUSION

The Untimely Declaration should not be permitted to stand. Whinstone requests that the Court grant this motion and strike the Untimely Declaration. Alternatively, Whinstone requests

**MOTION TO STRIKE BYERS' DECLARATION**                                                                 9

that it be permitted to take another Byers deposition concerning the Untimely Declaration and issue supplemental expert reports, and that the Court order SBI to pay expenses (including attorneys' fees) arising from the same (including as a result of this motion). Whinstone further requests all such other relief to which it is entitled.

Respectfully Submitted,

FOLEY & LARDNER LLP

By: */s/ Robert T. Slovak*
Robert T. Slovak
Texas Bar No. 24013523
rslovak@foley.com
Steven C. Lockhart
Texas Bar No. 24036981
slockhart@foley.com
J. Michael Thomas
Texas Bar. No. 24066812
jmthomas@foley.com
Brandon C. Marx
Texas Bar No. 24098046
bmarx@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

**ATTORNEYS FOR DEFENDANT WHINSTONE US., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Brandon C. Marx*
Brandon C. Marx