# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD.,<br><br>   Plaintiff,<br><br> v.<br><br>WHINSTONE US, INC.,<br><br>   Defendant. | Civil Action No. 6:23-cv-252 |

## WHINSTONE US, INC.'S SUPPLEMENTAL DESIGNATION AND DISCLOSURE OF EXPERT WITNESSES

  Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Fifth Amended Scheduling Order (ECF No. 86), Whinstone US, Inc. ("Whinstone") hereby provides the following supplemental designation and disclosure of expert witnesses it may use at trial to present evidence in support of Whinstone's claims for relief and/or rebut Plaintiff SBI Crypto Co., LTD.'s ("SBI") expert opinions in this case. Whinstone incorporates its prior expert disclosure dated March 28, 2025 and supplements that disclosure with the information herein. SBI "supplemented" its expert reports over the past two day—over three months after the Court's expert designation deadline. These new expert opinions, are in part, dependent on information that has not been disclosed in discovery. Whinstone will move the Court to strike these opinions. However, Whinstone reserves the right to supplement this disclosure should the Court permit SBI's "supplemental" opinions and/or as otherwise.

**A. Retained Experts**

  Whinstone anticipates that the following retained experts will testify at trial regarding the subject matter and facts set forth below.

1. Richard Peters

Mr. Peters can be reached through Whinstone's counsel.

Mr. Peters is expected testify to those matters discussed in Whinstone's expert disclosure dated March 28, 2025, as well as in rebuttal concerning SBI's claims that SBI's miners' deficient performance was a result of Whinstone's conduct.

Attached hereto as Exhibit 1 is a true and correct of Mr. Peters' rebuttal report including (a) a complete statement of his opinions as well as the basis and reasons for those opinions; (b) the facts or data considered by Mr. Peters in formulating his opinions; (c) exhibits used to summarize or support his opinions; (d) his qualifications; (e) a list of cases in which he has testified at deposition or trial within the last four years; and, (f) a statement of compensation to be paid for the study and testimony in this case.

Whinstone reserves the right to have Mr. Peters supplement his expert report should the Court permit SBI to supplement its initial expert reports.

2. <u>Jeff Matthews</u>

Mr. Matthews can be reached through Whinstone's counsel.

Mr. Matthews is expected to rebut the amount of SBI's alleged damages, including the calculation thereof.

Attached hereto as Exhibit 2 is a true and correct of Mr. Matthews' rebuttal report, respectively, including (a) a complete statement of his opinions as well as the basis and reasons for those opinions; (b) the facts or data considered by Mr. Matthews in formulating his opinions; (c) exhibits used to summarize or support his opinions; (d) his qualifications; (e) a list of cases in which he has testified at deposition or trial within the last four years; and, (f) a statement of compensation to be paid for the study and testimony in this case.

Whinstone reserves the right to have Mr. Matthews supplement his expert report should the Court permit SBI to supplement its initial expert reports.

3. <u>Karen Rayment</u>

Ms. Rayment can be reached through Whinstone's counsel.

Ms. Rayment is expected to testify in rebuttal concerning SBI's claims that SBI's miners' deficient performance was a result of Whinstone's conduct, including that Whinstone's cryptocurrency mining facility in Rockdale, Texas was improperly designed.

Attached hereto as Exhibit 3 is a true and correct of Ms. Rayment's rebuttal report, respectively, including (a) a complete statement of his opinions as well as the basis and reasons for those opinions; (b) the facts or data considered by Ms. Rayment in formulating her opinions; (c) exhibits used to summarize or support her opinions; (d) her qualifications; (e) a list of cases in which she has testified at deposition or trial within the last four years; and, (f) a statement of compensation to be paid for the study and testimony in this case.

Whinstone reserves the right to have Ms. Rayment supplement her expert report should the Court permit SBI to supplement its initial expert reports.

**B.    <u>Non-Retained Experts</u>**

Whinstone anticipates that the following non-retained expert will testify at trial regarding the subject matter and facts set forth below.

1. <u>Robert Slovak</u>

Mr. Slovak is expected testify to those matters discussed in Whinstone's expert disclosure dated March 28, 2025, and supplements the cases over the last four years in which he has offered an expert opinion on attorneys' fees to include:

- *RCL Track Services, LLC v. Ferrion, LLC,* Case No. 1:22-cv02833-MLB, in the United States District Court for the Northern District of Georgia.

C.   **Reservations**

Whinstone reserves the right to supplement this designation upon additional discovery and depositions occurring after the disclosure deadline, including if SBI is permitted to supplement any of its expert reports.

Whinstone reserves the right to supplement this designation with additional designations of expert witnesses pursuant to the Federal Rules of Civil Procedure, any Court order, and the Local Court Rules, including, but not limited to, rebuttal experts as necessary.

Without conceding their expertise or qualifications to testify at this time, Whinstone reserves the right to elicit opinion testimony from experts designated by SBI.

Whinstone reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot be reasonably foreseen until the presentation of evidence.

Whinstone reserves the right to withdraw the designation of any expert and to aver positively that any such previously-designated expert will not be called as a witness at trial, and to re-designate the same as a consulting expert, who cannot be called by opposing counsel.

Whinstone reserves the right to elicit any expert opinion or lay testimony at the time of trial which would be of benefit to the Court to determine the material issues of fact and which would not be violative of any existing Court order, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

Without conceding their expertise or qualifications to testify at this time, Whinstone hereby designates adverse parties, potentially adverse parties, and/or all witnesses associated with adverse parties, all witnesses who were deposed in this suit, all parties to this suit, and all experts designated by any party to this suit, even if the designated party is not a party to this suit at the time of trial. In the event a present or future party designates any expert but then is dismissed for any reason from the suit or fails to call any designated expert, Whinstone reserves the right to designate and/or

call any such party or any such experts previously designated by any party.

Whinstone reserves whatever additional rights it may have with regard to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing the same, and the rulings of this Court.

DATED: July 18, 2025

Respectfully submitted:

*/s/ Brandon C. Marx*
Robert T. Slovak (TX 24013523)
Brandon C. Marx (TX 24098046)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
rslovak@foley.com
bmarx@foley.com

**COUNSEL TO WHINSTONE US, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 18, 2025, a true and correct copy of the above and foregoing document was served via email to counsel for SBI.

*/s/ Brandon C. Marx*
Brandon C. Marx