IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD.,<br><br>   Plaintiff,<br><br>   v.<br><br>WHINSTONE US, INC.,<br><br>   Defendant. | Civil Action No. 6:23-cv-252 |

**DEFENDANT WHINSTONE US, INC.'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF SBI CRYPTO CO., LTD.'S RESPONSE TO WHINSTONE US INC.'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT EVIDENCE**

Defendant Whinstone US, Inc. ("Whinstone") objects to and moves to strike the below summary judgment evidence that Plaintiff SBI Crypto Co., Ltd. ("SBI") seeks to introduce in support of its Response to Whinstone US Inc.'s Motion for Summary Judgment and Brief in Support ("Response") (ECF No. 206).

### I. LEGAL GROUNDS FOR OBJECTIONS

To be considered by the Court, summary judgment evidence must be specifically cited and admissible at trial. Fed. R. Civ. Proc. 56(c); *Flores v. Harris*, No. CV H-17-3817, 2019 WL 1426313, at *6 (S.D. Tex. Mar. 29, 2019) ("'In the Fifth Circuit, it is well settled that 'the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to trial.'"); *State Farm Life Ins. Co. v. Truc*, No. 3:96-CV-2909, 1997 WL 325985, at *2 n.3 (N.D. Tex. June 6, 1997) ("While it is true that summary judgment evidence need not be in 'a form that would be admissible at trial,' the evidence must consist of facts that would be admissible in evidence at trial.") (citations omitted). Accordingly, a party may object to, and move to strike, any of the opposing party's evidence that would not be admissible at trial. *See, e.g., CFS*

*Forming Structures Co., Inc. v. Flintco, Inc.*, No. A-07-CA-973-LY, 2009 WL 10669698, at *2 (W.D. Tex. Feb. 19, 2009).

### A. Evidence Must Be Authenticated

To be admissible into evidence, documents must be authenticated or identified "to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

### B. Absent an Exception, Hearsay Is Inadmissible.

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is inadmissible unless allowed by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

### C. The "Best Evidence" Rule Requires the Underlying Document to Prove Its Contents.

The "best evidence" rule requires the original or duplicate of a document to prove the contents of that document. Fed. R. Evid. 1002-1003. "The elementary wisdom of the best evidence rule rests on the fact that the document [itself] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description [of it]. . ." *Gordon v. United States*, 344 U.S. 414, 421 (1953). "[T]he rule is a mechanism to prevent fraud or mistransmission of information, *i.e.*, to ensure accuracy." *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997).

### D. Conclusory Statements, Conjecture, and Legal Conclusions Are Not Competent Summary Judgment Evidence.

A movant cannot rely upon unsubstantiated allegations and conclusory assertions—there must be admissible evidence introduced to support the same. *See, e.g. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object . . . is not to replace conclusory allegations of the

complaint . . . with conclusory allegations of an affidavit."); *see also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[C]onclusory assertions cannot be used in an affidavit on summary judgment."). Likewise, legal conclusions and statements not based in personal knowledge are inadmissible. Fed. R. Evid. 602, 704; *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018).

## II. OBJECTIONS AND MOTION TO STRIKE

Whinstone objects to the following Response exhibits and moves to strike as follows:

**A.    Objection No. 1:**

Whinstone objects to Response Exhibit 2 because the cited testimony on pages 97-98 is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the parties agreed when entering into the hosting agreement ("Hosting Agreement") for the Rockdale, Texas facility ("Facility") that the prior hosting agreement for Pyote, Texas ("Pyote Hosting Agreement") "replace[d]" and "terminated" the Pyote Hosting Agreement after Whinstone disclosed to SBI that the location in Pyote was not able to be acquired. Resp. Ex. 1 § 21.

Whinstone also objects to Response Exhibit 2 because the cited testimony on pages 148 and 149 asked the witness (*i.e.*, Chad Harris) to answer a hypothetical and speculate as to what another witness (*i.e.*, Lyle Theriot) in the case purportedly testified and is without foundation. *See* Fed. R. Evid. 602 (requiring a lay witness to testify "if evidence is introduced to support a finding that the witness has personal knowledge of the matter"). SBI should be citing Lyle Theriot's alleged testimony instead.

**B.    Objection No. 2:**

Whinstone objects to Response Exhibit 3 because the cited testimony on Page 201 contains

facts not in evidence and is without foundation. SBI must first establish that the Facility's designs included exhaust fans, a predicate that has not been established by SBI's Response evidence. As offered by SBI, the cited testimony is misleading and does not support SBI's statements, namely because Lyle Theriot testified he did not think the Rockdale design ever included exhaust fans.

