# EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SBI CRYPTO CO., LTD.,<br><br>       Plaintiff,<br><br>   v.<br><br>WHINSTONE US, INC.,<br><br>       Defendant. | No. 6:23-CV-252 |

# Agreed Jury Charge - Requested

**Instruction No. 1[1]**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

[5th Cir. PJC Civil Cases 2020 - 3.1]

---

[1] Whinstone will serve its objections to this jury charge in compliance the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases.

2

**Instruction No. 2**
**[burden of proof]**

Unless otherwise instructed, Plaintiff SBI Crypto Co. Ltd. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff SBI Crypto Co., Ltd., has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

[5th Circuit PJC Civil Cases 2020, 3.2]

Texas PJC 115.37B (noting that to obtain exemplary damages, plaintiff must prove fraud by "clear and convincing evidence").

**Instruction No. 3**
**[evidence]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

[5th Circuit PJC Civil Cases 2020, 3.3]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[5th Circuit PJC Civil Cases 2020, 3.3]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

[5th Circuit PJC Civil Cases 2020, 2.13]

**Instruction No. 4**
**[witnesses]**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

[5th Circuit PJC Civil Cases 2020, 3.4]

**Instruction No. 5**
**[definitions]**

For the purposes of this Jury Charge, the following terms shall have the meanings given:

(a) "SBI' means Plaintiff SBI Crypto Co., Ltd.

(b) "Whinstone" means Defendant Whinstone US, Inc.

(c) "Contract" means the Hosting Service Agreement dated October 24, 2019, between SBI and Whinstone.

**Instruction No. 6**
**Breach of Contract**

To prevail on a claim for breach of contract under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

      The existence of a valid contract between the parties;

      Performance or tendered performance by the plaintiff;

      Breach of the contract by the defendant; and

      Damages sustained by the plaintiff as a result of the breach.

If you find that the plaintiff has proven all four elements, then you should find in favor of the plaintiff on the breach of contract claim. If the plaintiff has failed to prove any one of these elements, then you should find in favor of the defendant on this claim. Regarding damages, the normal measure of damages in a breach of contract case is the benefit of the bargain, the purpose of which is to restore the injured party to the economic position it would have been in had the contract been performed.

**SBI – Question No. 1**
**[breach of contract: liability]**

Did Whinstone fail to comply with the agreement / Contract after SBI's performance, or tender of performance, in any respect below?

Answer "Yes" or "No." as to each alleged breach of the Contract:

Answer: _____

**A.** Failed to comply with § 3.13.1's Ready for Use date:                    Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~                    Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:                    Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~                    Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:                    Answer: _____

**F.** Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:                    Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:                    Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:                    Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~                    Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:                    Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-five percent (98.35%) and no more than six (6) days of                    Answer: _____

8

planned downtime due to loss of power, construction, or network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within 1 hour and to report immediately to SBI when any unplanned event causes more than ten percent (10%) of equipment to go offline:                                                    Answer: _____

**M.** ~~Failed to respond within the required time:~~                    Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in §1.1 in a professional manner consistent with industry standards:        Answer: _____

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of the Contract to Riot Platforms, Inc.                               Answer: _____

[Texas Pattern Jury Charge 2024, 101.2]

**Instruction No. 7**
**[fraud]**

To prevail on a claim for fraud under Texas law, the plaintiff must prove each of the following elements:

1)  that a material representation was made;

2)  the representation was false;

3)  when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;

4)  the speaker made the representation with the intent that the other party should act upon it;

5)  the party acted in justifiable reliance on the representation; and

6)  the party thereby suffered injury proximately caused by that reliance.

If you find that SBI has proven all six elements, then you should find in favor of SBI on the fraudulent inducement claim. If SBI has failed to prove any one of these elements, then you should find in favor of Whinstone on this claim.

In deciding whether reliance was justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party. *Nat'l Prop. Holdings LP v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations. *JPMorgan Chase Bank v. Orca Assets GP LLC*, 546 S.W.3d 648, 654 (Tex. 2018).

See generally Texas PJC 105.2 comment. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (holding that fraud requires *justifiable* reliance); *JPMorgan Chase Bank, N.A. v. Orca Assets GP LLC*, 546 S.W.3d 648, 653 (Tex. 2018) (same).

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him

10

would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 337-38 (Tex. 2011).

**SBI – Question No. 2**
**[fraud]**

Did Whinstone commit fraud against SBI?

Answer "Yes" or "No."          Answer: _____

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:          Answer:_____

**B.** that building or other permits were not required with regard to providing services:          Answer:_____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):          Answer:_____

**D.** that Whinstone would use the same design as the proposed Pyote facility:          Answer:_____

**E.** that the Rockdale facility would utilize dust filters:          Answer:_____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:          Answer:_____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:          Answer:_____

**H.** that SBI's miners were defective:          Answer:_____

[Texas Pattern Jury Charge 2024, 105.1]

12

## Instruction No. 8
### [fraudulent inducement]

To prevail on a claim for fraudulent inducement under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) that a material representation was made;

2) the representation was false;

3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;

4) the speaker made the representation with the intent that the other party should act upon it;

5) the party acted in justifiable reliance on the representation; and

6) the party thereby suffered injury proximately caused by that reliance.

If you find that SBI has proven all six elements, then you should find in favor of SBI on the fraudulent inducement claim. If SBI has failed to prove any one of these elements, then you should find in favor of Whinstone on this claim.

In deciding whether reliance is justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party. *Nat'l Prop. Holdings LP v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations. *JPMorgan Chase Bank v. Orca Assets GP LLC*, 546 S.W.3d 648, 654 (Tex. 2018).

See generally Texas PJC 105.2 comment. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (holding that fraud requires *justifiable* reliance); *JPMorgan Chase Bank, N.A. v. Orca Assets GP LLC*, 546 S.W.3d 648, 653 (Tex. 2018) (same).

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him

would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 337-38 (Tex. 2011).

**SBI – Question No. 3**
**[fraudulent inducement]**

Did Whinstone fraudulently induce SBI to enter into the Contract?

Answer "Yes" or "No."

Answer: _____

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:    Answer: _____

**B.** that building or other permits were not required with regard to providing services:    Answer: _____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):    Answer: _____

**D.** that Whinstone would use the same design as the proposed Pyote facility:    Answer: _____

**E.** that the Rockdale facility would utilize dust filters:    Answer: _____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:    Answer: _____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:    Answer: _____

**H.** that SBI's miners were defective:    Answer: _____

**Instruction No. 9**
**[fraud by nondisclosure]**

To prevail on a claim for fraud by nondisclosure under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) Defendant knew or concealed a material fact;

2) Defendant knew that plaintiff was ignorant of the material fact and did not have an equal opportunity to discover it;

3) Defendant had a duty to disclose the material fact;

4) Defendant failed to disclose the material fact;

5) Defendant intended to induce plaintiff to enter into the transaction by failing to disclose the material fact;

6) Plaintiff justifiably relied on defendant's nondisclosure; and

7) The nondisclosure caused injury to plaintiff proximately caused by that reliance.