### C.     Objection No. 3:

Whinstone objects to Response Exhibit 4 because the cited testimony on pages 26-27 and 29 is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the parties agreed when entering into the Hosting Agreement for the Facility that the Pyote Hosting Agreement "replace[d]" and "terminated" the Pyote Hosting Agreement. Resp. Ex. 1 § 21. And SBI has not pled a claim for breach of the Pyote Hosting Agreement or fraudulent inducement concerning the same. *See generally* Am. Compl. (Jul. 6, 2023). Consequently, whatever happened with the unsuccessful attempt to purchase the facility in Pyote, Texas or the Pyote Hosting Agreement is irrelevant to whether Whinstone breached or fraudulently induced SBI to enter into the Hosting Agreement.

### D.     Objection No. 4:

Whinstone objects to Response Exhibit 5 because the testimony on pages 345-347 because the witness' testimony concerning the purported existence, amount, and frequency of dust at the Facility is without foundation, not based on personal knowledge, and is simply speculation—as admitted by the fact he testified he had only been to the Facility during the pendency of SBI's operations once in June 2021. *See* Fed. R. Evid. 602; Response Ex. 5 at 345:19-346:1.

### E.     Objection No. 5:

Whinstone objects to Response Exhibit 6 because the testimony cited on pages 301-03 was

non-responsive to the question asked, to which it was objected. Additionally, as offered by SBI, the cited testimony is misleading and does not support SBI's statements, particularly as Chad and Ashton Harris are not even mentioned in the testimony.

    F.    **Objection No. 6:**

Whinstone objects to Response Exhibit 7 because the testimony cited on pages 88-89 and 91-92 as containing inadmissible hearsay for which there is no valid exception, violating the best evidence rule, lacking foundation, and being offered without personal knowledge, to which Whinstone invokes the rule of optional completeness. *See* Fed. R. Evid. 106, 602, 801-02, 1002-03. Specifically, Nick Vitalis was not seconded to SBI as an employee until the "summer of 2023," could not recall participating in any SBI board meetings prior to that time, and did not have any involvement with whatever SBI cryptocurrency retention policies existed in 2019-2021—so he cannot testify about what SBI's alleged retention policies with respect to cryptocurrency were during the time SBI operated at the Facility. N. Vitalis Dep. Tr. (Jul. 7, 2025) at 12:2-8, 91:15-93:17, attached as Exhibit A. Moreover, Vitalis attempting to relay whatever alleged SBI board meeting minutes exist for the truth of the matter asserted is impermissible hearsay and violates the best evidence rule. *Id*. SBI should be attempting to offer the alleged SBI board minutes into evidence.

    G.    **Objection No. 7:**

Whinstone objects to Response Exhibit 9 because the testimony cited on pages 65-67 is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the testimony concerns the due diligence phase of Riot Platform's ("Riot") acquisition of Whinstone—*i.e.*, the testimony does not concern whether Whinstone fraudulently induced SBI into entering

into the Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023) (ECF No. 11); *Heatcraft Refrigeration Products LLC v. Freezing Equip. Co.*, LLC, No. 3:20-CV-1689-L, 2022 WL 975611, at *4, 7-9 (N.D. Tex. Mar. 31, 2022) (striking new breach of contract claim raised in response to summary judgment on "new 'locked out' theory" that was not pled) (Lindsay, J.); *see also, cf.*, *Galyean v. Guinn*, No. 4:21-CV-1287-BJ, 2023 WL 4938098, at *2 (N.D. Tex. July 7, 2023) (granting motion in limine prohibiting "any argument, mention, or exhibit to the jury, in any manner, any item of evidence relating to any unpled theory of contract formation or property ownership").

### H. Objection No. 8:

Whinstone objects to Response Exhibit 10 because the cited testimony on pages 130-31, 145-47, and 216-17 is non-responsive to the question asked, to which it was objected.

Whinstone also objects to the entire exhibit because the cited testimony therein is inadmissible for the reasons and authority cited in Whinstone's Motion to Strike the Expert Opinions of Michael Schuler (Oct. 31, 2025) (ECF No. 125) and Reply in Support of Its Motion to Strike the Expert Opinions of Michael Schuler (Nov. 21, 2025) (ECF No. 162), which are incorporated by reference herein.

### I. Objection No. 9:

Whinstone objects to Response Exhibit 11 because the cited testimony cited on pages 204-05 and 212-14 constitutes inadmissible hearsay for which there is no valid exception and violates the best evidence rule. Fed. R. Evid. 801-02, 1002-03. Valentine cannot testify as to the truth of the matter for any alleged statements by Nick Vitalis in his deposition, which is reflected in that transcript. Additionally, Valentine's spreadsheet is the best evidence of what Valentine actually calculated—not his after-the-fact attempts to revise the spreadsheet's calculations.