Active concealment of material facts may also be as actionable as false statements. Campbell v. Booth, 526 S.W.2d 167, 172 (Tex. App.--Dallas 1975, writ ref'd n.r.e.). PJC 105.4 element 1 may need to be modified to include concealment. See GXG, Inc. v. Texacal Oil & Gas, 977 S.W.2d 403, 409 (Tex. App.--Cor-pus Christi-Edinburg 1998, pet. denied); Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC, 572 S.W.3d 213, 219–20 (Tex. 2019). (elements of fraud by non-disclosure).

In deciding whether reliance was justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party. *Nat'l Prop. Holdings LP v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations. *JPMorgan Chase Bank v. Orca Assets GP LLC*, 546 S.W.3d 648, 654 (Tex. 2018).

16

See generally Texas PJC 105.2 comment. See *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (holding that fraud requires justifiable reliance); *JPMorgan Chase Bank, N.A. v. Orca Assets GP LLC*, 546 S.W.3d 648, 653 (Tex. 2018) (same).

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 337-38 (Tex. 2011).

As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information. Whether such a duty exists is a question of law. Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship. *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 562 (Tex. 2019). However, a duty to disclose may also arise when (1) a party voluntarily discloses partial information but fails to disclose the whole truth, (2) a party makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue, or (3) a party makes a partial disclosure and conveys a false impression. *See, e.g., CLC Roofing, Inc. v. Helzer*, 594 S.W.3d 414, 424 (Tex. App.--Fort Worth 2019, no pet.); *Columbia/HCA Healthcare Corp. v. Cottey*, 72 S.W.3d 735, 744-45 (Tex. App.--Waco 2002, no pet.); Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 212-13 (Tex. App.--Houston [14th Dist.] 2001, pet. denied); Lesikar v. Rappeport, 33 S.W.3d 282, 299 (Tex. App.--Texarkana 2000, pet. denied).

In an arm's length transaction, the party alleging fraud must have exercised ordinary care to protect its own interests and cannot blindly rely on the defendant's reputation, representations, or conduct where the plaintiff's knowledge, experience, and background warrant investigation. *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 563 (Tex. 2019).

17

**SBI – Question No. 4**
**[fraud by nondisclosure]**

Did Whinstone commit fraud by failing to disclose a material fact to SBI?

Answer "Yes" or "No."        Answer: _____

Answer "Yes" or "No" as to each alleged failure to disclose a material fact:

**A.** that SBI's equipment was suffering from overheating:        Answer:_____

**B.** inadequate airflow, excessive heat, and other environmental        Answer:_____
conditions at the Rockdale Facility:

**C.** that Whinstone would not be able deliver 50 MW of power        Answer:_____
for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU
Date")):

18

**Instruction No. 10**
**[damages]**

If you find that Defendant is liable to Plaintiff SBI Crypto Co., Ltd., then you must determine an amount that is fair compensation for all of Plaintiff SBI Crypto Co., Ltd.'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff SBI Crypto Co., Ltd. whole—that is, to compensate Plaintiff SBI Crypto Co., Ltd. for the damage that it has suffered. Compensatory damages are not limited to expenses that Plaintiff SBI Crypto Co., Ltd. may have incurred because of its injury. If Plaintiff SBI Crypto Co., Ltd. wins, it is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that it has suffered because of Defendant Whinstone US, Inc.'s wrongful conduct. You may award compensatory damages only for injuries that Plaintiff SBI Crypto Co., Ltd. proves were proximately caused by Defendant Whinstone US, Inc.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff SBI Crypto Co., Ltd.'s damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff SBI Crypto Co., Ltd. has actually suffered or that Plaintiff SBI Crypto Co., Ltd. is reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff SBI Crypto Co., Ltd. prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

[5th Circuit PJC Civil Cases 2020, 15.2]

Plaintiff SBI Crypto Co., Ltd. claims damages for the loss of value to its property. If you find that Plaintiff SBI Crypto Co., Ltd. suffered a total loss of its property, Plaintiff SBI Crypto Co., Ltd. is entitled to recover the fair market value of the property at the time of the incident forming the basis of this lawsuit. If you find that Plaintiff SBI Crypto Co., Ltd. suffered less than a total loss of that property, then the measure of that damage is the difference between the fair market value of the property immediately before the incident forming the basis of the law suit and the fair market value immediately after the incident forming the basis of this lawsuit. You may award as damages an amount equal to the cost of restoring the property to its condition before the incident forming the basis of this lawsuit. You also may take into consideration any loss Plaintiff SBI Crypto Co., Ltd. sustained by being deprived of the use of the property during the time required for its repair/ replacement.]

[5th Circuit PJC Civil Cases 2020, 15.4]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any. Texas PJC 115.20.

19

**SBI – Question No. 5**
**[breach of contract: damages]**

If you answered "Yes" to Question ▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided). See Texas PJC 115.4.

Answer: _____

If you answered "Yes" to Question 1(A):     Answer: _____

~~If you answered "Yes" to Question 1(B):     Answer: _____~~

If you answered "Yes" to Question 1(C):     Answer: _____

~~If you answered "Yes" to Question 1(D):     Answer: _____~~

If you answered "Yes" to Question 1(E):     Answer: _____

If you answered "Yes" to Question 1(F):     Answer: _____

If you answered "Yes" to Question 1(G):     Answer: _____

If you answered "Yes" to Question 1(H):     Answer: _____

~~If you answered "Yes" to Question 1(I):     Answer: _____~~

If you answered "Yes" to Question 1(J):     Answer: _____

If you answered "Yes" to Question 1(K):     Answer: _____

If you answered "Yes" to Question 1(L):     Answer: _____

~~If you answered "Yes" to Question 1(M):     Answer: _____~~

If you answered "Yes" to Question 1(N):     Answer: _____

If you answered "Yes" to Question 1(O):     Answer: _____

2.  Out of pocket expenses sustained in the past.

Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4.  Property damage sustained in the past as a natural, probable, and foreseeable consequence of the failure to provide the hosting services promised. See Texas PJC 115.5.

Answer: _____

If you answered "Yes" to Question 1(A):     Answer: _____

~~If you answered "Yes" to Question 1(B):     Answer: _____~~

If you answered "Yes" to Question 1(C):     Answer: _____

~~If you answered "Yes" to Question 1(D):     Answer: _____~~

If you answered "Yes" to Question 1(E):     Answer: _____

If you answered "Yes" to Question 1(F):     Answer: _____

If you answered "Yes" to Question 1(G):     Answer: _____

If you answered "Yes" to Question 1(H):     Answer: _____

~~If you answered "Yes" to Question 1(I):     Answer: _____~~

If you answered "Yes" to Question 1(J):     Answer: _____

If you answered "Yes" to Question 1(K):     Answer: _____

If you answered "Yes" to Question 1(L):     Answer: _____

21

~~If you answered "Yes" to Question 1(M):    Answer: _____~~

If you answered "Yes" to Question 1(N):    Answer: _____

If you answered "Yes" to Question 1(O):    Answer: _____

[Texas Pattern Jury Charge 2024, 115.3, 115.4, and 115.5]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Texas PJC 115.3.

Do not include in your answer any amount that you find SBI could have avoided by the exercise of reasonable care.