Whinstone also objects to the entire exhibit because the cited testimony therein is inadmissible for the reasons and authority cited in Whinstone's Motion to Strike the Expert Opinions of Randall Valentine (Nov. 7, 2025) (ECF No. 136), Reply in Support of Its Motion to Strike the Expert Opinions of Randall Valentine (ECF No. 182), and Motion to Strike Plaintiff SBI Crypto Co., Ltd.'s Declaration of Dr. Randall Valentine in Support of Plaintiff's Response to Defendant's Motion to Strike Dr. Valentine and Randall Valentine Deposition Exhibit No. 52 (Dec. 1, 2025) (ECF No. 183), including any reply in support of the same, which are incorporated by reference herein.

J.    **Objection No. 10:**

Whinstone objects to Response Exhibit 12 because Valentine's untimely declaration is inadmissible for the reasons and authority cited in Whinstone's Motion to Strike the Expert Opinions of Randall Valentine (Nov. 7, 2025) (ECF No. 136), Reply in Support of Its Motion to Strike the Expert Opinions of Randall Valentine (ECF No. 182), and Motion to Strike Plaintiff SBI Crypto Co., Ltd.'s Declaration of Dr. Randall Valentine in Support of Plaintiff's Response to Defendant's Motion to Strike Dr. Valentine and Randall Valentine Deposition Exhibit No. 52 (Dec. 1, 2025) (ECF No. 183), including any reply in support of the same, which are incorporated by reference herein.

K.    **Objection No. 11:**

Whinstone objects to Response Exhibit 13 because the document constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02. *E.g.*, *Trinseo, S.A. v. Harper*, No. 4:20-CV-0478, 2023 WL 8283186, at *2 (S.D. Tex. Nov. 30, 2023) ("[An expert report] is a discovery tool, but it is not testimony—it is hearsay. Absent agreement by all parties, no expert

reports will be admitted at trial."). Additionally, the document is not relevant as it is not cited in the Response. Fed. R. Evid. 401-02.

Whinstone also objects to the exhibit because Valentine's expert report is inadmissible for the reasons and authority cited in Whinstone's Motion to Strike the Expert Opinions of Randall Valentine (Nov. 7, 2025) (ECF No. 136), Reply in Support of Its Motion to Strike the Expert Opinions of Randall Valentine (ECF No. 182), and Motion to Strike Plaintiff SBI Crypto Co., Ltd.'s Declaration of Dr. Randall Valentine in Support of Plaintiff's Response to Defendant's Motion to Strike Dr. Valentine and Randall Valentine Deposition Exhibit No. 52 (Dec. 1, 2025) (ECF No. 183), including any reply in support of the same, which are incorporated by reference herein.

L.     **Objection No. 12:**

Whinstone objects to Response Exhibit 15 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statement) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain and attachment concerning contract negotiations regarding the initially proposed Pyote, Texas location—*i.e.*, the documents do not concern whether Whinstone fraudulently induced SBI into entering the Hosting Agreement or breached the same. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra & Moore, Ltd., LLP v. Cantu*, No. 7:11-CV-299, 2017 WL 6444413, at *8 (S.D. Tex. July 25, 2017) ("The parol evidence rule prohibits the admission of extrinsic evidence to vary or explain the terms or contradict the legal

effect of an unambiguous written instrument in the absence of a showing of fraud, accident, or mistake in its preparation."), *aff'd sub nom. matter of Cantu*, 720 Fed. Appx. 713 (5th Cir. 2018).

### M.  Objection No. 13:

Whinstone objects to Response Exhibit 16 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the parties agreed when entering into the Hosting Agreement for the "Facility" and agreed that the Pyote Hosting Agreement "replace[d]" and "terminated" the Pyote Hosting Agreement after Whinstone disclosed to SBI that the location in Pyote was not able to be acquired. Resp. Ex. 1 § 21. And SBI has not pled a claim for breach of the Pyote Hosting Agreement or fraudulent inducement concerning the same. *See generally* Am. Compl. (Jul. 6, 2023). Exhibit 16 is an email that discusses the unsuccessful attempt to close on the Pyote location. Consequently, whatever happened with the unsuccessful attempt to purchase the facility in Pyote or the Pyote Hosting Agreement is irrelevant to whether Whinstone breached or fraudulently induced SBI to enter into the Hosting Agreement.