State Bar of Texas, Texas Pattern Jury Charge 115.8 (2024)

**SBI – Question No. 6**
**[fraud damages]**

If you answered "Yes" to Question ▢▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI for its damages, if any, that that were proximately caused by such fraud?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraud?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided). See Texas PJC 115.4.

Answer: _____

If you answered "Yes" to Question 2(A):    Answer: _____

If you answered "Yes" to Question 2(B):    Answer: _____

If you answered "Yes" to Question 2(C):    Answer: _____

If you answered "Yes" to Question 2(D):    Answer: _____

If you answered "Yes" to Question 2(E):    Answer: _____

If you answered "Yes" to Question 2(F):    Answer: _____

If you answered "Yes" to Question 2(G):    Answer: _____

If you answered "Yes" to Question 2(H):    Answer: _____

2.  Out of pocket expenses sustained in the past. The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

Answer: _____

If you answered "Yes" to Question 2(A):    Answer: _____

If you answered "Yes" to Question 2(B):    Answer: _____

If you answered "Yes" to Question 2(C):    Answer: _____

If you answered "Yes" to Question 2(D):    Answer: _____

If you answered "Yes" to Question 2(E):    Answer: _____

If you answered "Yes" to Question 2(F):    Answer: _____

If you answered "Yes" to Question 2(G):    Answer: _____

If you answered "Yes" to Question 2(H):    Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

24

4.  Property damage sustained in the past.

Answer: _____

[Texas Pattern Jury Charge 2024, 115.3, 115.4, and 115.5]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

**SBI – Question No. 7**
**[fraudulent inducement damages]**

If you answered "Yes" to Question ▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraudulent inducement?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided). See Texas PJC 115.4.

Answer: _____

If you answered "Yes" to Question 3(A):     Answer: _____

If you answered "Yes" to Question 3(B):     Answer: _____

If you answered "Yes" to Question 3(C):     Answer: _____

If you answered "Yes" to Question 3(D):     Answer: _____

If you answered "Yes" to Question 3(E):     Answer: _____

If you answered "Yes" to Question 3(F):     Answer: _____

If you answered "Yes" to Question 3(G):     Answer: _____

26

If you answered "Yes" to Question 3(H):     Answer: _____

2.  **Out of pocket expenses sustained in the past.** The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

Answer: _____

If you answered "Yes" to Question 3(A):     Answer: _____

If you answered "Yes" to Question 3(B):     Answer: _____

If you answered "Yes" to Question 3(C):     Answer: _____

If you answered "Yes" to Question 3(D):     Answer: _____

If you answered "Yes" to Question 3(E):     Answer: _____

If you answered "Yes" to Question 3(F):     Answer: _____

If you answered "Yes" to Question 3(G):     Answer: _____

If you answered "Yes" to Question 3(H):     Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4.  Property damage sustained in the past.

Answer: _____

[Texas Pattern Jury Charge 2024, 115.3, 115.4, and 115.5]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

**SBI – Question No. 8**
**[fraud by nondisclosure]**

If you answered "Yes" to Question ☐, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraud by nondisclosure?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided). See Texas PJC 115.4.

Answer: _____

If you answered "Yes" to Question 4(A):     Answer: _____

If you answered "Yes" to Question 4(B):     Answer: _____

If you answered "Yes" to Question 4(C):     Answer: _____

2.  Out of pocket expenses sustained in the past. The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

Answer: _____

If you answered "Yes" to Question 4(A):     Answer: _____

If you answered "Yes" to Question 4(B):    Answer: _____

If you answered "Yes" to Question 4(C):    Answer: _____

3. Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4. Property damage sustained in the past.

Answer: _____

[Texas Pattern Jury Charge 2024, 115.3, 115.4, and 115.5]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Texas PJC 100.13 (2024).

29

**Instruction No. 11**
**[exemplary damages]**

If you find that Defendant Whinstone US, Inc. is liable for Plaintiff SBI Crypto Co., Ltd.'s injuries, you must award Plaintiff SBI Crypto Co., Ltd. the compensatory damages that it has proved. You may, in addition, award punitive damages if you find that Defendant Whinstone US, Inc. committed fraud.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff SBI Crypto Co., Ltd. has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Whinstone US, Inc.'s misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. [5th Circuit PJC Civil Cases 2020, 15.7]

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment. Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong;

2. The character of the conduct involved;

3. The degree of culpability of the defendant;

4. The situation and sensibilities of the parties concerned;

5. The extent to which such conduct offends a public sense of justice and propriety; and

6. The net worth of the defendant.

You must unanimously agree on the amount of any award of exemplary damages.

Texas PJC 115.38 (2024).

**SBI – Question No. 9**
**[exemplary damages: fraud]**

If you answered "Yes" to Question ███, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ███?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."        Answer: _____

[Texas Pattern Jury Charge 2024, 115.37]

**SBI – Question No. 10**
**[exemplary damages: fraudulent inducement]**

If you answered "Yes" to  Question ⬛, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ⬛?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."          Answer: _____

[Texas Pattern Jury Charge 2024, 115.37]

**SBI – Question No. 11**
**[exemplary damages: fraud by nondisclosure]**

If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ___?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."        Answer: _____

[Texas Pattern Jury Charge 2024, 115.37]

**SBI – Question No 12**
**[exemplary damages: amount]**

If you answered "Yes" to either Question �juin, Question ▢, or Question ▢, then answer the following question. Otherwise, do not answer the following question. You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Whinstone and awarded to SBI as exemplary damages, if any, for the conduct found in response to either Question ▢, ▢, or ▢?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

The nature of the wrong;

The character of the conduct involved;

The degree of culpability of Whinstone;

The situation and sensibilities of the parties concerned;

The extent to which such conduct offends a public sense of justice and propriety; and

The net worth of Whinstone.

You must unanimously agree on the amount of any award of exemplary damages.

Texas PJC 115.38 (2024).


If you answered "Yes" to any part of Questions 2(A-H), Questions 3(A-H), or Questions 4(A-C), then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any of the fraud found by you in response to any part of Questions 2(A-H), Questions 3(A-H), or Questions 4(A-C)?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."     Answer: _____

[Texas Pattern Jury Charge 2024, 115.37]


If you answered "Yes" to Question No. 12(i) above, answer the following question. Otherwise, do not answer the following question.

(ii) What sum of money, if any, if paid now in cash, should be assessed against Whinstone and awarded to SBI as exemplary damages, if any, for the conduct that you have found in response to Question No. 12(i)?

You must unanimously agree on the amount of any award of exemplary damages.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of Whinstone.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of Whinstone.

Answer in dollars and cents, if any.   Answer: $_____

State Bar of Texas, Texas Pattern Jury Charge 115.38 (2024)

**Instruction No. 12**
**[duty to deliberate]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

[5th Circuit PJC Civil Cases 2020, 3.7]

**Whinstone - Question No. 1a**
**[contract: formation]**

Did SBI and Whinstone agree that in exchange for Whinstone [paying / returning to] SBI the sums of $7,293,888.27 in July 2021 and $236,129.12 in March 2021, SBI would [consider that the parties had resolved / release] all legal claims [between them relating to that agreement / against Whinstone and agree not to sue Whinstone in the future]?