### N.  Objection No. 14:

Whinstone objects to Response Exhibit 17 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the parties agreed when entering into the Hosting Agreement for the "Facility" and agreed that the Pyote Hosting Agreement "replace[d]" and "terminated" the Pyote Hosting Agreement after Whinstone disclosed to SBI that the location in Pyote was not able to be acquired. Resp. Ex. 1 § 21. And SBI has not pled a claim for breach of the Pyote Hosting Agreement or fraudulent inducement concerning the same. *See generally* Am. Compl. (Jul. 6, 2023). Exhibit 17 is the Pyote Hosting Agreement.

Consequently, whatever happened with the unsuccessful attempt to purchase the facility in Pyote or the Pyote Hosting Agreement is irrelevant to whether Whinstone breached or fraudulently induced SBI to enter into the Hosting Agreement.

O. **Objection No. 15:**

Whinstone objects to Response Exhibit 18 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the exhibit is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is an email chain discussing an SBI visit to Texas—*i.e.*, the email chain does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached that agreement.

P. **Objection No. 16:**

Whinstone objects to Response Exhibit 19 because the document contains inadmissible hearsay of a third-party (*i.e.*, Tim Formaz). Fed. R. Evid. 801-02. Additionally, the document is irrelevant as it is not cited in the Response. Fed. R. Evid. 401-02.

Q. **Objection No. 17:**

Whinstone objects to Response Exhibit 20 because the document is not authenticated and constitutes inadmissible hearsay. Fed. R. Evid. 801-02, 901; *e.g.*, *Klocke v. Watson*, No. 22-10348, 2023 WL 2823060, at *7 (5th Cir. Apr. 7, 2023) (affirming exclusion of written interview notes). Additionally, the exhibit is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the exhibit is a document titled "Whinstone Trip Report" that was drafted by SBI after its visit to Rockdale, Texas—*i.e.*, the exhibit does not concern whether

Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached that agreement. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

      R.      **Objection No. 18:**

Whinstone objects to Response Exhibit 21 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the parties agreed when entering into the Hosting Agreement for the "Facility" and agreed that the Pyote Hosting Agreement "replace[d]" and "terminated" the Pyote Hosting Agreement after Whinstone disclosed to SBI that the location in Pyote was not able to be acquired. Resp. Ex. 1 § 21. And SBI has not pled a claim for breach of the Pyote Hosting Agreement or fraudulent inducement concerning the same. *See generally* Am. Compl. (Jul. 6, 2023). The exhibit concerns an unsuccessful attempt to acquire a location in Pyote, Texas and identifies the Facility as a potential alternative location—*i.e.*, the email does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the same. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

      S.      **Objection No. 19:**

Whinstone objects to Response Exhibit 22 because the document is not authenticated and

constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email chain concerns draft terms for the Hosting Agreement—*i.e.*, the email does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the same. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

  T.  **Objection No. 20:**

Whinstone objects to Response Exhibit 24 because it contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email chain and attachment concern a draft mark-up of the Hosting Agreement—*i.e.*, the documents do not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the same. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

  U.  **Objection No. 21:**

Whinstone objects to Response Exhibit 25 because it contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the

document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email concerns proposed changes to the Hosting Agreement's terms—*i.e.*, the email does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the same. Further, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

V. **Objection No. 22:**

Whinstone objects to Response Exhibit 26 because the last page of the exhibit is not authenticated and constitutes inadmissible hearsay for which there is no exception. Fed. R. Evid. 801-02, 901.

W. **Objection No. 23:**

Whinstone objects to Response Exhibit 29 because the document is not authenticated (*i.e.*, produced by a third-party) and constitutes inadmissible hearsay (*i.e.*, third-party statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the messages, in large part, concern the mining operations of another company (*i.e.*, GMO) that Whinstone hosted in another building at the Facility—*i.e.*, the messages do not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the agreement. Indeed, Judge Manske already ruled that SBI's attempts to discover information regarding other companies' operations at the Facility was overbroad and

irrelevant. *E.g.*, Order (Oct. 15, 2024) (sustaining Whinstone's relevance and overbreadth objections and limiting SBI's discovery to Building B (where SBI's miners operated) except for discovery related to Building A during June 2020 only and the amount of power available at the Facility prior to the Hosting Agreement's execution) (ECF No. 55).

### X.   Objection No. 24:

Whinstone objects to Response Exhibit 30 because the document constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email and attachment concern another company's mining operations (*i.e.*, GMO) at the Facility—*i.e.*, the documents do not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or whether Whinstone breached the agreement. Indeed, Judge Manske already ruled that SBI's attempts to discover information regarding other companies' operations at the Facility was overbroad and irrelevant. *E.g.*, Order (Oct. 15, 2024).