Answer "Yes" or "No."        Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 101.1 (2024)

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

State Bar of Texas, Texas Pattern Jury Charge 101.9 (2024)

"Surrounding circumstances" include the commercial or other setting in which the contract was negotiated and facts that give a context to the transaction between the parties.

State Bar of Texas, Texas Pattern Jury Charge 101.9 cmt (2024) (quoting *Houston Expl. Co. v. Wellington Underwriting Agencies*, 352 S.W.3d 462, 469 (Tex. 2011)).

It is well-established Texas law that a settlement agreement must clearly identify the claims being released. *Victoria Bank & Tr. Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991) ("Even if the claims exist when the release is executed, any claims not clearly within the subject matter of the release are not discharged."); *see also Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 855 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("We will not rewrite their settlement agreement to release claims not mentioned.").

37

**Whinstone - Question No. 1b**
**[contract: liability]**

If you answered "Yes" in response to Question No. 1a, then answer the following question. Otherwise, do not answer the following question.

By filing this lawsuit, did SBI fail to comply with the agreement [that you found in response to Question No. 1a]?

Answer "Yes" or "No."       Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 101.2 (2024)

**Whinstone – Question No. 2a**
**[fraud: liability]**

Did SBI commit fraud against Whinstone / fraudulently induce Whinstone to enter into the agreement, if any, that you found in response to Question No. 1a?

Fraud occurs when—

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

(i) a false statement of fact, or

(ii) a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

Answer "Yes" or "No."      Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 105.1, 105.2, 105.3A, 105.3B, (2024)

**Whinstone – Question No. 2b**
**[fraud : exemplary damages (liability)]**

Answer this question only if you have unanimously answered "Yes" in response to Question No. 2a. Otherwise, do not answer this question.

To answer "Yes" to this question, your answer must be unanimous. You may answer "No" to this question only upon a vote of ten or more jurors. Otherwise, you must not answer this question.

Do you find by clear and convincing evidence that the harm to Whinstone resulted from fraud by SBI?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."          Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 115.37B (2024)

**Whinstone – Question No. 2c**
**[fraud: exemplary damages (amount)]**

Answer this question only if you have unanimously answered "Yes" in response to Question 2c. Otherwise, do not answer this question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against SBI and awarded to Whinstone as exemplary damages, if any, for the conduct you found in response to Question 2c?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of SBI.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of SBI.

Answer in dollars and cents, if any.   Answer: $_____

State Bar of Texas, Texas Pattern Jury Charge 115.38 (2024)

**Whinstone – Question No. 3a**
**[contract: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged breach:

**A.** Failed to comply with § 3.13.1's Ready for Use date:                          Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~                          Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:                          Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~                          Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure  the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:                          Answer: _____

**F.**   Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:                          Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:                          Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:                          Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~                          Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:                          Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-five percent (98.35%) and no more than six (6) days of                          Answer: _____

42

planned downtime due to loss of power, construction, or network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within 1 hour and to report immediately to SBI when any unplanned event causes more than ten percent (10%) of equipment to go offline:                                           Answer: _____

**M.** ~~Failed to respond within the required time:~~                    Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in §1.1 in a professional manner consistent with industry standards:       Answer: _____

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of the Contract to Riot Platforms, Inc.                                      Answer: _____

Hosting Service Agreement § 8.11.

Substantial compliance with any written notice provision is sufficient.

*See* Texas Pattern Jury Charge 101.33 (*citing James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 405 (Tex. 2022)); *Austin Shuler's Best Lawns, Inc. v. M. Shapiro Mgmt. Co. LLC*, No. 1:23-CV-1394-RP, 2025 WL 1952090, at *3 (W.D. Tex. July 7, 2025) (citing *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 406 (Tex. 2022)).

**Whinstone – Question No. 4a**
**[contract defense: waiver]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if compliance is waived by SBI.

Waiver is intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."      Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 101.7, 101.20 (2024)

**Whinstone – Question No. 4b**
**[contract defense: equitable estoppel]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if the following circumstances occurred:

1.  SBI

    a.  by words or conducts made a false representation or concealed material facts, and
    b.  with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and
    c.  with the intention that Whinstone would rely on the false representation or concealment in acting or deciding not to act; and

2.  Whinstone

    a.  did not know and had no means of knowing the real facts and
    b.  relied to its detriment on the false representations or concealment of material facts.

Answer "Yes" or "No."        Answer: _____

State Bar of Texas, Texas Pattern Jury Charge 101.7, 101.22 & comment (2024)

**Whinstone – Question No. 4c**
**[contract defense: fraud]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if Whinstone was fraudulently induced to enter into the Contract.

Fraudulent inducement to enter into an agreement occurs when—

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

State Bar of Texas, Texas Pattern Jury Charge 101.31 (2024)

"Misrepresentation" means— (i) a false statement of fact, or (ii) a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

State Bar of Texas, Texas Pattern Jury Charge 105.3A & 105.3B (2024)

Answer "Yes" or "No."                    Answer: _____

**Whinstone – Question No. 4d**
**[contract defense: limitation of liability]**

Stated in dollars and cents, what is the amount of the aggregate charges payable by SMI to Whinstone under the Contract in the twelve-month period immediately prior to the date on which the breach of Contract occurred?

Answer in dollars and cents for each breach of Contract below that you have found in response to Question No. _____[contract liability question]:

**A.** Failed to comply with § 3.13.1's Ready for Use date:          Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~          Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:          Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~          Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:          Answer: _____

**F.** Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:          Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:          Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:          Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~          Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:          Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-          Answer: _____

47

five percent (98.35%) and no more than six (6) days of planned downtime due to loss of power, construction, or network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within 1 hour and to report immediately to SBI when any unplanned event causes more than ten percent (10%) of equipment to go offline:

Answer: _____

**M.** ~~Failed to respond within the required time:~~

Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in §1.1 in a professional manner consistent with industry standards:

Answer: _____

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of the Contract to Riot Platforms, Inc.

Answer: _____

Hosting Service Agreement § 8.6.

Stated in dollar and cents, what is the amount of aggregate charges payable by SBI to Whinstone in the twelve-month period immediately prior to the date on which the breach of contract occurred?

If the breach of contract occurred within the first twelve months of the Agreement, what is the annualized amount of charges payable by the date of breach?

Answer: _____

Hosting Service Agreement § 8.6.

**Whinstone – Instruction No. 4e**
**[contract defense: mitigation]**

Do not include in your answer any amount that you find SBI could have avoided by the exercise of reasonable care.

State Bar of Texas, Texas Pattern Jury Charge 115.8 (2024)

**Whinstone – Question No. 5a(i)**
**[fraud: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:          Answer: _____

**B.** that building or other permits were not required with regard to providing services:          Answer: _____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):          Answer: _____

**D.** that Whinstone would use the same design as the proposed Pyote facility:          Answer: _____

**E.** that the Rockdale facility would utilize dust filters:          Answer: _____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:          Answer: _____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:          Answer: _____

**H.** that SBI's miners were defective:          Answer: _____

Hosting Service Agreement § 8.11.