### Y.   Objection No. 25:

Whinstone objects to Response Exhibit 33 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the email and attachment concern Riot's due diligence during its acquisition of Whinstone, which post-dated the Hosting Agreement—*i.e.*, the email and attachment do not concern whether Whinstone fraudulently induced SBI into entering into the

Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

    **Z.**    **Objection No. 26:**

Whinstone objects to Response Exhibit 34 because the document is not authenticated. Fed. R. Evid. 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the document concerns Riot's due diligence during its acquisition of Whinstone—*i.e.*, the document does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

    **AA.**    **Objection No. 27:**

Whinstone objects to Response Exhibit 35 because the document contains inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the document concerns available electrical capacity at the Facility—*i.e.*, the document does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

    **BB.**    **Objection No. 28:**

Whinstone objects to Response Exhibit 37 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R.

Evid. 801-02, 901. Additionally, the attachment to the exhibit is comprised of legal conclusions and statements made without personal knowledge (*i.e.*, speculation) and lacks foundation.

**CC.     Objection No. 29:**

Whinstone objects to Response Exhibit 41 because the document is not authenticated and constitutes inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

**DD.     Objection No. 30:**

Whinstone objects to Response Exhibit 42 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901.

**EE.     Objection No. 31:**

Whinstone objects to Response Exhibit 43 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

**FF.     Objection No. 32:**

Whinstone objects to Response Exhibit 44 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the

parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

### GG.  Objection No. 33:

Whinstone objects to Response Exhibit 45 because the document is not authenticated and contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

### HH.  Objection No. 34:

Whinstone objects to Response Exhibit 47 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the document concerns Riot's acquisition of Whinstone and an April 2021 invoice—*i.e.*, the document does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

### II.  Objection No. 35:

Whinstone objects to Response Exhibit 48 because the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the document concerns Riot's acquisition of Whinstone—*i.e.*, the document does not concern whether

Whinstone fraudulently induced SBI into entering into the Hosting Agreement or any pled breach of contract claim (*i.e.*, there is no claim for wrongful termination of the Hosting Agreement). *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

### JJ.    Objection No. 36:

Whinstone objects to Response Exhibit 49 because the document is not authenticated and contains inadmissible hearsay for which there is no valid exception. Fed. R. Evid. 801-02, 901. Additionally, the document is not relevant as it has no tendency to make any claim or affirmative defense at-issue in the Response more or less probable than it would be without the exhibit. Fed. R. Evid. 401-02. Specifically, the document concerns available electrical capacity at the Facility—*i.e.*, the document does not concern whether Whinstone fraudulently induced SBI into entering into the Hosting Agreement or any pled breach of contract claim. *See generally* Am. Compl. (Jul. 7, 2023); *Heatcraft*, 2022 WL 975611, at *4, 7-9; *see also, cf.*, *Galyean*, 2023 WL 4938098, at *2.

### KK.    Objection No. 37:

Whinstone objects to Response Exhibit 51 because the document contains inadmissible hearsay (*i.e.*, SBI statements) for which there is no valid exception. Fed. R. Evid. 801-02. Additionally, Whinstone objects to the exhibit to the extent SBI seeks to use it in violation of the parol evidence rule—the Hosting Agreement contains an integration clause and is the final expression of the parties' agreement. *Guerra*, 2017 WL 6444413, at *8.

### III. CONCLUSION

Whinstone respectfully requests that the Court sustain Whinstone's objections and strike the evidence as requested herein. Whinstone further requests all such other relief to which it is entitled.

              Respectfully Submitted,

              FOLEY & LARDNER LLP

           By: */s/Robert T. Slovak*

              Robert T. Slovak
              Texas Bar No. 24013523
              rslovak@foley.com
              Steven C. Lockhart
              Texas Bar No. 24036981
              slockhart@foley.com
              J. Michael Thomas
              Texas Bar No. 24066812
              jmthomas@foley.com
              Brandon C. Marx
              Texas Bar No. 24098046
              bmarx@foley.com
              2021 McKinney Avenue, Suite 1600
              Dallas, Texas 75201
              Telephone: (214) 999-3000
              Facsimile: (214) 999-4667

              **ATTORNEYS FOR DEFENDANT**
              **WHINSTONE US., INC.**

### CERTIFICATE OF SERVICE

  I hereby certify that on December 12, 2025, a copy of the foregoing document was filed electronically and a notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

              */s/Brandon C. Marx*
              Brandon C. Marx