50

**Whinstone – Question No. 5a(ii)**
**[fraudulent inducement: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:                    Answer: _____

**B.** that building or other permits were not required with regard to providing services:                    Answer: _____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):                    Answer: _____

**D.** that Whinstone would use the same design as the proposed Pyote facility:                    Answer: _____

**E.** that the Rockdale facility would utilize dust filters:                    Answer: _____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:                    Answer: _____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:                    Answer: _____

**H.** that SBI's miners were defective:                    Answer: _____

Hosting Service Agreement § 8.11.

**Whinstone – Question No. 5a(iii)**
**[fraud by nondisclosure: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged nondisclosure:

**A.** that SBI's equipment was suffering from overheating:          Answer: _____

**B.** inadequate airflow, excessive heat, and other environmental          Answer: _____
conditions at the Rockdale Facility:

**C.** that Whinstone would not be able deliver 50 MW of power          Answer: _____
for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU
Date")):

Hosting Service Agreement § 8.11.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SBI CRYPTO CO., LTD.,

       Plaintiff,

     v.                                                        No. 6:23-CV-252

WHINSTONE US, INC.,

       Defendant.

# Agreed Jury Charge – Charge and Interrogatories

## Instruction No. 1

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Instruction No. 2**
**[burden of proof]**

Unless otherwise instructed, Plaintiff SBI Crypto Co. Ltd. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff SBI Crypto Co., Ltd., has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

**Instruction No. 3**
**[evidence]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Instruction No. 4**
**[witnesses]**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

5

**Instruction No. 5**
**[definitions]**

For the purposes of this Jury Charge, the following terms shall have the meanings given:

(a) "SBI' means Plaintiff SBI Crypto Co., Ltd.

(b) "Whinstone" means Defendant Whinstone US, Inc.

(c) "Contract" means the Hosting Service Agreement dated October 24, 2019, between SBI and Whinstone.

**Instruction No. 6**
**Breach of Contract**

To prevail on a claim for breach of contract under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

The existence of a valid contract between the parties;

Performance or tendered performance by the plaintiff;

Breach of the contract by the defendant; and

Damages sustained by the plaintiff as a result of the breach.

If you find that the plaintiff has proven all four elements, then you should find in favor of the plaintiff on the breach of contract claim. If the plaintiff has failed to prove any one of these elements, then you should find in favor of the defendant on this claim. Regarding damages, the normal measure of damages in a breach of contract case is the benefit of the bargain, the purpose of which is to restore the injured party to the economic position it would have been in had the contract been performed.

**SBI – Question No. 1**
**[breach of contract: liability]**

Did Whinstone fail to comply with the agreement / Contract after SBI's performance, or tender of performance, in any respect below?

Answer "Yes" or "No." as to each alleged breach of the Contract:

Answer: _____

**A.** Failed to comply with § 3.13.1's Ready for Use date:                    Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~                    Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:                    Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~                    Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure  the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:                    Answer: _____

**F.**  Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:                    Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:                    Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:                    Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~                    Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:                    Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-five percent (98.35%) and no more than six (6) days of                    Answer: _____

8

planned downtime due to loss of power, construction, or
network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within       Answer: _____
1 hour and to report immediately to SBI when any unplanned
event causes more than ten percent (10%) of equipment to go
offline:

**M.** ~~Failed to respond within the required time:~~       Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in       Answer: _____
§1.1 in a professional manner consistent with industry standards:

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of       Answer: _____
the Contract to Riot Platforms, Inc.

[

**Instruction No. 7**
**[fraud]**

To prevail on a claim for fraud under Texas law, the plaintiff must prove each of the following elements:

    1)  that a material representation was made;

    2)  the representation was false;

    3)  when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;

    4)  the speaker made the representation with the intent that the other party should act upon it;

    5)  the party acted in justifiable reliance on the representation; and

    6)  the party thereby suffered injury proximately caused by that reliance.

If you find that SBI has proven all six elements, then you should find in favor of SBI on the fraudulent inducement claim. If SBI has failed to prove any one of these elements, then you should find in favor of Whinstone on this claim.

In deciding whether reliance was justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted.

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim.

10

11

**SBI – Question No. 2**
**[fraud]**

Did Whinstone commit fraud against SBI?

Answer "Yes" or "No."        Answer: _____

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:        Answer:_____

**B.** that building or other permits were not required with regard to providing services:        Answer:_____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):        Answer:_____

**D.** that Whinstone would use the same design as the proposed Pyote facility:        Answer:_____

**E.** that the Rockdale facility would utilize dust filters:        Answer:_____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:        Answer:_____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:        Answer:_____

**H.** that SBI's miners were defective:        Answer:_____

12

## Instruction No. 8
## [fraudulent inducement]

To prevail on a claim for fraudulent inducement under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) that a material representation was made;

2) the representation was false;

3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;

4) the speaker made the representation with the intent that the other party should act upon it;

5) the party acted in justifiable reliance on the representation; and

6) the party thereby suffered injury proximately caused by that reliance.

If you find that SBI has proven all six elements, then you should find in favor of SBI on the fraudulent inducement claim. If SBI has failed to prove any one of these elements, then you should find in favor of Whinstone on this claim.

In deciding whether reliance is justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted.

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim.

13

14

**SBI – Question No. 3**
**[fraudulent inducement]**

Did Whinstone fraudulently induce SBI to enter into the Contract?

Answer "Yes" or "No."

Answer: _____

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.**  that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:                    Answer: _____

**B.**  that building or other permits were not required with regard to providing services:                    Answer: _____

**C.**  that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):                    Answer: _____

**D.**  that Whinstone would use the same design as the proposed Pyote facility:                    Answer: _____

**E.** that the Rockdale facility would utilize dust filters:                    Answer: _____

**F.**  that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:                    Answer: _____

**G.**  that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:                    Answer: _____

**H.**  that SBI's miners were defective:                    Answer: _____

15

**Instruction No. 9**
**[fraud by nondisclosure]**

To prevail on a claim for fraud by nondisclosure under Texas law, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) Defendant knew or concealed a material fact;

2) Defendant knew that plaintiff was ignorant of the material fact and did not have an equal opportunity to discover it;

3) Defendant had a duty to disclose the material fact;

4) Defendant failed to disclose the material fact;

5) Defendant intended to induce plaintiff to enter into the transaction by failing to disclose the material fact;

6) Plaintiff justifiably relied on defendant's nondisclosure; and

7) The nondisclosure caused injury to plaintiff proximately caused by that reliance.

Active concealment of material facts may also be as actionable as false statements.

In deciding whether reliance was justifiable, you must determine whether, given SBI's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there was actual reliance by SBI. SBI may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted.

In an arm's-length transaction, the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.

When a party fails to exercise such diligence, it is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated. That party cannot blindly rely on a representation by a defendant where the party's knowledge, experience, and background warrant investigation into any representations before the party acts in reliance upon those representations.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

16

A material representation is one that a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question. Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud claim.

As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information. Whether such a duty exists is a question of law. Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship. However, a duty to disclose may also arise when (1) a party voluntarily discloses partial information but fails to disclose the whole truth, (2) a party makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue, or (3) a party makes a partial disclosure and conveys a false impression.

In an arm's length transaction, the party alleging fraud must have exercised ordinary care to protect its own interests and cannot blindly rely on the defendant's reputation, representations, or conduct where the plaintiff's knowledge, experience, and background warrant investigation.

17

**SBI – Question No. 4**
**[fraud by nondisclosure]**

Did Whinstone commit fraud by failing to disclose a material fact to SBI?

Answer "Yes" or "No."        Answer: _____

Answer "Yes" or "No" as to each alleged failure to disclose a material fact:

**A.** that SBI's equipment was suffering from overheating:                    Answer:_____

**B.** inadequate airflow, excessive heat, and other environmental                    Answer:_____
conditions at the Rockdale Facility:

**C.** that Whinstone would not be able deliver 50 MW of power                    Answer:_____
for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU
Date")):

**Instruction No. 10**
**[damages]**

If you find that Defendant is liable to Plaintiff SBI Crypto Co., Ltd., then you must determine an amount that is fair compensation for all of Plaintiff SBI Crypto Co., Ltd.'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff SBI Crypto Co., Ltd. whole—that is, to compensate Plaintiff SBI Crypto Co., Ltd. for the damage that it has suffered. Compensatory damages are not limited to expenses that Plaintiff SBI Crypto Co., Ltd. may have incurred because of its injury. If Plaintiff SBI Crypto Co., Ltd. wins, it is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that it has suffered because of Defendant Whinstone US, Inc.'s wrongful conduct. You may award compensatory damages only for injuries that Plaintiff SBI Crypto Co., Ltd. proves were proximately caused by Defendant Whinstone US, Inc.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff SBI Crypto Co., Ltd.'s damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff SBI Crypto Co., Ltd. has actually suffered or that Plaintiff SBI Crypto Co., Ltd. is reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff SBI Crypto Co., Ltd. prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Plaintiff SBI Crypto Co., Ltd. claims damages for the loss of value to its property. If you find that Plaintiff SBI Crypto Co., Ltd. suffered a total loss of its property, Plaintiff SBI Crypto Co., Ltd. is entitled to recover the fair market value of the property at the time of the incident forming the basis of this lawsuit. If you find that Plaintiff SBI Crypto Co., Ltd. suffered less than a total loss of that property, then the measure of that damage is the difference between the fair market value of the property immediately before the incident forming the basis of the law suit and the fair market value immediately after the incident forming the basis of this lawsuit. You may award as damages an amount equal to the cost of restoring the property to its condition before the incident forming the basis of this lawsuit. You also may take into consideration any loss Plaintiff SBI Crypto Co., Ltd. sustained by being deprived of the use of the property during the time required for its repair/replacement.]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

**SBI – Question No. 5**
**[breach of contract: damages]**

If you answered "Yes" to Question ▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided).

Answer: _____

If you answered "Yes" to Question 1(A):    Answer: _____

If you answered "Yes" to Question 1(B):    Answer: _____

If you answered "Yes" to Question 1(C):    Answer: _____

If you answered "Yes" to Question 1(D):    Answer: _____

If you answered "Yes" to Question 1(E):    Answer: _____

If you answered "Yes" to Question 1(F):    Answer: _____

If you answered "Yes" to Question 1(G):    Answer: _____

20

If you answered "Yes" to Question 1(H):    Answer: _____

~~If you answered "Yes" to Question 1(I):    Answer: _____~~

If you answered "Yes" to Question 1(J):    Answer: _____

If you answered "Yes" to Question 1(K):    Answer: _____

If you answered "Yes" to Question 1(L):    Answer: _____

~~If you answered "Yes" to Question 1(M):    Answer: _____~~

If you answered "Yes" to Question 1(N):    Answer: _____

If you answered "Yes" to Question 1(O):    Answer: _____

2.  Out of pocket expenses sustained in the past.

Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4.  Property damage sustained in the past as a natural, probable, and foreseeable consequence of the failure to provide the hosting services promised.

Answer: _____

If you answered "Yes" to Question 1(A):    Answer: _____

~~If you answered "Yes" to Question 1(B):    Answer: _____~~

If you answered "Yes" to Question 1(C):    Answer: _____

~~If you answered "Yes" to Question 1(D):    Answer: _____~~

If you answered "Yes" to Question 1(E):    Answer: _____

If you answered "Yes" to Question 1(F):    Answer: _____

If you answered "Yes" to Question 1(G):    Answer: _____

If you answered "Yes" to Question 1(H):    Answer: _____

~~If you answered "Yes" to Question 1(I):    Answer: _____~~

If you answered "Yes" to Question 1(J):    Answer: _____

If you answered "Yes" to Question 1(K):    Answer: _____

If you answered "Yes" to Question 1(L):    Answer: _____

If you answered "Yes" to Question 1(M):    Answer: _____

If you answered "Yes" to Question 1(N):    Answer: _____

If you answered "Yes" to Question 1(O):    Answer: _____

]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Do not include in your answer any amount that you find SBI could have avoided by the exercise of reasonable care.

**SBI – Question No. 6**
**[fraud damages]**

If you answered "Yes" to Question ▢▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI for its damages, if any, that that were proximately caused by such fraud?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses If you answered "Yes" to Question ___, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraud?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

23

Answer separately in dollars and cents for damages, if any.

1. **Loss of the benefit of the bargain sustained in the past.** The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided). See Texas PJC 115.4.

Answer: _____

If you answered "Yes" to Question 2(A):    Answer: _____

If you answered "Yes" to Question 2(B):    Answer: _____

If you answered "Yes" to Question 2(C):    Answer: _____

If you answered "Yes" to Question 2(D):    Answer: _____

If you answered "Yes" to Question 2(E):    Answer: _____

If you answered "Yes" to Question 2(F):    Answer: _____

If you answered "Yes" to Question 2(G):    Answer: _____

If you answered "Yes" to Question 2(H):    Answer: _____

2. **Out of pocket expenses sustained in the past.** The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction.

Answer: _____

If you answered "Yes" to Question 2(A):    Answer: _____

If you answered "Yes" to Question 2(B):    Answer: _____

If you answered "Yes" to Question 2(C):    Answer: _____

If you answered "Yes" to Question 2(D):    Answer: _____

If you answered "Yes" to Question 2(E):    Answer: _____

If you answered "Yes" to Question 2(F):    Answer: _____

If you answered "Yes" to Question 2(G):    Answer: _____

If you answered "Yes" to Question 2(H):    Answer: _____

3. **Out of pocket expenses that, in reasonable probability, will be sustained in the future.**

Answer: _____

24

4.  Property damage sustained in the past.

Answer: _____

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**SBI – Question No. 7**
**[fraudulent inducement damages]**

If you answered "Yes" to Question ▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraudulent inducement?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided).

Answer: _____

If you answered "Yes" to Question 3(A):    Answer: _____

If you answered "Yes" to Question 3(B):    Answer: _____

If you answered "Yes" to Question 3(C):    Answer: _____

If you answered "Yes" to Question 3(D):    Answer: _____

If you answered "Yes" to Question 3(E):    Answer: _____

If you answered "Yes" to Question 3(F):    Answer: _____

If you answered "Yes" to Question 3(G):    Answer: _____

If you answered "Yes" to Question 3(H):    Answer: _____

2.  Out of pocket expenses sustained in the past. The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction.

Answer: _____

If you answered "Yes" to Question 3(A):    Answer: _____

If you answered "Yes" to Question 3(B):    Answer: _____

If you answered "Yes" to Question 3(C):    Answer: _____

If you answered "Yes" to Question 3(D):    Answer: _____

If you answered "Yes" to Question 3(E):    Answer: _____

If you answered "Yes" to Question 3(F):    Answer: _____

If you answered "Yes" to Question 3(G):    Answer: _____

If you answered "Yes" to Question 3(H):    Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4.  Property damage sustained in the past.

Answer: _____

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**SBI – Question No. 8**
**[fraud by nondisclosure]**

If you answered "Yes" to Question ▢, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate SBI Crypto Co., Ltd. for its damages, if any, that that were proximately caused by such fraud by nondisclosure?

Consider the following elements of damages, if any, and none other.

Sample A--Loss of the benefit of the bargain

The damages caused by Whinstone's acts and/or omissions in the delay utilization, failure and/or underperformance of SBI's miners; that is, the net monetary value of the bitcoin that SBI would have made but for Whinstone's conduct. This includes the number of bitcoin SBI should have reasonably expected to have mined minus the number of bitcoin SBI actually mined at the Whinstone Facility.

Sample B—Out of pocket expenses

The expenses incurred in reliance on Whinstone's acts and/or omissions. This includes the cost for miners, power supply units, and payments to Whinstone.

Sample C—Property damage

The damage to SBI's Cryptocurrency Mining Equipment as a result of Whinstone's acts and/or omissions. This includes the loss of value to SBI's Cryptocurrency Mining Equipment, or the cost of replacing SBI's Cryptocurrency Mining Equipment.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Loss of the benefit of the bargain sustained in the past. The difference, if any, between the value of the hosting services promised and the value of the hosting services provided (at the time and place the services were provided).

Answer: _____

If you answered "Yes" to Question 4(A):     Answer: _____

If you answered "Yes" to Question 4(B):     Answer: _____

If you answered "Yes" to Question 4(C):     Answer: _____

2.  Out of pocket expenses sustained in the past. The difference between value that SBI lost in its reliance on the fraud and the value SBI received in the transaction.

Answer: _____

If you answered "Yes" to Question 4(A):     Answer: _____

If you answered "Yes" to Question 4(B):     Answer: _____

28

If you answered "Yes" to Question 4(C):    Answer: _____

3.  Out of pocket expenses that, in reasonable probability, will be sustained in the future.

Answer: _____

4.  Property damage sustained in the past.

Answer: _____

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**Instruction No. 11**
**[exemplary damages]**

If you find that Defendant Whinstone US, Inc. is liable for Plaintiff SBI Crypto Co., Ltd.'s injuries, you must award Plaintiff SBI Crypto Co., Ltd. the compensatory damages that it has proved. You may, in addition, award punitive damages if you find that Defendant Whinstone US, Inc. committed fraud.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff SBI Crypto Co., Ltd. has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Whinstone US, Inc.'s misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment. Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong;

2. The character of the conduct involved;

3. The degree of culpability of the defendant;

4. The situation and sensibilities of the parties concerned;

5. The extent to which such conduct offends a public sense of justice and propriety; and

6. The net worth of the defendant.

You must unanimously agree on the amount of any award of exemplary damages.

30

**SBI – Question No. 9**
**[exemplary damages: fraud]**

If you answered "Yes" to Question ⬚, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ⬚?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."     Answer: _____

31

**SBI – Question No. 10**
**[exemplary damages: fraudulent inducement]**

If you answered "Yes" to  Question ▢▢, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ▢▢?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."          Answer: _____

32

**SBI – Question No. 11**
**[exemplary damages: fraud by nondisclosure]**

If you answered "Yes" to Question ▮▮, then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any fraud found by you in response to Question ▮▮?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."        Answer: _____

**SBI – Question No 12**
**[exemplary damages: amount]**

If you answered "Yes" to either Question ⬚, Question ⬚, or Question ⬚, then answer the following question. Otherwise, do not answer the following question. You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Whinstone and awarded to SBI as exemplary damages, if any, for the conduct found in response to either Question ⬚, ⬚, or ⬚?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

The nature of the wrong;

The character of the conduct involved;

The degree of culpability of Whinstone;

The situation and sensibilities of the parties concerned;

The extent to which such conduct offends a public sense of justice and propriety; and

The net worth of Whinstone.

You must unanimously agree on the amount of any award of exemplary damages.


If you answered "Yes" to any part of Questions 2(A-H), Questions 3(A-H), or Questions 4(A-C), then answer the following question. Otherwise, do not answer the following question.

(i) Do you find by clear and convincing evidence that the harm to SBI resulted from any of the fraud found by you in response to any part of Questions 2(A-H), Questions 3(A-H), or Questions 4(A-C)?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."    Answer: _____


If you answered "Yes" to Question No. 12(i) above, answer the following question. Otherwise, do not answer the following question.

(ii) What sum of money, if any, if paid now in cash, should be assessed against Whinstone and awarded to SBI as exemplary damages, if any, for the conduct that you have found in response to Question No. 12(i)?

You must unanimously agree on the amount of any award of exemplary damages.

34

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of Whinstone.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of Whinstone.

Answer in dollars and cents, if any.   Answer: $_____

35

**Instruction No. 12**
**[duty to deliberate]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

**Whinstone - Question No. 1a**
**[contract: formation]**

Did SBI and Whinstone agree that in exchange for Whinstone [paying / returning to] SBI the sums of $7,293,888.27 in July 2021 and $236,129.12 in March 2021, SBI would [consider that the parties had resolved / release] all legal claims [between them relating to that agreement / against Whinstone and agree not to sue Whinstone in the future]?

Answer "Yes" or "No."        Answer: _____

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

"Surrounding circumstances" include the commercial or other setting in which the contract was negotiated and facts that give a context to the transaction between the parties.

7

It is well-established Texas law that a settlement agreement must clearly identify the claims being released.

**Whinstone - Question No. 1b**
**[contract: liability]**

If you answered "Yes" in response to Question No. 1a, then answer the following question. Otherwise, do not answer the following question.

By filing this lawsuit, did SBI fail to comply with the agreement [that you found in response to Question No. 1a]?

Answer "Yes" or "No."        Answer: _____

**Whinstone – Question No. 2a**
**[fraud: liability]**

Did SBI commit fraud against Whinstone / fraudulently induce Whinstone to enter into the agreement, if any, that you found in response to Question No. 1a?

Fraud occurs when—

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

(i) a false statement of fact, or

(ii) a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

Answer "Yes" or "No."      Answer: _____

**Whinstone – Question No. 2b**
**[fraud : exemplary damages (liability)]**

Answer this question only if you have unanimously answered "Yes" in response to Question No. 2a. Otherwise, do not answer this question.

To answer "Yes" to this question, your answer must be unanimous. You may answer "No" to this question only upon a vote of ten or more jurors. Otherwise, you must not answer this question.

Do you find by clear and convincing evidence that the harm to Whinstone resulted from fraud by SBI?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No."          Answer: _____

7

40

**Whinstone – Question No. 2c**
**[fraud: exemplary damages (amount)]**

Answer this question only if you have unanimously answered "Yes" in response to Question 2c. Otherwise, do not answer this question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against SBI and awarded to Whinstone as exemplary damages, if any, for the conduct you found in response to Question 2c?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of SBI.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of SBI.

Answer in dollars and cents, if any.   Answer: $_____

**Whinstone – Question No. 3a**
**[contract: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged breach:

**A.** Failed to comply with § 3.13.1's Ready for Use date:                    Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~                    Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:                    Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~                    Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:                    Answer: _____

**F.** Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:                    Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:                    Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:                    Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~                    Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:                    Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-five percent (98.35%) and no more than six (6) days of                    Answer: _____

planned downtime due to loss of power, construction, or network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within 1 hour and to report immediately to SBI when any unplanned event causes more than ten percent (10%) of equipment to go offline:

Answer: _____

**M.** ~~Failed to respond within the required time:~~

Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in §1.1 in a professional manner consistent with industry standards:

Answer: _____

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of the Contract to Riot Platforms, Inc.

Answer: _____

Substantial compliance with any written notice provision is sufficient.

43

**Whinstone – Question No. 4a**
**[contract defense: waiver]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if compliance is waived by SBI.

Waiver is intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."     Answer: _____

**Whinstone – Question No. 4b**
**[contract defense: equitable estoppel]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if the following circumstances occurred:

1.  SBI

    a.  by words or conducts made a false representation or concealed material facts, and
    b.  with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and
    c.  with the intention that Whinstone would rely on the false representation or concealment in acting or deciding not to act; and

2.  Whinstone

    a.  did not know and had no means of knowing the real facts and
    b.  relied to its detriment on the false representations or concealment of material facts.

Answer "Yes" or "No."      Answer: _____

45

**Whinstone – Question No. 4c**
**[contract defense: fraud]**

Is Whinstone's failure to comply with the Contract excused?

Failure to comply by Whinstone is excused if Whinstone was fraudulently induced to enter into the Contract.

Fraudulent inducement to enter into an agreement occurs when—

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means— (i) a false statement of fact, or (ii) a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

Answer "Yes" or "No."                Answer: _____

46

**Whinstone – Question No. 4d**
**[contract defense: limitation of liability]**

Stated in dollars and cents, what is the amount of the aggregate charges payable by SMI to Whinstone under the Contract in the twelve-month period immediately prior to the date on which the breach of Contract occurred?

Answer in dollars and cents for each breach of Contract below that you have found in response to Question No. _____ [contract liability question]:

**A.** Failed to comply with § 3.13.1's Ready for Use date:          Answer: _____

**B.** ~~Failed to install intake and exhaust fans:~~          Answer: _____

**C.** Failed to comply with § 2.2.13.ii to make its best efforts to ensure filters are used in air the intake system of the facility and the air is free of dust and insects:          Answer: _____

**D.** ~~Failed install and/or operate evaporative curtains:~~          Answer: _____

**E.** Failed to comply with § 2.2.13.i to make its best efforts to ensure the average air intake temperature in not greater than 29 degrees Celsius by maintaining sufficient airflow, and using evaporative cooling:          Answer: _____

**F.** Failed to comply with § 4.6.7 to maintain an intake temperature of less than twenty-nine point five (29.5) degrees Celsius and to turn off machines that are overheating as soon as possible and report the issue to SBI:          Answer: _____

**G.** Failed to comply with its representation and warranty in § 2.1.5 that a stormwater permit is not required to provide Services to SBI under the Contract:          Answer: _____

**H.** Failed to comply with § 2.2.13.iii to make its best efforts to ensure dust or trash particles do not collect inside the SBI's equipment:          Answer: _____

**I.** ~~Failed to provide Advanced Smart Hands Service:~~          Answer: _____

**J.** Failed to comply with § 2.2.15 to provide reports of monthly power draw as measured from power consumption meters:          Answer: _____

**K.** Failed to comply with § 4.5.1 to maintain an uptime percentage (percentage of time to maintain uninterrupted performance of the total Customer Equipment) of nighty-eight point thirty-          Answer: _____

five percent (98.35%) and no more than six (6) days of planned downtime due to loss of power, construction, or network outage:

**L.** Failed to comply with § 4.3.5 to acknowledge and alert within 1 hour and to report immediately to SBI when any unplanned event causes more than ten percent (10%) of equipment to go offline:                                                    Answer: _____

**M.** ~~Failed to respond within the required time:~~                Answer: _____

**N.** Failed comply with § 8.2 to provide the Services as defined in §1.1 in a professional manner consistent with industry standards:     Answer: _____

**O.** Failed to comply with § 7 and § 1.1 by disclosing the terms of the Contract to Riot Platforms, Inc.                           Answer: _____

Stated in dollar and cents, what is the amount of aggregate charges payable by SBI to Whinstone in the twelve-month period immediately prior to the date on which the breach of contract occurred?

If the breach of contract occurred within the first twelve months of the Agreement, what is the annualized amount of charges payable by the date of breach?

Answer: _____

48

**Whinstone – Instruction No. 4e**
**[contract defense: mitigation]**

Do not include in your answer any amount that you find SBI could have avoided by the exercise of reasonable care.

**Whinstone – Question No. 5a(i)**
**[fraud: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:                    Answer: _____

**B.** that building or other permits were not required with regard to providing services:                    Answer: _____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):                    Answer: _____

**D.** that Whinstone would use the same design as the proposed Pyote facility:                    Answer: _____

**E.** that the Rockdale facility would utilize dust filters:                    Answer: _____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:                    Answer: _____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:                    Answer: _____

**H.** that SBI's miners were defective:                    Answer: _____

50

**Whinstone – Question No. 5a(ii)**
**[fraudulent inducement: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged misrepresentation:

**A.** that Whinstone had secured for commercial access up to one (1) gigawatt of aggregated electricity" for its Rockdale facility:            Answer: _____

**B.** that building or other permits were not required with regard to providing services:            Answer: _____

**C.** that Whinstone would deliver 50 MW of power for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU Date")):            Answer: _____

**D.** that Whinstone would use the same design as the proposed Pyote facility:            Answer: _____

**E.** that the Rockdale facility would utilize dust filters:            Answer: _____

**F.** that the Rockdale facility would utilize dust filters and maintain an intake temperature below 29.5 Celsius:            Answer: _____

**G.** that Whinstone would perform services under the Contract in a professional manner consistent with industry standards:            Answer: _____

**H.** that SBI's miners were defective:            Answer: _____

51

**Whinstone – Question No. 5a(iii)**
**[fraud by nondisclosure: condition precedent (contractual notice)]**

Did SBI give Whinstone written notice of its claim (in the manner the Contract required in Contract clauses 11.1 to 11.3) within twelve (12) months of becoming aware of the circumstances giving rise to the claim?

Answer "Yes" or "No" as to each alleged nondisclosure:

**A.** that SBI's equipment was suffering from overheating:          Answer:_____

**B.** inadequate airflow, excessive heat, and other environmental          Answer:_____
conditions at the Rockdale Facility:

**C.** that Whinstone would not be able deliver 50 MW of power          Answer:_____
for SBI's miners by December 15, 2019 (Ready-For-Use ("RFU
Date")):

Jury Foreperson's Initials: _____

Dated: _____

52